Scott J. Ferrell, Bar No. 202091
Lisa A. Wegner, Bar No. 209917
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
lwegner@calljensen.com

Attorneys for Defendant Marie Callender's Pie Shops, Inc. d.b.a. Marie Callender's #254

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP; PSS PARTNERS, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>　　　　Defendants. | Case No. 07-CV-2129 BTM (AJB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION**<br><br>*[Notice of Motion, Request for Judicial Notice and Appendix of Foreign Authorities filed concurrently herewith]*<br><br>Date: January 25, 2008<br>Time: 11:00 a.m.<br>Ctrm: 15<br><br>***Per Chambers, no oral argument unless required by the court.**<br><br>Complaint Filed: November 7, 2007<br>Trial Date: None Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Outerbridge Access Association ("Outerbridge") and Diane Cross's (collectively, "Plaintiffs") most recent lawsuit, one of nearly two dozen they have jointly filed in this District, has targeted an entire shopping center containing, among other things, a Marie Callender's restaurant located at 11122 Rancho Carmel Drive, San Diego, California ("Restaurant"). Plaintiffs have brought this most recent action on behalf of an entire putative class of mobility-impaired individuals with respect to every conceivable technical violation of the ADA, however *de minimis*, and regardless of whether or not Plaintiffs had actually visited the Restaurant or encountered any barriers to access there. (*See, e.g.* RJN Exh. 1, Compl. ¶ 36).

Despite Plaintiffs' litigious efforts, they have failed to establish even the minimal pleading requirements both for organizational standing under the ADA and for alleged barriers to access that could not possibly affect the nameless mobility-impaired individuals Outerbridge claims to represent. First, Plaintiffs have not and cannot establish organizational standing on behalf of Outerbridge because the organization itself has not suffered any alleged injury. Second, Plaintiffs also lack standing to seek relief under the ADA for any and all of the laundry list of generic purported barriers set forth in paragraph 36 of the Complaint such as storage, controls and operating mechanisms, alarms, drinking fountains and water coolers, detectable warnings and platform lifts that do not affect their purported disability (if any) and, in many cases, do not even exist at Marie Callender's in the first place.

Finally, the practice of pursuing state disability claims in the district court not only contravenes the intent of Congress to limit damage awards in ADA cases to actions brought by the Attorney General (*see* H.R. Rep. No. 101-485 (III), at 67 (1990) (reprinted in U.S.C.C.A.N. 445, 490 (action by attorney general seeking damages is

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

TRC01-08:328442_1:11-29-07                                  - 1 -                                  07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

appropriate if someone engages in a "pattern or practice of resistance to the full enjoyment of any of the rights granted by this title . . . .")), but, in the face of *Gunther v. Lin*, 50 Cal. Rptr. 317 (2006), clearly poses "novel or complex issues of state law" that are best suited for resolution within the state court system. *See, e.g., Cross v. Plaza Park Inv., L.P.*, 2007 WL 951772 * 6 (S.D. Cal. 2007). Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state disability claims.

## II. FACTUAL BACKGROUND

On or about November 7, 2007, Plaintiffs filed this Complaint against Marie Callender's and every other establishment within the same shopping center, seeking statutory damages and injunctive relief on behalf of Cross and other alleged members of Outerbridge for alleged ADA violations at the Restaurant. Cross, the only named Plaintiff, claims to be a wheelchair-bound individual residing in an unknown location. Plaintiff Outerbridge is an entity of unknown form whose primary (and likely only) purpose appears to be ADA litigation. (Compl. ¶ 12).

Plaintiffs' Complaint alleges causes of action under the ADA as well as state statutes based on a myriad of very generically alleged potential ADA violations throughout the shopping center, many of which they assert on belief rather than any personal knowledge. (*See* Compl. ¶ 36). Although Plaintiffs do not claim that any alleged barrier to access actually prevented or deterred them from enjoying their dining experience at the Restaurant, they nevertheless seek damages and injunctive relief based on these and other possible ADA violations. (Compl., Demand For Judgment For Relief). Plaintiffs do not even make an attempt to tailor the relief they seek to the remediation of barriers impacting wheelchair-bound individuals, as Cross purports to be. Instead, based on a list of potential architectural access issues, they seek to render the Court the de facto architect and master designer for the Restaurant.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

TRC01-08:328442_1:11-29-07                      - 2 -                      07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

## III. STANDARDS ON A MOTION TO DISMISS

### A. F.R.C.P. 12(b)(1)

When it is clear from the face of the complaint that a plaintiff cannot prove any set of facts in support of his claim of standing, the court must grant a motion to dismiss under F.R.C.P. 12(b)(1). *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)). "Standing is a jurisdictional limitation; it is 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Organization for the Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1125 (S.D. Cal. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

The burden of proof for a Rule 12(b)(1) motion to dismiss *is on the party asserting jurisdiction*. *Watson v. Chessman*, 362 F. Supp. 2d at 1194; *Access 123 v. Markey's Lobster Pool, Inc.*, 2001 WL 920051, at *4 (D.N.H. Aug. 14, 2001) ("Access 123 bears the burden of providing a sufficient factual basis for standing."). Standing is measured at the time the complaint is filed. *Small v. General Nutrition Cos.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)); *Access 4 All, Inc. v. Wintergreen Commercial Partnership*, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005) (efforts to bolster standing after the complaint is filed are "futile"). Standing cannot be inferred from the pleadings, but must affirmatively appear on the record. *Small*, 388 F. Supp. 2d at 87.

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), the United States Supreme Court developed a three-pronged test for standing. First, "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560-61. Second, there must be a causal connection between the injury and the conduct serving as the basis of the lawsuit. Third, it must be likely that the injury will be redressed by a favorable decision. *Id.* In the context of an

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

TRC01-08:328442_1:11-29-07    - 3 -    07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

ADA claim, "[t]he proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated." *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1078 (D. Haw. 2000) (citing *Doe v. National Board of Medical Examiners,* 199 F.3d 146, 153 (3d Cir. 1999)).

Finally, the plaintiff bears the burden of establishing subject matter jurisdiction such that "the court presumes lack of jurisdiction until plaintiff proves otherwise." California Practice Guide, Federal Civil Procedure Before Trial, ¶9:77 (Rutter Group 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)).

### B. F.R.C.P. 12(b)(6)

A motion to dismiss under F.R.C.P. 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is warranted where the complaint lacks a cognizable legal theory. *Id.*; *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.") Additionally, a claim may be dismissed where it presents a viable legal theory but the plaintiff fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. In ruling on a Rule 12(b)(6) motion, the court need not accept legal conclusions as true simply because they are asserted as factual contentions. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 340 (D.N.J. 2003).

### IV. PLAINTIFF OUTERBRIDGE ACCESS ASSOCIATION LACKS ORGANIZATIONAL STANDING

At face value, Outerbridge's claims, insofar as it seeks relief for any alleged injuries to the organization itself, are overreaching, violate immutable constitutional limitations on standing, and serve no other purpose than to justify Plaintiffs' transparent

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

TRC01-08:328442_1:11-29-07   - 4 -   07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

plan to seek substantial attorneys' fees and costs by filing a disability access suit against an entire shopping center (regardless of Plaintiffs' intentions to patronize any of the establishments therein). To this end, case law makes clear that such manufactured claims <u>do not and cannot satisfy Article III standing requirements</u> and, for this reason, should be dismissed. *Access 4 All, Inc. v. Wintergreen Comm'l P'ship*, 2005 WL 2989307 at *6 (N.D. Tex. 2005) (dismissing disability access organization's claims for lack of standing at outset of case; finding that allegation of injury "is not enough to articulate an 'invasion of a legally-protected interest' . . . affecting *itself* in its own right, rather than its members."); *Small v. General Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 98 (E.D.N.Y. 2005) (granting defendants' motion to dismiss disability organization for lack of standing, requiring organization to submit "affidavits from other [association] members stating the basis of their standing and identifying the stores where they encountered discrimination . . . . [indicating] that the affiant experienced discrimination at [defendants'] store before this suit was filed and would visit that store in the imminent future but for the barrier."); *see also Hill v. Park*, 2004 WL 180044 *5 (E.D. Pa. 2004) (ADI lacked organizational standing to bring ADA claim based on allegations nearly *identical* to the instant lawsuit).

> Outerbridge does not allege, and indeed it would belie common sense to believe, that the organization *itself* encountered discrimination at the Restaurant as the result of the purported barriers alleged in the Complaint. *See id.* at * 4 ("ADI, as an organization, clearly is not a disabled individual, and could not have suffered an injury in the sense that Hill has."); *see also Clark v. A.D.A. Access Today*, 255 F. Supp. 2d 334, 344 (D.N.J. 2003) ("ADAAT, as an organization, of course, is not a disabled individual" and lacks organizational standing). An organization "which has suffered no direct discrimination but has only incurred any potential injuries as a result of discrimination against others, is provided no remedy by Title III of the ADA." *Small*, 388 F. Supp. 2d at 93 (citation omitted); *Vandeusen v. Adams*, 2007 WL 2891502 * 7

TRC01-08:328442_1:11-29-07   - 5 -   07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

(D.S.C. 2007) (same). Outerbridge's failure to demonstrate *direct discrimination* destroys any conceivable possibility of standing under the ADA.

Likewise, Outerbridge's alleged interest in advocating the civil rights of the disabled (Compl. ¶ 12) is also insufficient to establish an injury-in-fact under Article III. Outerbridge's entire purpose appears to be to file lawsuits and its purported interests are, not surprisingly, wholly unsubstantiated in the Complaint. Thus, Outerbridge clearly lacks the ability to bring suit on behalf of anyone because a "purely ideological injury is insufficient to support standing [for an organization] to sue in its own right." *Kessler Institute for Rehabilitation v. Mayor & Council of Borough of Essex Fells*, 876 F. Supp. 641, 656 (D.N.J. 1995) (citation omitted). This is because "the only damages suffered by [the organization], as alleged within the Complaint, are (1) abstract, ideological injuries and (2) litigation expenses." *Hill* at * 5. Such intangible damages do not confer standing upon an organization. *Kessler Inst.* at 656 ("An organization does not possess standing simply because it has an ideological or abstract social interest that is adversely affected by the challenged action.") (citing *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)); *see also DeLil v. El Torito Rest.*, 1997 WL 714866, at *5 (N.D. Cal. June 24, 1997) ("Insofar as DeLil brought her suit to vindicate the rights of disabled persons generally, the Attorney General is the proper entity to bring such an action.").

## V. PLAINTIFFS LACK STANDING WITH RESPECT TO ALL ALLEGED BARRIERS THAT (1) DO NOT AFFECT THEIR ALLEGED DISABILITY AND (2) DO NOT EXIST AT THE RESTAURANT AT ALL

The Complaint claims that Cross and the members (if any) of Outerbridge are mobility impaired. (Compl. ¶ 12). Yet, the Complaint seeks relief against the Restaurant for a host of alleged barriers, many of which either do not affect their alleged disability of non-mobility, such as alarms and detectable warnings, or do not

TRC01-08:328442_1:11-29-07                                           - 6 -                                           07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

exist (and are not alleged to exist) at the Restaurant at all, such as elevators, platform lifts, drinking fountains, water coolers, storage, controls and operating mechanisms and telephones. (*See* Compl. ¶ 36.) The putative subset of Plaintiffs clearly lacks standing to sue for these alleged barriers under the ADA. *See Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (Blind plaintiff denied standing to seek relief for ADA violations unrelated to his disability: "To meet the injury-in-fact requirement, 'the party seeking review must be himself among the injured'. . . . [Plaintiff] is not 'among the injured' with regard to ADA violations in the building that do not affect the blind, and thus granting him standing to seek relief on behalf of all disabled individuals would expand the standing doctrine beyond the limits of Article III."); *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1083 (D. Haw. 2000) ("this Court finds that Plaintiff's claims not specifically related to non-mobility must be denied due to lack of standing."); *see also Eiden v. Home Depot USA, Inc.*, 2006 WL 1490418 * 10 (E.D. Cal. 2006) (holding that mobility impaired plaintiff lacks standing to sue for alleged lack of detectable warnings since "such accommodations are reserved for the visually impaired.") (citing *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001) ("To the extent that Plaintiffs complain about violations that would discriminate against blind or deaf persons, or any disabilities other than that suffered by Plaintiff . . . they lack standing to pursue such claims."); *Martinez v. Longs Drug Stores, Inc.*, 2005 WL 2072013 (E.D. Cal. 2005)).

Accordingly, unless Plaintiffs are able to amend their Complaint to explain how these alleged features posed a barrier to access to them personally, these allegations should be dismissed at the outset.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

TRC01-08:328442_1:11-29-07      - 7 -      07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

## VI. THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE DISABILITY CLAIMS BECAUSE THEY RAISE NOVEL AND COMPLEX ISSUES OF STATE LAW

The propriety of exercising supplemental jurisdiction over state disability claims has fallen out of favor in courts throughout California. *Singletary v. The Brick Oven Rest.*, 406 F. Supp. 2d 1120 (S.D. Cal. 2005) (refusing to exercise supplemental jurisdiction over individual's state disability claims in action alleging violations of Title III of ADA); *Sanford v. Del Taco, Inc.*, 2006 WL 2669351 * 7 (E.D. Cal. 2006) (same). If there was ever room for doubt that disability claims predominate over a lone ADA claim in lawsuits such as this one, the case of *Gunther v. Lin*, 50 Cal. Rptr. 317 (2006) has laid the controversy to rest. *Gunther* unequivocally holds that "[a] plaintiff can now go for the relatively larger recovery provided by [the Unruh Act] but will have the higher burden of establishing intentional discrimination under [Cal. Civ. Code] section 52, or, alternatively, may elect to proceed under section 54.3 and have a much lower burden--simple technical violation of the ADA without any showing of intent--but can only recover a lesser amount." *Id.* at 324. Not only does controlling case law on this issue compel the Court to decline supplemental jurisdiction over Plaintiffs' state disability claims, but the recent *Gunther* analysis adds additional justification for doing so. *See Cross v. Plaza Park Inv., L.P.*, 2007 WL 951772 * 6 (S.D. Cal. 2007) (declining to exercise jurisdiction over state disability claims, finding that they raise novel and complex issues of state law best left for interpretation by the state courts); *Wilson v. PFS, LLC*, 493 F. Supp. 2d 1122, 1126 (S.D. Cal. 2007) (citing Cross); *Morgan v. American Stores Co. LLC*, 2007 WL 1971945 * 3 (S.D. Cal. 2007) (same); *Kohler v. Mira Mesa Marketplace West, LLC*, 2007 WL 1614883 * 3 (S.D. Cal. 2007).

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

TRC01-08:328442_1:11-29-07     - 8 -     07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION

## VII. CONCLUSION

For the foregoing reasons, Marie Callender's respectfully requests that the Court grant this Motion in its entirety and enter an order (1) finding that Outerbridge lacks organizational standing; (2) finding that Plaintiffs lack standing to seek relief with respect to all alleged barriers unrelated to their particular disability of non-mobility and with respect to all alleged barriers that do not exist at the Restaurant at all; and (3) dismissing the state disability claims.

Dated:  November 29, 2007

CALL, JENSEN & FERRELL
A Professional Corporation
Scott J. Ferrell
Lisa A. Wegner


By:  /s/Lisa A. Wegner
Attorneys for Defendant Marie Callender's Pie Shops, Inc. d.b.a. Marie Callender's #254

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

TRC01-08:328442_1:11-29-07                                - 9 -                              07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION