# Exhibit "5" to Appendix of Foreign Authorities

# Outerbridge Access Association, et al. v. Marie Callender's Pie Shops, Inc., et al.

# Southern District Case No. 07-CV-2129 BTM (AJB)



Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2005 WL 2240462 (E.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Eiden v. Home Depot USA, Inc.
E.D.Cal.,2005.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Steve EIDEN, Plaintiff,
v.
HOME DEPOT USA, INC., dba Home Depot # 6609; and HD Properties of Maryland, Defendants.
No. Civ.S04-977 LKK/CMK.

Sept. 14, 2005.

Lynn Hubbard, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.
Stacey Lenore Herter, Greenberg Traurig, Costa Mesa, CA, for Defendants.

*ORDER*
KARLTON, Senior J.
*1 The court is in receipt of both defendant's motion for summary judgment as well as plaintiff's opposition to (and cross-motion for) summary judgment. The court is further in receipt of plaintiff's declaration and request for a Rule 56(f) continuance.

"Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."*Burlington Northern & Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, Montana,* 323 F.3d 767, 773. Although district courts have "wide latitude in controlling discovery," *State of California v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998), the Supreme Court has required allowing discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition."*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A Rule 56(f) motion must be brought before the summary judgment hearing, *Ashton-Tate Corp. v. Ross,* 916 F.2d 516, 520 (9th Cir.1990), and the facts supporting a Rule 56(f) motion must be set forth in an accompanying affidavit. *Campbell,* 138 F.3d at 779 (9th Cir.1998).
FN1

> FN1. Defendants must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are " essential" to resist the summary judgment motion. *Campbell,* 138 F.3d at 779.

In the case at bar, plaintiff brings his action under the Americans with Disabilities Act ("ADA") and state law. Plaintiff seeks injunctive relief and damages from defendant, Home Depot, based on alleged access barriers at the Home Depot store located at 2580 Notre Dame Boulevard in Chico, California. In its motion for summary judgment, Home Depot maintains that plaintiff's claims are moot as the Store's premises were recently modified and are now in full compliance with the requirements of the ADA. Def.'s Mot. for Summ. J. at 4:26.

In plaintiff's request for a Rule 56(f) continuance, plaintiff asserts that he "cannot responded to defendant's mootness argument without conducting a site inspection."An inspection by both the plaintiff himself and plaintiff's expert will allow plaintiff to determine if the previously identified ADA violations have been removed. Hubbard Dec. at ¶ ¶ 6-8.

Given that discovery is not closed and plaintiff has yet to inspect the recent modifications made at the Home Depot facility, any motion for summary judgment by defendant would be premature at this point in time. Knowing exactly what modifications were made constitutes sought-after facts clearly essential to the plaintiff's ability to respond to the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 5**

Not Reported in F.Supp.2d                                                                                                       Page 2
Not Reported in F.Supp.2d, 2005 WL 2240462 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

defendant's motion for summary judgment. Because plaintiff has set forth sought-after facts that are " essential" to avoid summary judgment, defendant's motion for summary judgment is DENIED without prejudice to renewal after the close of discovery. Plaintiff's cross-motion is likewise DENIED.

IT IS SO ORDERED.

E.D.Cal.,2005.
Eiden v. Home Depot USA, Inc.
Not Reported in F.Supp.2d, 2005 WL 2240462 (E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.