# Exhibit "11" to Appendix of Foreign Authorities

# Outerbridge Access Association, et al. v.
# Marie Callender's Pie Shops, Inc., et al.

# Southern District Case No. 07-CV-2129 BTM (AJB)

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2006 WL 1310318 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Sanford v. Del Taco, Inc.
E.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
James SANFORD, Plaintiff,
v.
DEL TACO, INC. dba Del Taco # 140; Yutaka Miura and Mary Miura; and Does 1 through 10, Defendants.
No. CIV-S-04-1337 DFL CMK.

May 12, 2006.

Lynn Hubbard, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.
David R. Sugden, Lisa Amy Wegner, Call Jensen And Ferrell APC, Newport Beach, CA, for Defendants.

*MEMORANDUM OF OPINION AND ORDER*
DAVID F. LEVI, District Judge.
\*1 The parties bring cross-motions for summary judgment on plaintiff James Sanford's ("Sanford") claims against defendants under the Americans with Disabilities Act ("ADA") and related state statutes. For the reasons stated below, the court: (1) GRANTS defendants' motion for summary judgment on the exterior door; (2) GRANTS defendants' motion for summary judgment on the restaurant seating; and (3) DECLINES to exercise supplemental jurisdiction over Sanford's remaining state law claims.

I.

Sanford is a disabled person who uses a motorized wheel chair and a specially equipped van to travel. (Compl.¶ 7.) Sanford alleges that architectural barriers within and around the Del Taco restaurant located at 2200 Arden Way ("restaurant") denied him equal access to the restaurant and deterred him from visiting it. (Compl.¶¶ 18, 20, 21.) Sanford claims that he visited the restaurant four or five times during the past two years. (Pl.'s Statement of Undisputed Facts ("PSUF") 6.)

On July 13, 2004, Sanford filed this suit. He brings claims under: (1) the ADA (42 U.S.C. § 12101*et seq.;*) (2) the Disabled Persons Act (Cal. Civ.Code § 54*et seq.*); (3) the Unruh Civil Rights Act (Cal. Civ.Code § 51*et seq.*); (4) California Health and Safety Code § 19955; (5) the California Unfair Competition Law (Cal. Bus. & Prof.Code § 17200*et seq.*); and (6) Negligence Per Se (Cal. Civ.Code § 1714). (Compl.¶ 26-96.)

On September 1, 2005, defendants moved for summary judgment. On November 11, 2005, the court: (1) denied defendants' motion for summary judgment without prejudice; (2) granted Sanford's request for a Rule 56(f) continuance to allow for a site inspection; and (3) granted defendants' motion to amend their answer to plead the affirmative defense that any alterations are not readily achievable. (11/11/2005 Order at 5-6.)

On December 1, 2005, Sanford's expert conducted a second site inspection of the restaurant. (Pl.'s Opp'n at 3.) On December 15, 2005, defendants moved for summary judgment.

II.

*A. ADA Claims*

Defendants assert that summary judgment is appropriate because they have removed all of the barriers that Sanford encountered or had knowledge of when the complaint was filed. (Defs.' Reply and Opp'n at 3.) Sanford concedes that his claim is limited to barriers that he actually encountered or knew about when he filed the complaint and that defendants have remedied all of the barriers except

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 11**

Not Reported in F.Supp.2d                                                                                                         Page 2

Not Reported in F.Supp.2d, 2006 WL 1310318 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

the exterior door pressure and the restaurant seating. (Pl.'s Opp'n at 5.) Sanford cross-moves for summary judgment on these two barriers.

*1. Exterior Door Pressure*

Defendants argue that Sanford's claim fails for two reasons. First, the ADAAG does not specify a maximum door opening force for exterior doors. (Defs.' Reply and Opp'n at 5-6; Casper Decl., ¶¶ 6.) In support of their argument, defendants note that ADAAG § 4.13.11(2)(a) specifically reserves the maximum door opening force for exterior doors. (Defs.' Reply and Opp'n at 5.) Second, defendants state that, in September 2005, they replaced the exterior doors with doors that require less than five pounds of force to open. (Albright Decl. ¶ 5.)

*2 Sanford acknowledges that the ADAAG does not define a maximum door opening force, but he argues that the exterior door does not meet the standard established by the California Building Code, Cal.Code Regs. Title 24 ("CBC"). (Pl.'s Reply at 3.) Sanford notes that the Technical Assistance Manual ("TAM") from the DOJ states that "architectural barriers are physical elements of a facility that impede access by people with disabilities." Sanford claims that an exterior door that exceeds the maximum pressure under California State law is a "physical element of a facility that impedes access."(Pl.'s Reply at 4.) Sanford alleges that he could not open the entrance door to the restaurant because the pressure was too great. (Sanford Decl. ¶ 9.) In addition, Sanford states that his expert re-inspected the restaurant on December 1, 2005 and found that the entrance door required more than five pounds of force to open.[FN1] (Card Decl. ¶ 3(a)).

> FN1. However, Sanford's expert does not specify how much more than five pounds of force the exterior door required to open.

Because the ADAAG does not define the requirement for exterior door pressure, Sanford has the burden to show that the door created a barrier to his access. Although Sanford provides an affidavit stating that the entrance door impeded his access to the restaurant, defendants introduce evidence that they installed a new entrance door that requires less force to open. While the five pound requirement under the CBC may be evidence of what constitutes a barrier to access, Sanford has failed to provide an affidavit stating that the door was a barrier to his access after defendants replaced it in September 2005.[FN2] Therefore, Sanford has not met his burden and the court GRANTS defendants' motion for summary judgment on the claim for exterior door pressure.

> FN2. Even though the court granted Sanford's request for a 56(f) continuance, he fails to provide evidence that the exterior door continues to be a barrier to his access following replacement of the door by defendants.

*2. Restaurant Seating*

Sanford argues that seating in the restaurant violates the ADA in four ways. First, Sanford asserts that defendants must provide accessible booth seating in the restaurant. (Pl.'s Reply at 5.) Sanford contends that, although the ADAAG does not address booth seating, in § 5.4 it states that "all dining areas ... shall be accessible."*(Id.)* Sanford asserts that the use of the term "all" includes booth seating. *(Id.)* However, Sanford fails to provide evidence that the booths constitute a distinct "dining area" such that ADAAG 5.4 applies to them. *See Wilson v. Norbreck,* No. 04-0690, 2005 WL 3439714, at *5-6 (E.D.Cal. Dec. 14, 2005). The record here reveals that the restaurant has a single dining area, part of which is made up of booth seating. Because the " dining area" includes accessible seating, the court rejects Sanford's argument that the booth seating violates the ADA.

Second, Sanford argues that the restaurant has tables that are too small to accommodate a companion and that this violates ADAAG § 4.32.2. (Pl.'s Opp'n at 7; Card Decl. ¶ 3c.) ADAAG § 4.32.2 states "if seating spaces for people in wheelchairs are provided at fixed tables or counters, clear floor space complying with 4.2.4 shall be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2006 WL 1310318 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

provided. Such clear floor space shall not overlap knee space by more than 19 in (485 mm)." Because none of the ADAAG regulations Sanford cites require tables large enough to accommodate a companion at the very same table, the court rejects Sanford's claim that this alleged aspect of the tables violates the ADA. It should be noted that Del Taco is a fast food restaurant with utilitarian seating. The tables are closely set, and a party of two could converse easily even if seated at separate tables.

*3 Third, Sanford argues that chairs obstruct the required 30 inch by 48 inch clear space around two tables designated as accessible, which violates ADAAG §§ 4.3.3, 4.32.2, 4.32.3 and 4.2.4.1. (Pl.'s Opp'n at 7; Card Decl.3d.) ADAAG §§ 4.2.4.1 and 4.32.2 require a minimum clear floor space of 30 inches by 48 inches around fixed counters or tables. ADAAG § 4.3.3 states "the minimum clear width of an accessible route shall be 36 in (915 mm) except at doors (see 4.13.5 and 4.13.6). If a person in a wheelchair must make a turn around an obstruction, the minimum clear width of the accessible route shall be as shown in Fig. 7(a) and (b)." ADAAG § 4.32.3 states "if seating for people in wheelchairs is provided at tables or counters, knee spaces at least 27 in (685 mm) high, 30 in (760 mm) wide, and 19 in (485 mm) deep shall be provided (see Fig. 45)."

Defendants note that they have removed all chairs located in the approach to the accessible tables. (Defs.' Reply and Opp'n at 5; Albright Decl. in Support of Reply ¶ 3.) At oral argument, Sanford did not contest this fact. Therefore, the court rejects Sanford's argument that chairs obstruct the required 30 inch by 48 inch clear space around two tables designated as accessible.

Finally, Sanford argues that other tables obstruct the path to the tables designated as accessible, which violates ADAAG §§ 4.32.3, 4.2.4.1, and 4.3.3. (Pl.'s Opp'n at 7; Card Decl. 3e.) ADAAG § 4.3 .3 states that the minimum clear width of an accessible route shall be 36 inches. Card's declaration states that there is not a minimum clear width of 36 inches for the access aisle to the tables designated as accessible. (See Card Decl. 3e.) However, he does not mention other tables obstructing the path. The site inspection report includes a photo of Card measuring the width of the path from the edge of one removable chair to another. (Ex. B to Card Decl. at 5.)

Defendants respond that they have relocated all chairs in the approach path to the accessible tables and that the path is greater than 36 inches wide, complying with ADAAG 4.3.3. (Defs.' Reply and Opp'n at 5; Albright Decl. in Support of Reply ¶¶ 3, 4.) At oral argument, Sanford did not contest defendants' statement that they had removed the chairs on the path to the accessible seating. Because defendants have removed the chairs, Sanford's final argument for a violation of the ADA based on the seating in the restaurant is moot. Therefore, the court GRANTS defendants' motion for summary judgment on Sanford's ADA claim.

### B. State Law Claims

Defendants argue that the court should decline to exercise supplemental jurisdiction over Sanford's remaining state law claims. (Defs.' Reply and Opp'n at 13.) Federal courts may decline to exercise supplemental jurisdiction: (1) if the claim raises a novel or complex issue of state law; (2) if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) if the district court has dismissed all claims over which it has original jurisdiction; or (4) if in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

*4 Sanford's remaining state law claims raise novel and complex issues of state law. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130 (1966) ("Needless decision of state law should be avoided as a matter of comity."); *Molski v. Mandarin Touch Restaurant,* 359 F.Supp.2d 924, 936 (C.D.Cal.2005) (finding that the law for recovering damages under state disability statutes is poorly defined). Therefore, the court declines to exercise supplemental jurisdiction over the state law claims.

III.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 4
Not Reported in F.Supp.2d, 2006 WL 1310318 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

For the reasons stated above, the court: (1) GRANTS defendants' motion for summary judgment on the exterior door; (2) GRANTS defendants' motion for summary judgment on the restaurant seating; and (3) DECLINES to exercise supplemental jurisdiction over Sanford's remaining state law claims.

IT IS SO ORDERED.

E.D.Cal.,2006.
Sanford v. Del Taco, Inc.
Not Reported in F.Supp.2d, 2006 WL 1310318 (E.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.