# Exhibit "14" to Appendix of Foreign Authorities

## Outerbridge Access Association, et al. v.
## Marie Callender's Pie Shops, Inc., et al.

## Southern District Case No. 07-CV-2129 BTM (AJB)



West's Ann.Cal.Civ.Code § 52

C

**Effective: January 01, 2006**

West's Annotated California Codes Currentness
  Civil Code (Refs & Annos)
    Division 1. Persons (Refs & Annos)
      Part 2. Personal Rights (Refs & Annos)

    →§ 52. Denial of civil rights or discrimination; damages; civil action by people or person aggrieved; intervention; unlawful practice complaint

(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

(b) Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following:

(1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages.

(2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice.

(3) Attorney's fees as may be determined by the court.

(c) Whenever there is reasonable cause to believe that any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section, and that conduct is of that nature and is intended to deny the full exercise of those rights, the Attorney General, any district attorney or city attorney, or any person aggrieved by the conduct may bring a civil action in the appropriate court by filing with it a complaint. The complaint shall contain the following:

(1) The signature of the officer, or, in his or her absence, the individual acting on behalf of the officer, or the signature of the person aggrieved.

(2) The facts pertaining to the conduct.

(3) A request for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for the conduct, as the complainant deems necessary to ensure the full enjoyment of the rights described in this section.

(d) Whenever an action has been commenced in any court seeking relief from the denial of equal protection of the

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

**EXHIBIT 14**

http://web2.westlaw.com/print/printstream.aspx?rs=WLW7.11&prft=HTMLE&fn=_top    11/29/2007

West's Ann.Cal.Civ.Code § 52

laws under the Fourteenth Amendment to the Constitution of the United States on account of race, color, religion, sex, national origin, or disability, the Attorney General or any district attorney or city attorney for or in the name of the people of the State of California may intervene in the action upon timely application if the Attorney General or any district attorney or city attorney certifies that the case is of general public importance. In that action, the people of the State of California shall be entitled to the same relief as if it had instituted the action.

(e) Actions brought pursuant to this section are independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law.

(f) Any person claiming to be aggrieved by an alleged unlawful practice in violation of Section 51 or 51.7 may also file a verified complaint with the Department of Fair Employment and Housing pursuant to Section 12948 of the Government Code.

(g) This section does not require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure, nor does this section augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

(h) For the purposes of this section, "actual damages" means special and general damages. This subdivision is declaratory of existing law.

CREDIT(S)

(Added by Stats.1905, c. 413, p. 553, § 2. Amended by Stats.1919, c. 210, p. 309, § 2; Stats.1923, c. 235, p. 485, § 2; Stats.1959, c. 1866, p. 4424, § 2; Stats.1974, c. 1193, p. 2568, § 2; Stats.1976, c. 366, p. 1013, § 2; Stats.1976, c. 1293, p. 5778, § 2.5; Stats.1978, c. 1212, p. 3927, § 1; Stats.1981, c. 521, § 1, eff. Sept. 16, 1981; Stats.1986, c. 244, § 1; Stats.1987, c. 159, § 4; Stats.1989, c. 459, § 1; Stats.1991, c. 607 (S.B.98), § 2; Stats.1991, c. 839 (A.B.1169), § 2; Stats.1992, c. 913 (A.B.1077), § 3.6; Stats.1994, c. 535 (S.B.1288), § 1; Stats.1998, c. 195 (A.B.2702), § 4; Stats.1999, c; 964 (A.B.519), § 2; Stats.2000, c. 98 (A.B.2719), § 2; Stats.2001, c. 261 (A.B.587), § 1; Stats.2005, c. 123 (A.B.378), § 1.)

HISTORICAL AND STATUTORY NOTES

2007 Main Volume

A section of the same number and covering the same subject was added by the 1901 revision act. Stats.1901, c. 157, p. 334, § 13, however, on the authority of Lewis v. Dunne (1901) 66 P. 478, 134 Cal. 291, 55 L.R.A. 833, 86 Am.St.R. 257, the 1901 revision act was unconstitutional and void.

As added this section read:

"Whoever violates any of the provisions of the last preceding section, by denying to any citizen, except for reasons applicable alike to every race or color, the full accommodations, advantages, facilities, and privileges in said section enumerated, or by aiding or inciting such denial, or whoever makes any discrimination, distinction, or restriction on account of color or race, or except for good cause, applicable alike to all citizens of every color or race whatever, in respect to the admission of any citizen to, or his treatment in, any inn, hotel, restaurant, eating house, barber shop, bath house, theater, skating rink, or other public place of amusement or accommodation, whether such place is licensed or not, or whoever aids or incites such discrimination, distinction, or restriction, for each and every such offense is liable in damages in an amount not less than fifty dollars, which may be recovered in an action at law brought for that purpose."

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

http://web2.westlaw.com/print/printstream.aspx?rs=WLW7.11&prft=HTMLE&fn=_top    11/29/2007

West's Ann.Cal.Civ.Code § 52

The 1919 amendment rephrased the opening provisions into somewhat more direct language, referred to § 51 instead of to the "last preceding section", corrected some grammatical constructions, added public conveyances to the accommodations included, and increased the statutory damages recoverable.

Places where ice cream or soft drinks of any kind are sold for consumption on the premises were added to the list of accommodations by the amendment of 1923.

The 1959 amendment rewrote this section which had read:

"Whoever denies to any citizen, except for reasons applicable alike to every race or color, the full accommodations, advantages, facilities, and privileges enumerated in section fifty-one of this code, or who aids, or incites, such denial, or whoever makes any discrimination, distinction or restriction on account of color or race, or except for good cause, applicable alike to citizens of every color or race whatsoever, in respect to the admission of any citizen to, or his treatment in, any inn, hotel, restaurant, eating house, place where ice cream or soft drinks of any kind are sold for consumption on the premises, barber shop, bath house, theater, skating rink, public conveyance, or other public place of amusement or accommodation, whether such place is licensed or not, or whoever aids or incites such discrimination, distinction or restriction, for each and every such offense is liable in damages in an amount not less than one hundred dollars, which may be recovered in an action at law brought for that purpose."

The 1974 amendment included "sex".

The 1976 amendments designated the section as amended in 1974 as subdivision (a) and therein inserted a reference to § 51.5, rewrote that portion following the words "actual damages," and added subdivisions (b), (c), (d) and (e). The rewritten portion of subdivision (a) previously read: "and two hundred fifty dollars ($250) in addition thereto, suffered by any person denied the rights provided in § 51 of this code."

The 1978 amendment provided in subdivisions (c) and (d) that the district attorney or city attorney could institute a civil action or intervene.

The 1981 amendment deleted from subd. (a) following "§ 51 or 51.5", in two places, the words "of this code"; in subd. (c), substituted "there is" for "the Attorney General or any district attorney or city attorney has", inserted "or any person aggrieved by the pattern or practice", in two places in clause (1) substituted "the" for "such" preceding "officer", inserted "or by the person aggrieved", in clause (2) substituted "the" for "such" preceding "pattern" and included "or she" following "he"; and in subd. (d) substituted "the" for "such" preceding "action".

The 1986 amendment substituted, in the first sentence of subd. (b) following "damages", new provisions for "and ten thousand dollars ($10,000) in addition thereto, suffered by any person denied such right."; and added subd. (f).

The 1987 amendment inserted "or blindness or other physical disability" in subds. (a) and (d); and added subd. (g).

The 1989 amendment, in subd. (b), in the first sentence, inserted "to be awarded to the person denied the right provided by Section 51.7".

The 1991 amendment substituted "for exemplary damages" for "up to a maximum of three times the amount of actual damages" in subd. (b)(1); increased the civil penalty from $10,000 to $25,000 in subd. (b)(2); deleted "In the case of multiple offenders, the ten thousand dollar ($10,000) civil penalty shall be prorated between them." at the end of subd. (b)(3); substituted a reference to conduct for a reference to a pattern or practice throughout; added subd. (h) defining actual damages; and made nonsubstantive changes throughout.

Under the provisions of § 5 of Stats.1991, c. 839, the 1991 amendments of this section by c. 607 and c. 839 were

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

given effect and incorporated in the form set forth in § 2 of c. 839. An amendment of this section by § 1 of Stats.1991, c. 839, failed to become operative under the provisions of § 5 of that Act.

Amendment of this section by § 2.5 of Stats.1991, c. 607, failed to become operative under the provisions of § 10 of that Act.

Section 3 of Stats.1991, c. 839 (A.B.1169), provides:

"SEC. 3. It is the intent of the Legislature to modify the prerequisite for injunctive relief under Section 52 of the Civil Code. By providing a civil remedy for the classes of persons specifically identified in Sections 51, 51.7, and 52 of the Civil Code, the Legislature does not intend to limit the availability of this remedy for any other form of discrimination which is prohibited by these sections."

The Senate Journal of Sept. 10, 1991, contained the following letter dated Sept. 10, 1991, from Senator Petris regarding intent of Stats.1991, c. 839 (A.B.1169):

"Dear Mr. Rollens: This letter is to explain Assembly Member Lee's amendment of her AB 1169 in order to avoid possible judicial misconstruction of the legislative action.

"AB 1169 (Lee) was amended in the Senate to provide that the bill's provisions prohibit arbitrary discrimination. The intent of this language was to assure that by providing a broader remedy for the classes of persons identified by this measure, the Legislature does not intend to limit the availability of this broader remedy for any form of discrimination which is prohibited by the civil rights law.

"The September 10, 1991 Senate amendments to AB 1169, which replace and clarify the August 30, 1991 Senate amendments, provide that by adding civil remedy for the classes of persons specifically identified in Sections 51, 51.7, and 52, the Legislature does not intend to limit the availability of this remedy for any other forms of discrimination which is prohibited by these sections. The amendments being offered and adopted should not be construed as an attempt to limit the availability of remedies for the forms of discrimination prohibited by the noted sections."

The 1992 amendment deleted "or restriction on account of sex, color, race, religion, ancestry, national origin, or blindness or other physical disability" preceding "contrary to Section 51", in subd. (a); deleted "blindness or other physical" preceding "disability, the Attorney General"; deleted the second paragraph of subd. (g); and made a nonsubstantive change. Prior to deletion, the second paragraph of subd. (g) read:

"Nothing in this section shall require any person renting, leasing, or otherwise providing real property for compensation to modify his or her property in any way, or provide a higher degree of care for a blind or other physically disabled person than for a person who is not physically disabled."

Section 1 of Stats.1992, c. 913 (A.B.1077), provides:

"It is the intent of the Legislature in enacting this act to strengthen California law in areas where it is weaker than the Americans with Disabilities Act of 1990 (Public Law 101-336) and to retain California law when it provides more protection for individuals with disabilities than the Americans with Disabilities Act of 1990."

The 1994 amendment, in subd. (a), substituted "one thousand dollars ($1000)" for "two hundred fifty dollars ($250)".

Section 3 of Stats.1994, c. 535 (S.B.1288), provides:

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

"The Department of Consumer Affairs, by June 1, 1995, shall provide notice to licensees of the State Board of Barbering and Cosmetology that the Unruh Civil Rights Act and other state laws contain prohibitions against gender-based pricing practices, that prices must be based on factors such as difficulty of treatment or service, and that violators of these laws may be required to pay damages of a minimum of one thousand dollars ($1,000) for each violation as specified in Section 52 of the Civil Code.

"The department, by June 1, 1998, shall prepare and submit to the Legislature, upon request, a summary of the number and subject of any inquiries or comments by licensees in response to the notice required by this section, and of any gender-based pricing complaints received by all boards in the department, excluding healing arts boards provided for in Division 2 (commencing with Section 500) of the Business and Professions Code, and by the Department of Fair Employment and Housing.

"The department shall develop, by June 1, 1995, and shall make available to the public, consumer information on the problem of gender-based price discrimination."

Stats.1998, c. 195 (A.B.2702), in subd. (b)(3), substituted "Attorney's" for "Attorney"; and in subd. (g), inserted ", beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law,", and substituted "nor shall anything in this section be construed" for "or" and other laws" for "other provisions of the law".

Stats.1999, c. 964, in the introductory language in subd. (b), inserted "or 51.9" following "or 51.7".

An amendment of this section by § 3 of Stats.1999, c. 964 (A.B.519), failed to become operative under the provisions of § 4 of that Act.

Stats.2000, c. 98, in subd. (b)(2), added "in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney"; in the introductory paragraph of subd. (c), substituted "described in this section" for "hereby secured" and "those rights" for "the rights herein described"; in subd. (c)(3), substituted "ensure" for "insure", substituted "rights described in this section" for "rights herein described"; and rewrote subds. (e) and (g). Prior to the amendment, subds. (e) and (g) had read:

"(e) Actions under this section shall be independent of any other remedies or procedures that may be available to an aggrieved party."

"(g) Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure, nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws."

Stats.2001, c. 261 (A.B.587), in subd. (a), included a reference to § 51.6 and increased the dollar amount for damages from $1,000 to $4,000.

Stats.2005, c. 123 (A.B.378), in subd. (b)(2), added the second sentence.

CROSS REFERENCES

Armed forces members, prohibitions and penalties against discrimination, see Military and Veterans Code § 394.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

    Attorney General, generally, see Government Code § 12500 et seq.

    Attorney General, prevailing party in enforcement action under this section, award of costs and fees to be made to Attorney General and paid to Public Rights Law Enforcement Special Fund, see Code of Civil Procedure § 1021.8; Government Code § 12530.

    Business of insurance, application of Unruh Civil Rights Act, see Insurance Code § 1861.03.

    California Fair Employment and Housing Act, see Government Code § 12900 et seq.

    Damages,
        Exemplary, see Civil Code § 3294 et seq.
        General principles, see Civil Code § 3281 et seq.
        Interest on damages, see Civil Code § 3287 et seq.
        Measure of, see Civil Code § 3300 et seq.

    Department of Fair Employment and Housing, housing discrimination, availability of remedy to aggrieved person, see Government Code § 12987.

    Department of Fair Employment and Housing, procedure for prevention and elimination of discrimination in housing, see Government Code § 12980.

    Deeds, invalidity of racial restrictions, see Civil Code § 782.

    Relief in general, see Civil Code § 3274 et seq.

    Specific and preventive relief, see Civil Code § 3366 et seq.

## LAW REVIEW AND JOURNAL COMMENTARIES

Affirmative action plans: the implications of Bakke. (1977) 10 U.C.Davis L.Rev. 99.

Arresting "the plague of violence": California's Unruh Act requires school officials to act against anti-gay peer abuse. Jennifer C. Pizer and Doreena P. Wong, 12:1 Stanford Law & Policy Rev. 63 (2001).

Article 33 of the San Francisco police code: An unconstitutional exercise of municipal authority. (1983) 17 U.S.F.L.Rev. 525.

Background and effect of 1959 amendment. (1959) 34 Cal.St.B.J. 587.

California adds a new remedy for the ever-changing face of hate. Sarah J. Farhat, 33 McGeorge L.Rev. 187 (2002).

California: A positive role in civil rights enforcement. Joseph W. Burdett, 16 Stan. L. Rev. 1088 (1964).

California disability anti-discrimination law: Lighthouse in the storm, or hunt for buried treasure? Tammy L. McCabe, 36 McGeorge L. Rev. 661 (2005).

California equal rights statutes in practice. Ronald P. Klein, 10 Stan. L. Rev. 253 (1958).

California's new Fair Housing Law. Carmen H. Warschaw (1964) 37 S.Cal.L.Rev. 47.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Challenging barriers. Eve Hill, Sheila Khan-Variba, 28 L.A. Law. 31 (November 2005).

Chapter 98: Deterring hate crimes and enforcing state and federally secured constitutional rights. Christian Herrmann, 32 McGeorge L.Rev. 546 (2001).

Civil actions for damages arising out of violations of civil rights. Nathaniel S. Colley (1965) Hastings L.J. 189.

Commentary on Los Angeles school case. Stephen C. Yeazell (1977) 25 UCLA L.Rev. 244.

Consumer protection; gender price discrimination. J. Scott Alexander, 27 Pac. L.J. 506 (1996).

The continuing battle against "adult only" housing. (1984) 16 U.West L.A.L.Rev. 129.

Discrimination against children in rental housing: A California perspective. Baxter Dunaway and Timothy J. Blied (1979) 19 Santa Clara L.Rev. 21.

Employment discrimination and wrongful discharge: Does the California Fair Employment and Housing Act displace common law remedies? David Benjamin Oppenheimer and Margaret M. Baumgartner, 23 U.S.F.L.Rev. 145 (1989).

Employment discrimination against women lawyers. Joan E. Baker (1973) 59 A.B.A.J. 1029.

Gates v. Superior Court--The Reginald Denny case and violation of civil rights by misallocation of police resources: Does a cause of action for damages flow from the California Constitution's equal protection clause? Cheryl Shaw, 18 Whittier L. Rev. 175 (1996).

Implementing school integration. Ben W. Palmer (1959) 45 A.B.A.J. 39.

Injunctive relief under state civil rights statutes. (1957) 8 Hastings L.J. 220.

Layoff and equal employment; retroactive seniority as a remedy under Title VII. (1977) 10 U.C.Davis L.Rev. 115.

May private clubs lawfully discriminate? Robert H. O'Brien (1975) 51 Los Angeles B.J. 9.

Method for analyzing discriminatory effects under equal protection clause. Gary J. Simson (1977) 29 Stan.L.Rev. 663.

Navy discharge and promotion policies. (1977) 13 Cal.W.L.Rev. 317.

On doorsteps of discriminatory private clubs. (1977) 29 Stan.L.Rev. 747.

Problem of school segregation. William P. Rogers (1959) 45 A.B.A.J. 23.

Punitive damages in housing discrimination suits: Ninth circuit survey. (1978) 9 Golden Gate U.L.Rev. 59.

Real estate broker and the Civil Rights Act. Rosalyn M. Chapman (Sept.1970) 45 Los Angeles B.Bull. 475.

Recent cases involving racial segregation. (1956) 42 A.B.A.J. 163.

Recent opinions in civil, family, and juvenile dependency law from the court of appeal, fourth district, division three. Matthew K. Ross, 49 Orange County Law. 31 (2007).

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Relationship between property rights and civil rights. Richard R. B. Powell (1963) 15 Hastings L.J. 135.

Remedies available for the enforcement of the California Civil Rights Statute. (1942) 30 Cal.L.Rev. 563.

Review of selected 1989 California legislation. 21 Pac.L.J. 389 (1990).

Review of selected 1991 California legislation. 23 Pac.L.J. 565 (1992).

Review of selected 1991 California legislation. 23 Pac.L.J. 576 (1992).

Review of selected 1992 California legislation. 24 Pac.L.J. 902 (1993).

Rights for wrongs. Barry Litt, Genie Harrison, 28 L.A. Law 27 (December 2005).

School segregation cases: a legal error that should be corrected. Charles J. Bloch (1959) 45 A.B.A.J. 27.

Scope of and means for enforcement of Civil Rights Legislation. (1947) 35 Cal.L.Rev. 571.

Segregation decisions and the resulting problems of enforcement. Jess Joseph Aguilar and Robert Peter Aguilar (1957) 9 Hastings L.J. 42.

Sex discrimination in housing. (1977) 10 Loy.L.A.L.Rev. 820.

Sharing principles and the future of marital property law. Susan Westerberg Prager (1977) 25 UCLA L.Rev. 1.

"Speaking with one voice": Constitutional failure of state insurance government ownership statutes. Richards D. Barger and Eugene E. Mueller, 26 U.S.F.L.Rev. 657 (1992).

State action--a narrowing judicial focus. (1977) 5 Pepp.L.Rev. 95.

State encouraged discrimination. (Spring 1966) 6 Santa Clara Law. 241.

Statutory control of penalties and damages. Terry Baum (1960) 12 Hastings L.J. 204.

Suits by individuals to enjoin violations of civil rights. (1982) 13 Pac.L.J. 784.

Supreme court of California, 1981-1982 foreword: Emerging court. Stephen R. Barnett (1983) 71 Cal.L.Rev. 1134

The cost of defiance: Plaintiffs' entitlement to damages under the California civil rights initiative. Cynthia C. Jamison, 33 Sw.U.L.Rev. 521 (2004).

The Unruh Civil Rights Act: An uncertain guarantee. Steven B. Arbuss, 31 UCLA L. Rev. 443 (1983).

Unruh Civil Rights Act: Is a private club a business establishment after O'Connor v. Village Green Owners Ass'n? (1984) 21 San Diego L.Rev. 477.

Unruh Civil Rights Act as applied to real estate brokers. (1961) 13 Hastings L.J. 120.

LIBRARY REFERENCES

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

2007 Main Volume

Civil Rights ☞1003 to 1098, 1478 to 1491, 1735 to 1737, 1763 to 1774.
Westlaw Topic No. 78.

C.J.S. Attorney and Client § 70.
Cal Digest of Official Reports 3d Series, Civil Rights § 8.

RESEARCH REFERENCES

**ALR Library**

86 ALR 5th 1. Liability, Under State Law Claims, of Public and Private Schools and Institutions of Higher Learning for Teacher's, Other Employee's, or Student's Sexual Relationship With, or Sexual Harassment or Abuse Of...

82 ALR 5th 1, Validity, Construction, and Application of State Enactment, Order, or Regulation Expressly Prohibiting Sexual Orientation Discrimination.

1 ALR 2nd 1165, Exclusion of Person (For Reason Other Than Color or Race) from Place of Public Entertainment or Amusement.

167 ALR 1243, Interest and Attorneys' Fees as Factors in Determining Jurisdictional Amount.

**Encyclopedias**

57 Am. Jur. Proof of Facts 3d 1, Hate Crimes and Liability for Bias-Motivated Acts.

16 Am. Jur. Trials 471, Defense of Medical Malpractice Cases.

CA Jur. 3d Amusements and Exhibitions § 30, Injunctions.

CA Jur. 3d Appellate Review § 625, Statutory Interpretation.

CA Jur. 3d Civil Rights § 2, Bases of Relief.

CA Jur. 3d Civil Rights § 3, Sexual Harassment.

CA Jur. 3d Civil Rights § 7, Nature of Discrimination Prohibited.

CA Jur. 3d Civil Rights § 9, in General; Business Establishments.

CA Jur. 3d Civil Rights § 19, Complaint Under Fair Employment and Housing Act.

CA Jur. 3d Civil Rights § 20, Intervention by Attorney General, District Attorney, or City Attorney.

CA Jur. 3d Civil Rights § 21, Independence of Remedy.

CA Jur. 3d Civil Rights § 24, in General; Action by Person Aggrieved.

CA Jur. 3d Civil Rights § 25, Action by Attorney General, District Attorney, or City Attorney.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

CA Jur. 3d Civil Rights § 52, Findings and Orders.

CA Jur. 3d Civil Rights § 83, Action for Damages.

CA Jur. 3d Civil Rights § 96, Damages.

CA Jur. 3d Civil Rights § 97, Injunctive Relief.

CA Jur. 3d Civil Rights § 98, Intervention by Attorney General.

CA Jur. 3d Civil Rights § 99, Complaint Under Fair Employment and Housing Act.

CA Jur. 3d Civil Rights § 101, Action by Individual Whose Rights Have Been Interfered With.

CA Jur. 3d Civil Rights § 102, Action by Individual Whose Rights Have Been Interfered With--Standing.

CA Jur. 3d Damages § 133, Effect of Statutory Penalty.

CA Jur. 3d Municipalities § 580, Consideration by Governing Body--Of County.

CA Jur. 3d Public Housing § 82, Relief.

CA Jur. 3d Public Officers and Employees § 286, in General; Failure to Provide Police Protection.

Cal. Civ. Prac. Business Litigation § 23:5, Qualified Buyers.

Cal. Civ. Prac. Business Litigation § 55:12, Discrimination in Denial of Card.

Cal. Civ. Prac. Business Litigation § 55:19, Violation of Civil Rights.

Cal. Civ. Prac. Civil Rights Litigation § 1:3, Statutory Rights.

Cal. Civ. Prac. Civil Rights Litigation § 2:1, Chapter Overview; the Unruh Act is Civ. Code S51and Not Any Other Code Section.

Cal. Civ. Prac. Civil Rights Litigation § 2:2, Statutory History and Purpose.

Cal. Civ. Prac. Civil Rights Litigation § 2:7, Civil Action Standing.

Cal. Civ. Prac. Civil Rights Litigation § 3:1, Overview of the Ralph and Bane Acts.

Cal. Civ. Prac. Civil Rights Litigation § 3:5, Plaintiffs; Who May Sue; Protected Characteristics.

Cal. Civ. Prac. Civil Rights Litigation § 3:6, Defendants; Who May be Sued.

Cal. Civ. Prac. Civil Rights Litigation § 3:9, Civil Action Jurisdiction, Venue, Trier of Fact and Arbitration.

Cal. Civ. Prac. Civil Rights Litigation § 1:24, Availability of Attorney's Fees, Generally.

Cal. Civ. Prac. Civil Rights Litigation § 10:3, Statutory History, Language, and Purpose.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Cal. Civ. Prac. Civil Rights Litigation § 10:4, Substantive and Procedural Issues.

Cal. Civ. Prac. Civil Rights Litigation § 10:5, Statutory History, Language, and Purpose.

Cal. Civ. Prac. Civil Rights Litigation § 10:6, Comparison to the Unruh Act and FEHA.

Cal. Civ. Prac. Civil Rights Litigation § 10:8, Liability Issues.

Cal. Civ. Prac. Civil Rights Litigation § 12:6, Unruh Act and Disabled Persons Act.

Cal. Civ. Prac. Civil Rights Litigation § 13:1, Chapter Overview: Portions of FEHA and the Unruh Act Applicable to Housing Discrimination.

Cal. Civ. Prac. Civil Rights Litigation § 13:7, Housing Discrimination Prohibited by Gov. Code S12955.

Cal. Civ. Prac. Civil Rights Litigation § 2:13, Defendants; Who May be Sued; Business Establishments.

Cal. Civ. Prac. Civil Rights Litigation § 2:16, Liability of Persons and Entities Who Are Not Business Establishments.

Cal. Civ. Prac. Civil Rights Litigation § 2:28, Civil Action Jurisdiction and Venue.

Cal. Civ. Prac. Civil Rights Litigation § 2:30, Civil Action Remedies.

Cal. Civ. Prac. Civil Rights Litigation § 2:32, Unruh Act Administrative Claims.

Cal. Civ. Prac. Civil Rights Litigation § 2:34, Complaint for Damages and Injunctive Relief Under the Unruh Act.

Cal. Civ. Prac. Civil Rights Litigation § 3:10, Civil Action Remedies.

Cal. Civ. Prac. Civil Rights Litigation § 3:11, Civil Action Statute of Limitations.

Cal. Civ. Prac. Civil Rights Litigation § 3:13, Jury Instructions and Verdict Forms.

Cal. Civ. Prac. Civil Rights Litigation § 3:14, Ralph Act is Not Part of the Unruh Act or FEHA.

Cal. Civ. Prac. Civil Rights Litigation § 3:15, Administrative Claims Under FEHA.

Cal. Civ. Prac. Civil Rights Litigation § 3:16, Statutory History, Language and Purpose.

Cal. Civ. Prac. Civil Rights Litigation § 3:17, Plaintiffs; Who May Sue; No Requirement of a Protected Characteristic.

Cal. Civ. Prac. Civil Rights Litigation § 3:21, Jurisdiction, Venue, Trier of Fact and Arbitration.

Cal. Civ. Prac. Civil Rights Litigation § 3:22, Damages, Civil Penalty and Attorney's Fees.

Cal. Civ. Prac. Civil Rights Litigation § 3:26, Jury Instructions and Verdict Forms.

Cal. Civ. Prac. Civil Rights Litigation § 3:29, Complaint for Damages and Injunctive Relief Under the Ralph Act.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Cal. Civ. Prac. Civil Rights Litigation § 3:30, Complaint for Damages and Injunctive Relief Under the Bane Act.

Cal. Civ. Prac. Civil Rights Litigation § 8:20, Code Civ. Proc. S1021.5 and Statutory Provisions.

Cal. Civ. Prac. Civil Rights Litigation § 10:10, Remedies.

Cal. Civ. Prac. Civil Rights Litigation § 11:12, Complaint for Damages and Injunctive Relief for Sexual Orientation Discrimination.

Cal. Civ. Prac. Civil Rights Litigation § 12:16, When Must a Building be Modified.

Cal. Civ. Prac. Civil Rights Litigation § 12:20, Actual Damages.

Cal. Civ. Prac. Civil Rights Litigation § 12:21, Statutory Damages.

Cal. Civ. Prac. Civil Rights Litigation § 12:22, Punitive Damages.

Cal. Civ. Prac. Civil Rights Litigation § 12:24, Attorney's Fees.

Cal. Civ. Prac. Civil Rights Litigation § 13:14, Civil Action Procedure and Remedies.

Cal. Civ. Prac. Civil Rights Litigation § 13:16, a Brief Overview of the Unruh Act as Applied to Housing Discrimination.

Cal. Civ. Prac. Civil Rights Litigation § 13:23, Unruh Act Liability for Housing Discrimination by Persons Other Than the Direct Discriminator.

California Civil Practice Procedure § 8:10, Statutory Damages.

Cal. Civ. Prac. Real Property Litigation § 18:46, Affirmative and Equitable Defenses.

Cal. Civ. Prac. Real Property Litigation § 21:14, Effect of Termination.

**Forms**

West's California Code Forms, Civil § 51 Form 1, Complaint for Violation of Unruh Civil Rights Act.

West's California Code Forms, Civil § 51.9 Form 1, Complaint for Sexual Harassment.

**Treatises and Practice Aids**

1 California Affirmative Defenses 2d § 25:24, Most Actions on Statute for Penalty or Forfeiture: One Year.

2 California Affirmative Defenses 2d § 42:1, Release -- in General.

Cal. Common Interest Devs.: Law and Practice § 16:44, Discrimination.

Cal. Common Interest Devs.: Law and Practice § 21:92, Unruh Civil Rights Act.

Cal. Common Interest Devs.: Law and Practice § 22:20, Discrimination in Sale, Use, or Lease of Subdivision Interests.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

California Jury Instructions-Civil, 8th Edition 3020, Unruh Civil Rights Act (Civ. Code, §§ 51, 52)--Essential Factual Elements.

California Jury Instructions-Civil, 8th Edition 7.90, California Civil Rights Violation.

California Jury Instructions-Civil, 8th Edition 7.91, Sexual Harassment.

California Jury Instructions-Civil, 8th Edition 7.92, Unruh Act as Violation.

California Jury Instructions-Civil, 8th Edition 7.93, Violent Civil Rights Violations.

California Jury Instructions-Civil, 8th Edition 7.94, Punitive Damages.

Rutter, Cal. Practice Guide: A.D.R. Ch. 5-E, E. Claims Subject to Arbitration (Arbitrability).

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 17-D, D. Costs.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Ch. 17-E, E. Attorney Fees as Costs.

Rutter, Cal. Practice Guide: Civil Trials & Evidence Gen. Matls., Highlights.

California Practice Guide: Employment Litigation Ch. 5-L, L. Other Statutory Claims.

California Practice Guide: Employment Litigation Ch. 7-G, G. Unruh Civil Rights Act.

California Practice Guide: Employment Litigation Gen. Matls, Highlights.

Rutter, Cal. Practice Guide: Insurance Litigation Ch. 11-K, K. Statutory Liability.

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2B-5, Special "Problem" Provisions.

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2C-1, Broad Anti-Discrimination Policies Under California Law.

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2C-2, Particular Protected Classes.

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2C-3, Standing to Sue for Unlawful Housing Discrimination.

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2C-5, State Law Enforcement Procedures and Remedies.

Rutter, Cal. Practice Guide: Landlord-Tenant Gen. Matls, Highlights.

Rutter, Cal. Practice Guide: Personal Injury Ch. 2-E, E. Developing Theories of Recovery.

Rutter, Cal. Practice Guide: Personal Injury Ch. 3-A, A. Introduction.

Rutter, Cal. Practice Guide: Personal Injury Ch. 3-E, E. Punitive Damages.

Rutter, Cal. Practice Guide: Personal Injury Ch. 5-B, B. When to Sue-Statute of Limitations.

Guide to Employment Law and Regulation 2d § 25:6, Antidiscrimination Law.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Miller and Starr California Real Estate § 20:7, The Unruh Civil Rights Act -- Disability Discrimination.
Miller and Starr California Real Estate § 20:11, The Unruh Civil Rights Act -- Violations and Enforcement.
Miller and Starr California Real Estate § 20:29, Discrimination by a Real Estate Broker.
Miller and Starr California Real Estate § 34:100, Judicial Review of Punitive Damages.

Punitive Damages: State by State Guide Law & Prac § 7:16, California -- Discussion of Law.

Rathkopf's the Law of Zoning and Planning § 25:27, State Affordable Housing Legislation.

Restatement (2d) of Property, Land. & Ten. § 3.1, Restrictions on Freedom to Refuse to Lease.

Termination of Employment § 7:1, Fair Employment Practices Overview.

3 Witkin Cal. Proc. 4th Actions § 450, (§ 450) Three Years.

2 Witkin Cal. Proc. 4th Courts § 287, (§ 287) Statutory Provisions.

7 Witkin Cal. Proc. 4th Judgment § 95, (§ 95) Prevailing Party in Specified Actions.

7 Witkin Cal. Proc. 4th Judgment § 201, (§ 201) Other Actions Under California Statutes.

4 Witkin Cal. Proc. 4th Pleading § 137, In General.

4 Witkin Cal. Proc. 4th Pleading § 196, Special Statutes.

5 Witkin, California Summary 10th Torts § 303, (§ 303) Discriminatory Allocation of Protective Services During Riot.

6 Witkin, California Summary 10th Torts § 1570, Treble Damages.

8 Witkin, California Summary 10th Constitutional Law § 895, Hate Crimes, Intimidation, and Threats of Violence.

8 Witkin, California Summary 10th Constitutional Law § 896, Sexual Harassment in Business and Professional Relationships.

8 Witkin, California Summary 10th Constitutional Law § 897, Other Discrimination Statutes.

8 Witkin, California Summary 10th Constitutional Law § 898, In General.

8 Witkin, California Summary 10th Constitutional Law § 906, (§ 906) Business Discrimination.

8 Witkin, California Summary 10th Constitutional Law § 907, (§ 907) Racial Discrimination.

8 Witkin, California Summary 10th Constitutional Law § 910, (§ 910) Classification Based on Marital Status.

8 Witkin, California Summary 10th Constitutional Law § 914, Enforcement.

8 Witkin, California Summary 10th Constitutional Law § 957, In General.

8 Witkin, California Summary 10th Constitutional Law § 959, Enforcement.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

UNITED STATES SUPREME COURT

Attorney fees, prevailing party in civil rights litigation, significant issue test, see Texas State Teachers Ass'n v. Garland Independent School Dist., U.S.Tex.1989, 109 S.Ct. 1486, 489 U.S. 782, 103 L.Ed.2d 866, on remand 874 F.2d 242.

Civil rights actions, attorney fees, prevailing party, nominal damages, see Farrar v. Hobby, U.S.Tex.1992, 113 S.Ct. 566, 506 U.S. 103, 121 L.Ed.2d 494.

Constitutional rights violations, implied private right of action against federal officers, claims against private entities under contract with federal agencies, alternative remedies, see Correctional Services Corp. v. Malesko, 2001, 122 S.Ct. 515, 534 U.S. 61, 151 L.Ed.2d 456.

Disparate impact cases, differentiation based on reasonable factors other than age, see Smith v. City of Jackson, Miss., 2005, 125 S.Ct. 1536, 544 U.S. 228, 161 L.Ed.2d 410.

NOTES OF DECISIONS

**Abuse of discretion 10**
**Actual damages 50**
**Admissibility of evidence 43**
**Agents 14**
**All other places 11**
**Analysis of new classifications 9**
**Appropriate hourly fee, attorney fees 57**
**Arbitration 31**
**Attorney fees 54-60**
    **Attorney fees - In general 54**
    **Attorney fees - Appropriate hourly fee 57**
    **Attorney fees - Court's discretion 55**
    **Attorney fees - Excessive hours 59**
    **Attorney fees - Reduction 60**
    **Attorney fees - Relatedness inquiry 58**
    **Attorney fees - Settlements 56**
**Brokers and agents, real estate 20**
**Burden of proof and presumptions 40**
**Clinics 24**
**Conspiracy 12**
**Construction and application 1-4**

    **Construction and application - In general 1**
    **Construction and application - Employment discrimination 4**
    **Construction and application - Hate crimes 3**
    **Construction and application - Liberal construction and application 2**
**Construction with federal law 6**
**Construction with other laws 5**
**Court, discretion of 10**
**Court's discretion, attorney fees 55**
**Damages 48-53**
    **Damages - In general 48**

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

      Damages - Actual damages 50
      Damages - Excessive damages 53
      Damages - Punitive or exemplary damages 52
      Damages - Statutory minimum damages 49
      Damages - Treble damages 51
Discovery 37
Discretion of court 10
Employment discrimination, construction and application 4
Evidence 42-45
      Evidence - In general 42
      Evidence - Admissibility of evidence 43

     Evidence - Judicial notice 45
      Evidence - Sufficiency of evidence 44
Excessive damages 53
Excessive hours, attorney fees 59
Exemplary damages 52
Fact questions 46
Federal jurisdiction 34
Findings 47
Handicapped persons 15
Hate crimes, construction and application 3
Hotels and motels 18
Hours, excessive, attorney fees 59
Immunity 28
Inadvertent or technical violations 13
Injunction 29
Instructions 39
Issues, preservation of 63
Judicial notice, evidence 45
Jurisdiction, federal 34
Jury questions 46
Legislative intent 7

Liberal construction and application 2
Limitation of actions 33
Mandamus 30
Medical clinics 24
Motels 18
New classifications, analysis of 9
Notice 35
Parties 61, 62
      Parties - In general 61
      Parties - Standing 62
Peer sexual harassment 32
Physically handicapped persons 15
Physicians 16
Pleadings 36
Preservation of issues 63
Presumptions and burden of proof 40
Prohibited discrimination, new classifications, analysis of 9

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

**Public facilities 25**
**Public policy 8**
**Punitive or exemplary damages 52**
**Purpose 7**

**Questions of fact 46**
**Real estate 19-23**
      **Real estate - In general 19**
      **Real estate - Brokers and agents 20**
      **Real estate - Realty boards 22**
      **Real estate - Rentals 21**
      **Real estate - Residency 23**
**Realty boards, real estate 22**
**Reduction, attorney fees 60**
**Relatedness inquiry, attorney fees 58**
**Remand 65**
**Rentals, real estate 21**
**Residency, real estate 23**
**Review 64**
**Schools 26**
**Settlements, attorney fees 56**
**Sexual harassment by peers 32**
**Standing, parties 62**
**Statute of limitations 33**
**Statutory minimum damages 49**
**Stipulations 38**

**Sufficiency of evidence 44**
**Summary judgment 41**
**Supervisors 17**
**Technical or inadvertent violations 13**
**Theaters 27**
**Treble damages 51**
**Violations, inadvertent or technical 13**
**Waiver of issues 63**

1. Construction and application--In general

In addition to the particular forms of discrimination specifically outlawed by the Unruh Act (sex, race, color, etc.), the Act prohibits discrimination based on several classifications which are not specifically enumerated in the statute; these include unconventional dress or physical appearance, families with children, homosexuality, and age under eighteen. Scripps Clinic v. Superior Court (App. 4 Dist. 2003) 134 Cal.Rptr.2d 101, 108 Cal.App.4th 917, rehearing denied, review denied. Civil Rights ☞ 1013; Civil Rights ☞ 1012; Civil Rights ☞ 1014; Civil Rights ☞ 1015

Unruh Civil Rights Act [West's Ann.Cal.Civ.Code § 51] does not prohibit all arbitrary discrimination by business enterprise, even that which is based on factors other than personal, noneconomic characteristics, such as race, color and sex, specifically identified in Act. Harris v. Capital Growth Investors XIV (1991) 278 Cal.Rptr. 614, 52 Cal.3d 1142, 805 P.2d 873. Civil Rights ☞ 1049

Discrimination by a business establishment against persons on account of their association with others of the black

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

race is actionable under the Unruh Civil Rights Act. Winchell v. English (App. 1 Dist. 1976) 133 Cal.Rptr. 20, 62 Cal.App.3d 125. Civil Rights ☞ 1049

Equal standing before law is concept within equitable jurisdiction and fact that such concept has been denominated by legislator and people as constitutional proposition does not strip it of its equitable nature and derivation. Abstract Inv. Co. v. Hutchinson (App. 2 Dist. 1962) 22 Cal.Rptr. 309, 204 Cal.App.2d 242. Equity ☞ 59

The civil rights statutes are concerned with protection of equal rights with respect to facilities and services offered to the public by private persons. Gardner v. Vic Tanny Compton, Inc. (App. 2 Dist. 1960) 6 Cal.Rptr. 490, 182 Cal.App.2d 506. Civil Rights ☞ 1044

A store retailing shoes is within § 51 providing that all state citizens are entitled to full and equal accommodations of inns, restaurants, hotels etc. and "all other places of public accommodation" and colored persons who sought to buy shoes at the store of the defendant and were refused because they were members of the colored race were entitled to maintain an action for damages for violation of their civil rights. Lambert v. Mandel's of Cal. (Super. 1957) 156 Cal.App.2d Supp. 855, 319 P.2d 469. Civil Rights ☞ 1049

Under this section and § 51, any unreasonable discrimination is forbidden, but if ground of exclusion is reasonable, it is valid. McClain v. City of South Pasadena (App. 1957) 155 Cal.App.2d 423, 318 P.2d 199.

2. ---- Liberal construction and application

Unruh Civil Rights Act is to be given a liberal, not a strict, construction with a view to effect its object and to promote justice. Winchell v. English (App. 1 Dist. 1976) 133 Cal.Rptr. 20, 62 Cal.App.3d 125. Civil Rights ☞ 1004

The Unruh Civil Rights Act is to be liberally construed. Crowell v. Isaacs (App. 1 Dist. 1965) 45 Cal.Rptr. 566, 235 Cal.App.2d 755. Civil Rights ☞ 1004

3. ---- Hate crimes, construction and application

California statutes providing right to be free from violence committed because of race, national origin, or sex, providing civil cause of action for violating such right, and providing civil action for violations of civil rights, are not "hate crimes" statutes, in that there is no requirement that violence be extreme or motivated by hate, or that act constitute crime, and civil liability created by statutes sweeps more broadly than common, colloquial meaning of phrase "hate crime." Winarto v. Toshiba America Electronics Components, Inc., C.A.9 (Cal.)2001, 274 F.3d 1276, certiorari dismissed 123 S.Ct. 816, 537 U.S. 1098, 154 L.Ed.2d 766. Civil Rights ☞ 1035; Civil Rights ☞ 1803

4. ---- Employment discrimination, construction and application

In amending Unruh Civil Rights Act to create liability for sexual harassment when there is "business, service, or professional relationship" between the plaintiff and defendant, California legislature intended to supplement statutes that forbid workplace harassment, not to extend Act into employer-employee context. Rohm v. Homer, N.D.Cal.2005, 367 F.Supp.2d 1278. Civil Rights ☞ 1049; Civil Rights ☞ 1109

The Unruh Civil Rights Act does not encompass discrimination in employment. Van Hoomissen v. Xerox Corp., N.D.Cal.1973, 368 F.Supp. 829. Civil Rights ☞ 1103

Section 51 and this section referring to right to equal accommodations, advantages, facilities, or services in business establishments encompassed discrimination only in course of furnishing goods, services or facilities to

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

clients, patrons or customers and do not encompass discrimination in employment. Alcorn v. Anbro Engineering, Inc. (1970) 86 Cal.Rptr. 88, 2 Cal.3d 493, 468 P.2d 216. Civil Rights ☞ 1044; Civil Rights ☞ 1103

    5. Construction with other laws

District court's finding, after bench trial, that concert hall's refusal to allow disabled patron to attend performance with service animal, in violation of ADA, deterred patron from attending seven subsequent performances at concert hall, for purposes of calculating damages under California's Unruh Act, was not clearly erroneous. Lentini v. California Center for the Arts, Escondido, C.A.9 (Cal.)2004, 370 F.3d 837. Civil Rights ☞ 1766

Class certification could be denied in an action by male customer against a nationwide retailer alleging that its offering of "Ladies Day" promotional discounts for oil changes at its automotive repair facilities was gender-based discrimination in violation of the Unruh Civil Rights Act, the Gender Tax Repeal Act, and the unfair competition statute, where individual claims were viable without class treatment, multiple lawsuits were unlikely, class treatment would consume more time and expense than classwide suits, some form of effective class-wide relief was available under the unfair competition statute, and statutory penalties could disgorge any unjust enrichment. Reese v. Wal-Mart Stores, Inc. (App. 3 Dist. 1999) 87 Cal.Rptr.2d 346, 73 Cal.App.4th 1225. Parties ☞ 35.71

This section and § 51, prohibiting discriminatory practices in business establishments in furtherance of policy against discrimination, were reasonable. Burks v. Poppy Const. Co. (1962) 20 Cal.Rptr. 609, 57 Cal.2d 463, 370 P.2d 313. Civil Rights ☞ 1005

Sections 51 to 54 (former §§ 53, 54 now repealed) granting all citizens right to equal privileges and facilities in all places of public accommodation or amusement were statutory and as such subject to such constitutional change as legislature may choose. Flores v. Los Angeles Turf Club, Inc. (1961) 13 Cal.Rptr. 201, 55 Cal.2d 736, 361 P.2d 921. Civil Rights ☞ 1003; Civil Rights ☞ 1044

Section 51 providing that all citizens under state jurisdiction are entitled to full and equal accommodations and privileges in places of public accommodation and amusement, subject only to conditions and limitations established by law, and applicable alike to all citizens and this section must be read and construed together. McClain v. City of South Pasadena (App. 1957) 155 Cal.App.2d 423, 318 P.2d 199. Civil Rights ☞ 1044

Under California law, shoe manufacturer did not violate Muslim's civil rights under Unruh Act by creating and using logo, even if certain Muslims were offended by seeing logo. Harara v. Nike, Inc., C.A.9 (Cal.)2002, 34 Fed.Appx. 539, 2002 WL 570407, Unreported. Civil Rights ☞ 1041

    6. Construction with federal law

While California's Unruh Civil Rights Act incorporates ADA by reference, it provides for minimum damages of $4,000 per violation whereas damages are not recoverable under Title III of the ADA and only remedy available thereunder is injunctive relief. Wilson v. Haria and Gogri Corp., E.D.Cal.2007, 479 F.Supp.2d 1127. Civil Rights ☞ 1451; Civil Rights ☞ 1460; Civil Rights ☞ 1764

Eleventh Amendment did not bar claims that school district and officials violated rights of gay high school student, under state Constitution, Education Code and Civil Rights Act, to extent that relief sought was prospective, rather than retrospective; claims seeking injunction prohibiting defendants from "discriminating and harassing plaintiffs on the basis of actual or perceived sexual orientation," "selectively enforcing disciplinary rules," engaging in "viewpoint based censorship," and "disclosing sexual orientation or other private information" sought prospective relief, and complaint alleged reasonable fear of future violations. C.N. v. Wolf, C.D.Cal.2005, 410 F.Supp.2d 894. Federal Courts ☞ 272

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Because plaintiff's claim under California's Unruh Civil Rights Act was premised on ADA violation, she was not required to show intentional discrimination to recover under Unruh Act. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2004, 408 F.Supp.2d 923. Civil Rights ☞ 1049

Private right of action did not need to be inferred under California Education Code sections, forbidding sex discrimination in educational institution's program or activity, where student had private right of action under Title IX, forbidding sex discrimination in education program receiving federal financial assistance, § 1983, and Unruh Civil Rights Act. Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., N.D.Cal.1997, 964 F.Supp. 1369. Civil Rights ☞ 1704; Civil Rights ☞ 1721

For purposes of determining state action component of civil rights action brought under the Civil Rights Act of 1871 (42 U.S.C.A. § 1985(3) ), known as the Ku Klux Klan Act, insurance commissioner's failure to disapprove policy forms at time when it was unclear that this section exclusively prohibited discrimination based upon facts could not reasonably be construed as breach of an affirmative duty to enforce § 51 et seq. Reichardt v. Life Ins. Co. of North America, N.D.Cal.1979, 485 F.Supp. 56. Civil Rights ☞ 1039

District court had discretion to dismiss hotel patron's state claims against hotel owners, state, and others for violation of California's Unruh Civil Rights Act, and intentional and negligent infliction of emotional distress, where court correctly dismissed all of patron's federal claims. Addams-More v. Chung San Holdings USA Ltd., C.A.9 (Cal.)2004, 94 Fed.Appx. 443, 2004 WL 435444, Unreported. Federal Courts ☞ 18

Award of treble damages and $25,000 civil penalty available, under California law, upon showing that defendant deprived plaintiff of specified rights did not require showing that defendant deprived plaintiff of specified right while acting with fraud, oppression, or malice, and therefore plaintiff's prayer for treble damages and civil penalty under state law was not barred by provision of Federal Tort Claims Act (FTCA) prohibiting award of punitive damages against United States in plaintiff's tort action against government. Munyua v. U.S., N.D.Cal.2004, 2004 WL 345269, Unreported. United States ☞ 142

### 7. Purpose

While civil penalties provision of Unruh Civil Rights Act may have some punitive characteristics, it clearly serves to advance the Legislature's intent to encourage and aid private parties to help in enforcing the civil rights laws by bringing civil suits against perpetrators of hate crimes, and to ensure that plaintiffs receive ample compensation, irrespective of their actual damages. Los Angeles County Metropolitan Transp. Authority v. Superior Court (App. 2 Dist. 2004) 20 Cal.Rptr.3d 92, 123 Cal.App.4th 261. Civil Rights ☞ 1807

Legislative object in enacting Unruh Civil Rights Act [West's Ann.Cal.Civ.Code § 51] was to prohibit "intentional" discrimination in access to public accommodations. Harris v. Capital Growth Investors XIV (1991) 278 Cal.Rptr. 614, 52 Cal.3d 1142, 805 P.2d 873. Civil Rights ☞ 1044

### 8. Public policy

Statutes such as the Unruh Civil Rights Act are declaratory of California's public policy against racial discrimination, whether private or public action is involved. Winchell v. English (App. 1 Dist. 1976) 133 Cal.Rptr. 20, 62 Cal.App.3d 125. Civil Rights ☞ 1009

Racial discrimination arising from private action is contrary to public policy and may be suppressed without specific statutory authority; accordingly, the absence of reference to labor unions in antidiscrimination statutes such as § 51 and this section, would not prevent granting of relief from discrimination arising from closed shop agreement. James v. Marinship Corp. (1944) 25 Cal.2d 721, 155 P.2d 329.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

9. Analysis of new classifications

Three-part analysis governing whether a new classification is a form of discrimination prohibited by the Unruh Act requires consideration of (1) the language of the statute, (2) the legitimate business interests of the defendants, and (3) the consequences of allowing the new discrimination claim. Scripps Clinic v. Superior Court (App. 4 Dist. 2003) 134 Cal.Rptr.2d 101, 108 Cal.App.4th 917, rehearing denied, review denied. Civil Rights ☞ 1015

10. Discretion of court

District Court did not abuse its discretion in certifying mandatory class, even though actual damages sought under state civil rights statute in disability discrimination action against owner and operator of service stations were substantial, rather than incidental to injunctive relief sought, since injunctive relief was predominant form of relief sought by class and claims of physical injury were preserved. Molski v. Gleich, C.A.9 (Cal.)2003, 318 F.3d 937. Federal Civil Procedure ☞ 181

Reducing attorney fees award in action filed under the California Unruh Civil Rights Act was not an abuse of discretion; district court's 11-page attorney fees order provided carefully reasoned, conscientious analysis. Rodriguez v. Home Depot USA, Inc., C.A.9 (Cal.)2006, 175 Fed.Appx. 902, 2006 WL 991868, Unreported. Civil Rights ☞ 1774

11. All other places

Under this section and § 51 expression "all other places" means all other places of like nature to those enumerated, and not all places. Reed v. Hollywood Professional School (Super. 1959) 169 Cal.App.2d Supp. 887, 338 P.2d 633

12. Conspiracy

Listing broker's conduct in effectuating odd type sale to third party after owner had turned down offer by plaintiffs who were Negroes may reasonably be held to be act in carrying out conspiracy to deny plaintiffs benefit of services of real estate broker. Wagner v. O'Bannon (App. 2 Dist. 1969) 79 Cal.Rptr. 44, 274 Cal.App.2d 121. Conspiracy ☞ 18

13. Inadvertent or technical violations

Disabled plaintiff who was confined to wheelchair was not entitled to higher automatic minimum statutory penalties for restaurant owner's inadvertent, technical Unruh Civil Rights Act violations; higher penalties were only available in cases of intentional discrimination, despite fact that Unruh Act had been amended to encompass American with Disabilities Act (ADA) violations within its purview; it was undisputed that restaurant's technical violations of implementing regulations of ADA, to which plaintiff objected, were inadvertent; and, plaintiff had elected not to seek lesser minimum penalties available for unintentional ADA violations under Disabled Persons Act. Gunther v. Lin (App. 4 Dist. 2006) 50 Cal.Rptr.3d 317, 144 Cal.App.4th 223, review denied. Civil Rights ☞ 1807

14. Agents

Whether this section is penal or not, a person excluded by the manager of a theater because of race or color can recover thereunder against the theater proprietor, who neither ordered nor knew of this or a like exclusion, as by § 2338, and also by general law, a principal is liable for the wrongful acts committed by his agent in the transaction the business of the agency. Prowd v. Gore (App. 2 Dist. 1922) 57 Cal.App. 458, 207 P. 490. Civil Rights ☞ 1047

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

15. Handicapped persons

Individual may initiate action under California's Unruh Civil Rights Act to enforce compliance with handicapped access standards; however, to maintain action for damages, individual must take additional step of establishing that he or she was denied equal access on particular occasion, but need not establish intentional violation. Boemio v. Love's Restaurant, S.D.Cal.1997, 954 F.Supp. 204. Civil Rights ☞ 1021; Civil Rights ☞ 1735

In action under California's Unruh Civil Rights Act, facts and circumstances of case established plaintiff's entitlement to statutory minimum of $1,000 in damages due to his inability to gain access to restaurant's restroom, which did not accommodate plaintiff's wheelchair; despite violation, evidence showed that restaurant attempted to assist plaintiff in gaining access to restroom and further that restaurant's past practice was to render assistance to disabled persons; moreover, no special damages were claimed, and while plaintiff claimed that he was forced to urinate in parking lot, there were no witnesses to that event, and only other evidence was that plaintiff was upset for several days. Boemio v. Love's Restaurant, S.D.Cal.1997, 954 F.Supp. 204. Civil Rights ☞ 1766

California Unruh Act and Disabled Persons Act, and their respective damages provisions, extend to claims based on incidents of deterrence; thus, where disabled person can prove that violations of applicable California disability access standards deterred her or him on a particular occasion from attempting to attend a place of public accommodation, that disabled person has stated claim for relief and, in particular, for damages, without necessity of actually showing up and being denied admission. Arnold v. United Artists Theatre Circuit, Inc., N.D.Cal.1994, 866 F.Supp. 433. Civil Rights ☞ 1021

Section 51 has no application to discrimination against physically handicapped. Marsh v. Edwards Theatres Circuit, Inc. (App. 2 Dist. 1976) 134 Cal.Rptr. 844, 64 Cal.App.3d 881.

16. Physicians

Plaintiffs were not precluded from recovery of damages from a physician based on refusal of service by reason of plaintiffs' race or color on theory such actions constituted an attempt to compel a physician to treat an unwelcome patient. Washington v. Blampin (App. 2 Dist. 1964) 38 Cal.Rptr. 235, 226 Cal.App.2d 604. Civil Rights ☞ 1721; Civil Rights ☞ 1758

The "services in all business establishments," to which all persons are entitled under the Unruh Act regardless of race or color, include the services of a physician. Washington v. Blampin (App. 2 Dist. 1964) 38 Cal.Rptr. 235, 226 Cal.App.2d 604. Civil Rights ☞ 1049

17. Supervisors

As matter of law, supervisor could be liable for aiding, inciting, or conspiring in denial of employee's rights in violation of California statute providing right to be free from violence or intimidation by threat of violence committed because of race, national origin, or sex, and employer could be liable for acts of its agent. Winarto v. Toshiba America Electronics Components, Inc., C.A.9 (Cal.)2001, 274 F.3d 1276, certiorari dismissed 123 S.Ct. 816, 537 U.S. 1098, 154 L.Ed.2d 766. Civil Rights ☞ 1736

18. Hotels and motels

Provisions of the Unruh Civil Rights Act were inapplicable to class action brought by California resident against owners and operators of Hawaiian hotels, seeking to recover for alleged discrimination in rates between mainland tourists and Hawaiian residents, since plaintiff was not arbitrarily excluded from any business premise in Hawaii, nor was she arbitrarily discriminated against in any way, and she did not allege any tort, breach of contract or other actionable wrong. Archibald v. Cinerama Hotels (App. 3 Dist. 1977) 140 Cal.Rptr. 599, 73 Cal.App.3d 152. Civil

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Rights ☞ 1044

An innkeeper who refuses accommodations without just cause, such as inability to pay, infectious disease, or the like, is not only civilly liable but is guilty of a misdemeanor. Archibald v. Cinerama Hotels (App. 3 Dist. 1977) 140 Cal.Rptr. 599, 73 Cal.App.3d 152. Innkeepers ☞ 7; Innkeepers ☞ 15

Ordinance permitting a hotel to be operated in an R-5 multiple dwelling zone, including any "incidental business" conducted "only as a service to persons living therein," does not restrict the rights, constitutional or otherwise, of individual patrons, since, inter alia, the ordinance is concerned only with the use to which an owner may put his property, since the limitations therein have to do with how the owner holds himself out to the public, not which members of the public may enter the premises to avail themselves of the goods or services offered, and since the reference to a "business" refers to operations which constitute a regular course of business, not the mere casual performance of a service. People v. Gottfurcht (App. 2 Dist. 1976) 133 Cal.Rptr. 270, 62 Cal.App.3d 634. Zoning And Planning ☞ 281

19. Real estate--In general

Provisions of Const. Art. 1, § 26 (repealed) prohibiting state from denying right of any person to decline to sell, lease or rent his real property to such persons as he in his absolute discretion chooses would involve state in private racial discriminations to an unconstitutional degree. Reitman v. Mulkey, U.S.Cal.1967, 87 S.Ct. 1627, 387 U.S. 369, 18 L.Ed.2d 830. Constitutional Law ☞ 3258

The Unruh Civil Rights Act applies to one engaged in business of selling real estate, whether as an owner or broker. Crowell v. Isaacs (App. 1 Dist. 1965) 45 Cal.Rptr. 566, 235 Cal.App.2d 755. Civil Rights ☞ 1049

Negro's complaint which alleged that companies, which were engaged in business of developing, building and selling a tract of housing accommodations, and a bank entered into a conspiracy to impose special restrictions upon sale, financing and occupancy of realty on ground of race, color or creed, in that they agreed and conspired that none of them would sell to, lease to or rent to, or permit occupancy by plaintiff or any other Negro of housing built by defendants or financed by any of defendants was sufficient to state a cause of action against bank. Holmes v. Bank of America Nat. Trust & Sav. Ass'n (App. 4 Dist. 1963) 30 Cal.Rptr. 917, 216 Cal.App.2d 529. Conspiracy ☞ 18

Unruh Civil Rights Act prohibits all forms of arbitrary discrimination by business establishments--including those engaged in sale or rental of real property--against all persons within jurisdiction of California. Specifically enumerated forms of discrimination in said Act are illustrative rather than restrictive. 58 Op.Atty.Gen. 608, 8-21-75.

Because of the incomplete nature of the legislative scheme in the field of housing discrimination, failure to express a preemptive intent in housing when at the same time such an intent was expressed in employment, and because of the strong policy opposing racial and religious discrimination, the Legislature did not intend to preclude the enactment by cities of ordinances in the field of housing discrimination. 40 Op.Atty.Gen. 114.

20. ---- Brokers and agents, real estate

Evidence supported $150,000 damage award to black loan applicants against whom mortgage broker discriminated on basis of race, despite broker's claim that applicants failed to prove serious emotional distress; when broker failed to obtain loan for applicants, it meant that years of deferred gratification, hard work and savings with aim of finding secure place to live were being frustrated. Green v. Rancho Santa Margarita Mortgage Co. (App. 4 Dist. 1994) 33 Cal.Rptr.2d 706, 28 Cal.App.4th 686. Civil Rights ☞ 1766

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Real estate broker, who in disregard of agreement with owner to rent to any member of public, refuses to rent to a particular prospective tenant, is denying services to that person within contemplation of § 51 providing that all persons are entitled to full and equal facilities, privileges or services in all business establishments of every kind whatsoever. Lee v. O'Hara (1962) 20 Cal.Rptr. 617, 57 Cal.2d 476, 370 P.2d 321. Civil Rights ☜ 1077

21. ---- Rentals, real estate

Unless landlord uses restrictions on occupations or professions to which he will lease as pretext to exclude persons on basis of characteristics protected by civil rights statutes, such as race, gender, or religion, restrictions do not raise question of fact as to whether exclusion constitutes arbitrary discrimination. Roth v. Rhodes (App. 4 Dist. 1994) 30 Cal.Rptr.2d 706, 25 Cal.App.4th 530. Civil Rights ☜ 1071; Civil Rights ☜ 1750

Minimum income requirement that landlord imposed evenhandedly on all prospective tenants, without regard to their race, color, sex or other personal characteristics, did not violate Unruh Civil Rights Act [West's Ann.Cal.Civ.Code § 51], notwithstanding its alleged disparate impact on women. Harris v. Capital Growth Investors XIV (1991) 278 Cal.Rptr. 614, 52 Cal.3d 1142, 805 P.2d 873. Civil Rights ☜ 1077

Under the Unruh Civil Rights Act (§ 51 et seq.), landlords may not refuse to rent an apartment to a homosexual solely because of that person's sexual preference. Hubert v. Williams (Super. 1982) 184 Cal.Rptr. 161, 133 Cal.App.3d Supp. 1. Civil Rights ☜ 1012; Civil Rights ☜ 1077

Plaintiffs stated cause of action for general and statutory damages on basis that defendant had refused application of plaintiff to rent defendant's apartment for sole reason that plaintiff was member of Negro race. Thomas v. Goulis (1966) 50 Cal.Rptr. 910, 64 Cal.2d 884, 413 P.2d 854. Civil Rights ☜ 1741

Cause of action was stated on theory of discrimination with respect to renting of apartment in rental housing project development in connection with which defendant landlord had received public assistance. Peyton v. Barrington Plaza Corp. (1966) 50 Cal.Rptr. 905, 64 Cal.2d 880, 413 P.2d 849. Injunction ☜ 118(1)

Const. Art. 1, § 26 (repealed), prohibiting state from denying right of any person to decline to sell, lease or rent his real property to such persons as he in his absolute discretion chooses constituted affirmative action on part of state to change its existing laws from situation where discrimination as legally restricted to one wherein it was encouraged and thus denied to Negro plaintiffs, whose offer to rent unoccupied apartments was denied solely on ground that they were Negroes and denied to those similarly situated equal protection of laws as guaranteed by Fourteenth Amendment to Federal Constitution and section was void in its general application. Mulkey v. Reitman (1966) 50 Cal.Rptr. 881, 64 Cal.2d 529, 413 P.2d 825, certiorari granted 87 S.Ct. 500, 385 U.S. 967, 17 L.Ed.2d 431, affirmed 87 S.Ct. 1627, 387 U.S. 369, 18 L.Ed.2d 830. Constitutional Law ☜ 3260(1); Constitutional Law ☜ 3260(1)

Negro tenant was not precluded from proving allegation of racial discrimination in unlawful detainer action because, hypothetically, Negro could terminate tenancy because landlord was white person. Abstract Inv. Co. v. Hutchinson (App. 2 Dist. 1962) 22 Cal.Rptr. 309, 204 Cal.App.2d 242. Landlord And Tenant ☜ 290(3)

22. ---- Realty boards, real estate

Where this section imposed liability upon anyone who aided or incited denial of equal privileges, this section would apply to realty board if evidence showed that board was party to agreement or concerted action to discriminate against Negroes in their purchase of house. Wagner v. O'Bannon (App. 2 Dist. 1969) 79 Cal.Rptr. 44, 274 Cal.App.2d 121. Civil Rights ☜ 1737

A local realty board may not exclude otherwise qualified applicants from membership solely on grounds of color,

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Page 25

West's Ann.Cal.Civ.Code § 52

race, religion, ancestry, or national origin, and such exclusion is in violation of § 51 and this section. 40 Op.Atty.Gen. 174.

### 23. ---- Residency, real estate

This section was not applicable to action by nine year old Negro girl against city and officers and employees thereof for damages for unlawfully excluding her from municipal plunge which city had by regulation limited to use of residents only. McClain v. City of South Pasadena (App. 1957) 155 Cal.App.2d 423, 318 P.2d 199.

Regulation excluding all nonresidents, irrespective of race, color, or creed, from use of municipal plunge bore a reasonable and substantial relation to the health, safety, morals, and general welfare of the residents of the city and was a reasonable classification. McClain v. City of South Pasadena (App. 1957) 155 Cal.App.2d 423, 318 P.2d 199. Municipal Corporations ☞ 721(1)

### 24. Medical clinics

Medical clinic's alleged retaliatory discrimination against patient litigants by terminating care for filing medical malpractice action against clinic physicians did not violate the Unruh Act; the clinic's policy relied on patient's conduct and applied irrespective of the race, color, sex, and religion, and the clinic's concerns about communication and the physician-patient relationship were reasonably related to the medical services it provided, even though the policy applied regardless of whether the patient's malpractice claim was legitimate, how long the patient was with the group, whether the patient has been compliant during that period, and whether the patient's care has been transferred. Scripps Clinic v. Superior Court (App. 4 Dist. 2003) 134 Cal.Rptr.2d 101, 108 Cal.App.4th 917, rehearing denied, review denied. Civil Rights ☞ 1015; Civil Rights ☞ 1045

### 25. Public facilities

Pedestrian who sued city, alleging that city violated state law prohibiting the denial or interference with the enjoyment of public facilities by failing to provide wheelchair accessible curb ramps on city-controlled property, was not required to prove city's intent to discriminate. Lonberg v. City of Riverside, C.D.Cal.2004, 300 F.Supp.2d 942. Civil Rights ☞ 1021

### 26. Schools

Student could bring claim against principal or superintendent for violations of Unruh Civil Rights Act sections, providing that all persons are entitled to full and equal services in all business establishments no matter what their sex and that no business establishment shall discriminate against person based on sex. Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., N.D.Cal.1997, 964 F.Supp. 1369. Civil Rights ☞ 1067(5)

Private school is not place of "public accommodation" or amusement, nor is it "public place" of amusement or accommodation, within this and § 51. Reed v. Hollywood Professional School (Super. 1959) 169 Cal.App.2d Supp. 887, 338 P.2d 633. Civil Rights ☞ 1060

Where private school refused to enroll minor Negro because of her race, school had no monopoly, and legislature and specifically declared public policy in regard to discrimination in particular locations which did not include private schools, public policy against racial discrimination did not apply. Reed v. Hollywood Professional School (Super. 1959) 169 Cal.App.2d Supp. 887, 338 P.2d 633. Schools ☞ 8

### 27. Theaters

With respect to alleged discrimination by operator of motion picture theater, federal antidiscrimination statutes (42

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

U.S.C.A. §§ 1983, 2000a) are no broader in application than this section and § 51. Marsh v. Edwards Theatres Circuit, Inc. (App. 2 Dist. 1976) 134 Cal.Rptr. 844, 64 Cal.App.3d 881. Civil Rights ☞ 1047

It was a violation of § 51, and this section, for the management of a moving picture theater to refuse plaintiff, a negro, a seat except in a section set apart for the so-called dark races, solely on account of plaintiff's color and race. Jones v. Kehrlein (App. 1 Dist. 1920) 49 Cal.App. 646, 194 P. 55. Civil Rights ☞ 1047

While a theater ticket by which the holder was to be admitted to such seat as might be assigned by the management gave the management a right to adjust the seating of the audience and to select, within legal bounds and for legal reasons, the seats of its various patrons, it was invalid so far as it authorized the management to require a negro to sit in a particular section solely because of his race and color. Jones v. Kehrlein (App. 1 Dist. 1920) 49 Cal.App. 646, 194 P. 55. Civil Rights ☞ 1047

Under former § 53, making it unlawful to refuse admittance to any theater, etc., to any person over 21 presenting a ticket of admission, does not prevent a minor from recovering under § 51 and this section, for refusal to allow him to sit anywhere except in a particular section, where he was not discriminated against because of his minority, but because he was a negro. Jones v. Kehrlein (App. 1 Dist. 1920) 49 Cal.App. 646, 194 P. 55. Civil Rights ☞ 1047

28. Immunity

Civil penalties under Unruh Civil Rights Act against county transportation authority were not precluded, in action brought by passenger, by statute barring imposition of punitive damages against public entities; Act distinguished punitive damages and civil penalties as separate remedies, and civil penalties had nonpunitive purposes and were not imposed primarily for punishment. Los Angeles County Metropolitan Transp. Authority v. Superior Court (App. 2 Dist. 2004) 20 Cal.Rptr.3d 92, 123 Cal.App.4th 261. Civil Rights ☞ 1807; Counties ☞ 131

Tort Claims Act provided immunity from money damages for failure to provide sufficient police protective services during riot; statutes conferring right to be free from discriminatory violence or threat of violence were not intended to override immunity or vest courts with jurisdiction to hear claims for money damages involving failure to provide sufficient police protection service. Gates v. Superior Court (App. 2 Dist. 1995) 38 Cal.Rptr.2d 489, 32 Cal.App.4th 481, rehearing denied, review denied. Municipal Corporations ☞ 747(3)

29. Injunction

Although § 51 and this section, prohibiting discriminatory practices in "business establishments", contains no express provision for injunctive relief, that remedy as well as damages may be available to an aggrieved person. Burks v. Poppy Const. Co. (1962) 20 Cal.Rptr. 609, 57 Cal.2d 463, 370 P.2d 313. Injunction ☞ 89(5)

30. Mandamus

A petition for mandamus by members of Negro race to compel city officials to admit petitioners to facilities of municipal plunge when such facilities were open to the public, which petition alleged that petitioners were of clean and moral habits, suffered from no contagious or infections diseases and had no physical or mental defects or disabilities so as to make admission to plunge detrimental to health of other persons, stated cause of action, and if facts alleged were true, mandamus was proper remedy to secure relief sought. Stone v. Board of Directors of City of Pasadena (App. 2 Dist. 1941) 47 Cal.App.2d 749, 118 P.2d 866. Civil Rights ☞ 1054; Mandamus ☞ 83

31. Arbitration

Scope of arbitration clause in health insurance policy, under which parties agreed to submit all disputes regarding insurer's decisions to arbitration, was broad enough to encompass claimed gender discrimination violations of

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Unruh Civil Rights Act arising from inclusion of $2,000 maternity benefits deductible, notwithstanding statutory provision that actions under Act "shall be independent of other remedies or procedures that may be available to aggrieved party." Wolitarsky v. Blue Cross of California (App. 2 Dist. 1997) 61 Cal.Rptr.2d 629, 53 Cal.App.4th 338, review denied. Insurance ☞ 3277

Jurisdictional limit of arbitration clause in health insurance policy, which permitted disputes under $5,000 to be resolved in small claims court, was satisfied with respect to claim that $2,000 maternity benefit deductible was illegal where insured sought treble damages under Unruh Civil Rights Act. Wolitarsky v. Blue Cross of California (App. 2 Dist. 1997) 61 Cal.Rptr.2d 629, 53 Cal.App.4th 338, review denied. Insurance ☞ 3277

### 32. Peer sexual harassment

Student pled sufficient facts that principal was on notice of peer sexual harassment suffered by student and failed to take steps to remedy it because of student's sex in order to state claim that she may have been intentionally deprived of some advantages, privileges, or services of school district and that district and its officials may have otherwise intentionally discriminated against her because of her sex in violation of Unruh Civil Rights Act. Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., N.D.Cal.1997, 964 F.Supp. 1369. Civil Rights ☞ 1741

Even if student's complaints of peer sexual harassment did not constitute violation of Unruh Civil Rights Act section, providing that all persons are entitled to full and equal services in all business establishments no matter what their sex, student could still maintain cause of action under Act section providing that no business establishment shall discriminate against person based on sex, where student sufficiently alleged intentional discrimination. Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., N.D.Cal.1997, 964 F.Supp. 1369. Civil Rights ☞ 1741

### 33. Limitation of actions

Defendants waived argument that causes of action under certain California civil rights statutes were barred under statute of limitations, where district court ordered defendants to file motions for summary judgment on any affirmative defenses that were purely questions of law, district court warned that failure to do so would be waiver, some defendants failed to make any statute of limitations arguments in response, and one defendant made statute of limitations argument in response but only with respect to negligence cause of action. Winarto v. Toshiba America Electronics Components, Inc., C.A.9 (Cal.)2001, 274 F.3d 1276, certiorari dismissed 123 S.Ct. 816, 537 U.S. 1098, 154 L.Ed.2d 766. Federal Courts ☞ 616; Federal Courts ☞ 617

### 34. Federal jurisdiction

Exercise of supplemental jurisdiction over disabled individual's claims against restaurant owners pursuant to California's Unruh Act and Disabled Persons Act (DPA) was not warranted in action alleging violations of Title III of ADA, even though claims arose out of same incident, and state law provided that ADA violation constituted violation of state law, where it was unclear whether state law permitted recovery of daily damages, monetary damages were not permitted under ADA, and plaintiff's sole purpose for attaching ADA claim was to get his state claims into federal court. Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant, S.D.Cal.2005, 406 F.Supp.2d 1120. Federal Courts ☞ 14.1

### 35. Notice

District court erred by failing to afford notice and right to opt-out as to claims for treble damages sought under state civil rights statute in disability discrimination action against owner and operator of service stations; treble damages were substantial, rather than incidental to injunctive relief sought, precluding certification of mandatory

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Page 28

West's Ann.Cal.Civ.Code § 52

class as violation of due process. Molski v. Gleich, C.A.9 (Cal.)2003, 318 F.3d 937. Constitutional Law⊂⟹ 3981; Federal Civil Procedure ⊂⟹ 177.1; Federal Civil Procedure ⊂⟹ 180; Federal Civil Procedure ⊂⟹ 181

36. Pleadings

Allegation that prison was business establishment and that shooting of prison inmate was result of arbitrary discrimination based on race or other protected classification was required to state damages claim under California statute imposing liability on anyone who discriminates in business establishments. Gaston v. Colio, S.D.Cal.1995, 883 F.Supp. 508. Civil Rights ⊂⟹ 1093

Male night club patrons who were charged higher price for admission than female patrons were not required, as part of their sex discrimination claim under Unruh Civil Rights Act, to demonstrate that they affirmatively requested nondiscriminatory treatment and were refused; the Act did not contain express language requiring that before a legal action may be filed, the victim of the asserted discrimination must have demanded equal treatment and have been refused, and a contrary conclusion would have been inconsistent with the purpose of the Act to eradicate or eliminate arbitrary invidious discrimination in places of public accommodation. Angelucci v. Century Supper Club (2007) 59 Cal.Rptr.3d 142, 41 Cal.4th 160, 158 P.3d 718, modification denied. Civil Rights⊂⟹ 1046; Civil Rights ⊂⟹ 1047

Trial court did not abuse its discretion in denying plaintiff's motion to amend complaint to assert Unruh Act claim on eve of trial, nearly two years after complaint was originally filed; in preparing for trial on other claims, defendant had not deposed many witnesses who would support new allegations, nor martialed evidence to oppose claim. Magpali v. Farmers Group, Inc. (App. 2 Dist. 1996) 55 Cal.Rptr.2d 225, 47 Cal.App.4th 1024, 48 Cal.App.4th 471, modified on denial of rehearing. Pleading ⊂⟹ 236(7)

Tenant, who alleged that process server improperly served unlawful detainer complaint and signed a false affidavit, but who failed to allege that he was subject to discrimination on basis of sex, race, color, religion, ancestry, or national origin, failed to state a cause of action under the Unruh Civil Rights Act (§§ 51 to 53). Slaughter v. Legal Process and Courier Service (App. 1 Dist. 1984) 209 Cal.Rptr. 189, 162 Cal.App.3d 1236. Civil Rights ⊂⟹ 1741

Complaint alleging that due to his sex plaintiff was denied services, advantages, accommodations, facilities, and privileges accorded to other persons in defendant's food and drink establishment was sufficient to state a cause of action under Unruh Act as against a general demurrer. Hales v. Ojai Valley Inn and Country Club (App. 2 Dist. 1977) 140 Cal.Rptr. 555, 73 Cal.App.3d 25. Civil Rights ⊂⟹ 1741

On special demurrer to complaint for alleged arbitrary discrimination arising from requirement in defendant's food and drink establishment that men wear ties but women need not, plaintiff might well, in discretion of trial court, be acquired to allege some facts in more detail, but complaint was sufficient to indicate nature of plaintiff's contention and, hence, to state a cause of action which was good as against a general demurrer. Hales v. Ojai Valley Inn and Country Club (App. 2 Dist. 1977) 140 Cal.Rptr. 555, 73 Cal.App.3d 25. Civil Rights ⊂⟹ 1741

Civil rights complaint which alleged that defendant, who had exclusive right to sell plaintiffs' house, failed affirmatively to seek out Negro buyers and to advertise affirmatively that buyers of all races were invited to purchase did not show the required denial of equal rights or discrimination on account of race or color. Crowell v. Isaacs (App. 1 Dist. 1965) 45 Cal.Rptr. 566, 235 Cal.App.2d 755. Civil Rights ⊂⟹ 1741

Complaint charging that real estate broker's refusal to sell home to plaintiffs because of their Mexican ancestry and that such conduct was in violation of § 51 and this section, prohibiting discrimination in rendering of services in all business establishments of every kind whatsoever, was sufficient to state a cause of action for injunctive relief but was subject to special demurrer for uncertainty as to whether plaintiffs were complaining of broker's actions solely as they related to conducting of his own business or of broker's actions as agent of third parties. Vargas v.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Hampson (1962) 20 Cal.Rptr. 618, 57 Cal.2d 479, 370 P.2d 322. Injunction ☞ 120

A complaint for damages under this section and § 51, for causing removal from a hotel showed a causal connection between the defendant's act and plaintiff's removal. Piluso v. Spencer (App. 1918) 36 Cal.App. 416, 172 P. 412. Civil Rights ☞ 1741

37. Discovery

Americans with Disabilities Act (ADA) plaintiff was entitled to protective order prohibiting defendants from requiring plaintiff to disclose, in response to defendants' interrogatories, settlement amounts of cases filed on his behalf; financial information from prior settlements was not relevant to standing defense, which was based on argument that plaintiff was attempting to act as a private attorney general by purposely visiting establishments just to be denied access, and plaintiff's counsel stipulated that plaintiff was not seeking to recover an award of actual damages based on claims of emotional distress beyond the amounts provided for in California Civil Code. Molski v. Franklin, S.D.Cal.2004, 222 F.R.D. 433. Federal Civil Procedure ☞ 1486

In prosecution of jail inmate for his battery of deputy sheriff which allegedly occurred when he failed to leave visiting area of jail when requested to do so at close of visiting hours, trial court did not abuse its discretion in refusing to require prosecution to produce record of all batteries committed by inmates or officers of jail for prior two-year period, together with criminal prosecutions, and disciplinary proceedings instituted in connection therewith, despite defendant's assertion that such information might show that he was victim of discriminatory law enforcement in that significantly more prisoners than jailors were prosecuted for batteries committed in jail. Robinson v. Superior Court of Los Angeles County (App. 2 Dist. 1978) 143 Cal.Rptr. 328, 76 Cal.App.3d 968. Criminal Law ☞ 627.6(6)

38. Stipulations

Where stipulation which provide that, if Negro purchasers who claimed they were discriminated against in acquisition of home did in fact obtain home, suit against listing broker would be dismissed was not consummated within time provided for by stipulation, fact that purchasers ultimately obtained house did not entitle listing broker to dismissal of action by purchasers against him. Wagner v. O'Bannon (App. 2 Dist. 1969) 79 Cal.Rptr. 44, 274 Cal.App.2d 121. Stipulations ☞ 14(6)

39. Instructions

In an action under this section and § 51, for causing removal from a hotel, a refused instruction that the law does not require the keeper to furnish a place of residence or business was too sweeping. Piluso v. Spencer (App. 1918) 36 Cal.App. 416, 172 P. 412. Civil Rights ☞ 1754

In an action under § 51, and this section, for causing removal from a hotel, a statement in a refused instruction was covered by a part of the charge. Piluso v. Spencer (App. 1918) 36 Cal.App. 416, 172 P. 412. Trial ☞ 260(6)

Where there is no evidence that defendants refused to allow plaintiff the use of the water, it is not error to refuse defendants' request to instruct that they were not bound to furnish such water. Willis v. McMahan (1891) 89 Cal. 156, 26 P. 649. Innkeepers ☞ 7

40. Presumptions and burden of proof

The litigant need not prove she suffered actual damages to recover independent statutory damages of $4,000 under California's Unruh Civil Rights Act. Molski v. M.J. Cable, Inc., C.A.9 (Cal.)2007, 481 F.3d 724. Civil Rights☞

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Page 30

West's Ann.Cal.Civ.Code § 52

1764

Plaintiff seeking to establish case under Unruh Civil Rights Act [West's Ann.Cal.Civ.Code § 51] must plead and prove "intentional" discrimination in public accommodations, and may not rely on disparate impact analysis or test. Harris v. Capital Growth Investors XIV (1991) 278 Cal.Rptr. 614, 52 Cal.3d 1142, 805 P.2d 873. Civil Rights⇐⇒ 1044; Civil Rights ⇐⇒ 1739

41. Summary judgment

Upon grant of summary judgment to insured, ruling that life insurance premium was not based on sound actuarial principles or actual and reasonably anticipated experience, California law authorized district court to require insurer to issue insured policy that conformed with its order. Chabner v. United of Omaha Life Ins. Co., C.A.9 (Cal.)2000, 225 F.3d 1042. Federal Civil Procedure ⇐⇒ 2501

42. Evidence--In general

Evidence in action by Negroes who claimed that they were discriminated against in attempting to purchase home supported inference that treatment accorded plaintiffs was part of group plan or understanding among individual brokers and their trade association. Wagner v. O'Bannon (App. 2 Dist. 1969) 79 Cal.Rptr. 44, 274 Cal.App.2d 121 . Civil Rights ⇐⇒ 1745

43. ---- Admissibility of evidence

Although plaintiff may recover under Unruh Civil Rights Act [West's Ann.Cal.Civ.Code § 51] only for "intentional" discrimination in public accommodations, evidence that landlord's practices have disparate impact on minority may be admissible, as probative on question of intentional discrimination. Harris v. Capital Growth Investors XIV (1991) 278 Cal.Rptr. 614, 52 Cal.3d 1142, 805 P.2d 873. Civil Rights ⇐⇒ 1745

In an action under § 51, and this section, for causing removal from a hotel, evidence of defendant's treatment of plaintiff in other respects was admissible to show malice and as indicative of oppression. Piluso v. Spencer (App. 1918) 36 Cal.App. 416, 172 P. 412. Civil Rights ⇐⇒ 1745

In an action under § 51, and this section, for causing removal from a hotel, a letter from defendant to the proprietor asking him to inform plaintiff he would need his rooms and that board would be doubled was admissible to show malice and hostility. Piluso v. Spencer (App. 1918) 36 Cal.App. 416, 172 P. 412. Civil Rights ⇐⇒ 1745

In an action against an innkeeper for refusal to entertain plaintiff, an invalid, thereby preventing him from receiving the benefit of the water of a mineral spring appurtenant to the hotel, from which it is alleged that he had derived much benefit theretofore, it is not error to allow plaintiff to testify that deprivation of the water had injured his health. Willis v. McMahan (1891) 89 Cal. 156, 26 P. 649. Innkeepers ⇐⇒ 7; Innkeepers ⇐⇒ 9

44. ---- Sufficiency of evidence

Substantial evidence supported jury's determination that employer, supervisor, and co-worker acted with oppression, fraud, or malice in connection with co-worker's harassment of employee, as required for award of punitive damages under Title VII, California's Fair Employment and Housing Act (FEHA), and California statute providing right to be free from violence by threat of violence committed because of race, national origin, or sex. Winarto v. Toshiba America Electronics Components, Inc., C.A.9 (Cal.)2001, 274 F.3d 1276, certiorari dismissed 123 S.Ct. 816, 537 U.S. 1098, 154 L.Ed.2d 766. Civil Rights ⇐⇒ 1769

Evidence in action by Negro purchasers claiming that they were discriminated against in acquisition of home

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

sustained finding that seller made her own decision to refuse to make sale uninfluenced by any deception on part of brokers and warranted dismissal of seller's cross complaint against brokers. Wagner v. O'Bannon (App. 2 Dist. 1969) 79 Cal.Rptr. 44, 274 Cal.App.2d 121. Civil Rights 🔗 1745

Evidence, on issue as to plaintiffs' right to sue innkeeper for refusal because of color, of accommodations to four other persons, would not sustain finding that plaintiffs had acted as agents for the four persons allegedly denied accommodations. Kennedy v. Domerque (Super. 1955) 137 Cal.App.2d Supp. 849, 290 P.2d 85. Principal And Agent 🔗 23(5)

In action for damages for alleged denial of plaintiffs' rights under statute, evidence that other persons were served with food and drinks at bar in defendant's cafe, but that plaintiffs were refused such service because they were colored, sustained judgment for plaintiffs. Evans v. Fong Poy (App. 1941) 42 Cal.App.2d 320, 108 P.2d 942. Civil Rights 🔗 1745

In action to recover for discrimination in restaurant accommodations, evidence sustained finding for defendant. Gilmore v. Paris Inn (App. 2 Dist. 1935) 10 Cal.App.2d 353, 51 P.2d 1103. Civil Rights 🔗 1745

   45. ---- Judicial notice, evidence

Court of Appeal would decline respondent restaurant owner's request that it take judicial notice of some 28 lawsuits filed by appellant disabled individual against small businesses, in individual's appeal from trial court's order entering summary judgment in favor of restaurant owner in action to recover damages for Unruh Civil Rights Act violations, since abuses that could occur under expansive interpretation of Act urged by appellant on appeal were well documented without any references to his own personal conduct. Gunther v. Lin (App. 4 Dist. 2006) 50 Cal.Rptr.3d 317, 144 Cal.App.4th 223, review denied. Evidence 🔗 43(4)

   46. Jury questions

Whether co-worker's violence and threats of violence were motivated by animus towards employee because of her membership in protected class of persons was for jury in action under California statute providing right to be free from violence or intimidation by threat of violence committed because of race, national origin, or sex; co-worker derisively called employee "chick," admitted that messing employee's hair was "girl thing," and mimicked employee's Indonesian accent "very, very frequently." Winarto v. Toshiba America Electronics Components, Inc., C.A.9 (Cal.)2001, 274 F.3d 1276, certiorari dismissed 123 S.Ct. 816, 537 U.S. 1098, 154 L.Ed.2d 766. Civil Rights 🔗 1749

   47. Findings

Findings against seller on her cross complaint against brokers were not binding upon plaintiffs who brought action against seller, brokers, and their trade association for alleged discrimination in connection with plaintiffs' purchase of house. Wagner v. O'Bannon (App. 2 Dist. 1969) 79 Cal.Rptr. 44, 274 Cal.App.2d 121. Civil Rights 🔗 1746

Findings showed plaintiff was denied full accommodations at soda fountain on account of race, in violation of § 51 and this section. Hutson v. Owl Drug Co. (App. 1 Dist. 1926) 79 Cal.App. 390, 249 P. 524. Civil Rights 🔗 1745

   48. Damages--In general

When determining amount in controversy, for purposes of diversity jurisdiction, court could have taken into account that state discrimination claims authorized treble damages and attorney fees as well as punitive damages. Chabner v. United of Omaha Life Ins. Co., C.A.9 (Cal.)2000, 225 F.3d 1042. Federal Courts 🔗 336.1; Federal

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Courts ☞ 337; Federal Courts ☞ 338

Visitor was denied equal access to nursing facility, and thus was entitled to damages under California's Unruh Civil Rights Act, where projecting ramp made it difficult to stabilize her wheelchair when she got out of car, ramps leading to entrance were too steep, and she was unable to use soap and towel dispensers in restrooms. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2004, 408 F.Supp.2d 923. Civil Rights ☞ 1021

California's Unruh Civil Rights Act (UCRA) prohibition of discrimination based on disability and permitting penalty award for each and every offense does not impose liability upon noncompliant place of public accommodation for "daily damages," that is, per day penalty assessment until all barriers to access are removed. Molski v. Rapazzini Winery, N.D.Cal.2005, 400 F.Supp.2d 1208. Civil Rights ☞ 1807

Claim by disabled individual that he was being subjected to discrimination because he could not return to or make use of restaurant, due to its lack of accessibility, were sufficient to allege that he was suffering daily damages due to lack of accessibility, as would support recovery of damages on daily basis under California Civil Code. Botosan v. Fitzhugh, S.D.Cal.1998, 13 F.Supp.2d 1047. Civil Rights ☞ 1021

49. ---- Statutory minimum damages

Disabled individual was entitled under California's Unruh Civil Rights Act (UCRA) to recover statutory minimum damages for each time he visited restaurant and encountered architectural barriers. Feezor v. Del Taco, Inc., S.D.Cal.2005, 431 F.Supp.2d 1088. Civil Rights ☞ 1766

To maintain an action for statutory minimum damages under California's Unruh Civil Rights Act, a plaintiff must only show that she was denied full and equal access, not that she was wholly excluded from enjoying the defendant's services. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2004, 408 F.Supp.2d 923. Civil Rights ☞ 1766

Proof of actual damages is not a prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2004, 408 F.Supp.2d 923. Civil Rights ☞ 1764

50. ---- Actual damages

Disabled plaintiff was entitled to award of statutory minimum damages under California's Unruh Civil Rights Act, even without proof of actual damages, given evidence that plaintiff was deterred from patronizing real estate office due to lack of handicapped parking. Botosan v. Paul McNally Realty, C.A.9 (Cal.)2000, 216 F.3d 827. Civil Rights ☞ 1766

Proof of actual damages is not a prerequisite to recovery of statutory minimum damages under California's Unruh Civil Rights Act. Botosan v. Paul McNally Realty, C.A.9 (Cal.)2000, 216 F.3d 827. Civil Rights ☞ 1764

"Actual damages" recoverable under California's Unruh Civil Rights Act encompass special and general damages. Boemio v. Love's Restaurant, S.D.Cal.1997, 954 F.Supp. 204. Civil Rights ☞ 1764

"Actual damages" recoverable under California's Unruh Civil Rights Act means compensatory damages that include both special damages for out-of-pocket losses and general damages for emotional distress; special damages are characterized as peculiarly measurable, while general damages for emotional distress are characterized as nonquantifiable. Boemio v. Love's Restaurant, S.D.Cal.1997, 954 F.Supp. 204. Civil Rights ☞ 1764

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Page 33

West's Ann.Cal.Civ.Code § 52

51. ---- Treble damages

District court erred by failing to afford notice and right to opt-out as to claims for treble damages sought under state civil rights statute in disability discrimination action against owner and operator of service stations; treble damages were substantial, rather than incidental to injunctive relief sought, precluding certification of mandatory class as violation of due process. Molski v. Gleich, C.A.9 (Cal.)2003, 318 F.3d 937. Constitutional Law 3981; Federal Civil Procedure 177.1; Federal Civil Procedure 180; Federal Civil Procedure 181

52. ---- Punitive or exemplary damages

Punitive damages are recoverable for violations of provisions of California Civil Code which prohibit discrimination on basis of disability. Botosan v. Fitzhugh, S.D.Cal.1998, 13 F.Supp.2d 1047. Civil Rights 1768

Disabled restaurant patron who brought action against owner of premises on which restaurant was located under provisions of California Civil Code prohibiting discrimination based on disability could recover punitive damages, but only as expressly authorized under provisions of Code which establish cap for exemplary awards at treble the actual damages suffered. Botosan v. Fitzhugh, S.D.Cal.1998, 13 F.Supp.2d 1047. Civil Rights 1770

Sections of California Civil Code under which remedies for violations of Code's prohibitions on discrimination based on disability are independent of other remedies, and nonexclusive, merely permit plaintiffs other avenues of relief, and do not allow recovery of punitive damages beyond statutory cap under Code in actions based on disability discrimination. Botosan v. Fitzhugh, S.D.Cal.1998, 13 F.Supp.2d 1047. Civil Rights 1768

Civil penalties under Unruh Civil Rights Act differ from punitive damages; civil penalties are awarded upon showing of liability by a preponderance of evidence rather than convincing evidence of fraud, oppression, or malice, the amount of civil penalties is set rather than being subject to limitless jury discretion, and evidence of defendant's financial condition is not required. Los Angeles County Metropolitan Transp. Authority v. Superior Court (App. 2 Dist. 2004) 20 Cal.Rptr.3d 92, 123 Cal.App.4th 261. Civil Rights 1807

In an action under § 51, and this section prior to the 1919 amendment, for causing removal from a hotel, the jury might award punitive damages for malice or oppression in excess of $50 minimum fixed by this section prior to said amendment. Piluso v. Spencer (App. 1918) 36 Cal.App. 416, 172 P. 412. Civil Rights 1770

Where a colored woman, hailed the conductor of a street car, requesting him to take her on board, which he failed to do, and conductor stated immediately after, in reply to a request of a passenger to take plaintiff up as requested, that "we don't take colored people in the cars," and there was at the time ample room in the car to accommodate plaintiff, who was ready and willing to pay the fare, there being no evidence of malice, ill will, or wanton conduct towards plaintiff on the part of defendant, it was not a case for exemplary damages. Pleasants v. North Beach and Mission R. Co. (1868) 34 Cal. 586. Civil Rights 1770

53. ---- Excessive damages

Punitive damages awards of $3 million against California Highway Patrol (CHP) with net worth of $50,000 to $55,000 and annual salary of $60,000, and $1 million against CHP sergeant with net worth of $415,000 and retirement income of $60,000 per year, were financially ruinous and thus unreasonable in motorist's § 1983 retaliation action predicated on repeated stops after motorist made complaint about officer. Grassilli v. Barr (App. 4 Dist. 2006) 48 Cal.Rptr.3d 715, 142 Cal.App.4th 1260, modified on denial of rehearing, review denied. Civil Rights 1465(1)

Punitive damages awards of $3 million against one California Highway Patrol (CHP) officer and $1 million

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

against CHP sergeant were excessive, in violation of due process, to motorist who was awarded $500,000 compensatory damages in his § 1983 retaliation suit in connection with repeated stops after motorist made complaint about officer's conduct; although conduct was reprehensible, motorist was never assaulted or imprisoned, ratio of about 8 to 1 between punitive and compensatory damages was excessive in light of motorist's being fully compensated for his damages, and statutes would allow maximum three times damages for civil penalties for civil rights violations. Grassilli v. Barr (App. 4 Dist. 2006) 48 Cal.Rptr.3d 715, 142 Cal.App.4th 1260, modified on denial of rehearing, review denied. Civil Rights ☞ 1465(1); Constitutional Law ☞ 4427

54. Attorney fees--In general

Attorneys for civil rights plaintiff reasonably and necessarily expended 244.45 hours on the case, billable at various rates up to $250 per hour for lead attorney, for award of $58,819.43, including costs. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2005, 406 F.Supp.2d 1096. Civil Rights ☞ 1476; Civil Rights☞ 1488; Civil Rights ☞ 1774

Plaintiffs, who succeeded in obtaining an injunction prohibiting plaintiffs' discriminatory business practice of requiring an oath or affirmation of a particular religious belief as a precondition to placement of an advertisement in defendant's publication, were entitled to an award of attorney fees. Pines v. Tomson (App. 2 Dist. 1984) 206 Cal.Rptr. 866, 160 Cal.App.3d 370. Costs ☞ 194.25

55. ---- Court's discretion, attorney fees

Under California's Unruh Civil Rights Act (UCRA), court possesses discretion as to amount of the fees, but not their entitlement. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2005, 406 F.Supp.2d 1096. Civil Rights ☞ 1772

Under provision of Unruh Civil Rights Act authorizing award of attorney fees to prevailing party, court possesses discretion to determine amount of the fees, but not to their entitlement. Engel v. Worthington (App. 4 Dist. 1997) 70 Cal.Rptr.2d 526, 60 Cal.App.4th 628. Civil Rights ☞ 1772

56. ---- Settlements, attorney fees

Paraplegic who settled Unruh Civil Rights Act disability discrimination action against grocery store was not entitled to an award of attorney fees, since the plain language of the Act requires a finding of liability before attorney fees can be awarded, no such finding was made, and settlement did not provide for attorney fees. Doran v. North State Grocery, Inc. (App. 3 Dist. 2006) 39 Cal.Rptr.3d 922, 137 Cal.App.4th 484, review denied. Civil Rights ☞ 1774

57. ---- Appropriate hourly fee, attorney fees

Appropriate hourly fee for attorney for prevailing civil rights plaintiff was $250, given counsel's more than twenty years of legal experience and similar rate awarded in other civil rights cases in the district. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2005, 406 F.Supp.2d 1096. Civil Rights ☞ 1488; Civil Rights☞ 1774

58. ---- Relatedness inquiry, attorney fees

To begin the inquiry whether successful and unsuccessful civil rights claims are related, as it affects decision whether to reduce attorney fee award to reflect unsuccessful claims, the court must ask whether the successful and unsuccessful claims are distinctly different claims for relief that are based on different facts and legal theories, or whether they involve a common core of facts or are based on related legal theories; in sum, if two claims do not

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

arise from the same course of conduct, they are unrelated. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2005, 406 F.Supp.2d 1096. Civil Rights ☞ 1486; Civil Rights ☞ 1487; Civil Rights ☞ 1772

Two-part analysis was to be made in determining whether attorney fee reduction was required where civil rights plaintiff's success was limited: first, the court would ask whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims, and if not, the final fee award could not include time expended on the unsuccessful claims; but if the unsuccessful and successful claims were related, then the court had to apply the second part of the analysis, in which the court would evaluate the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation, so that, if the plaintiff obtained excellent results, full compensation may be appropriate, but if only partial or limited success was obtained, full compensation may be excessive. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2005, 406 F.Supp.2d 1096. Civil Rights ☞ 1486; Civil Rights ☞ 1487; Civil Rights ☞ 1772

59. ---- Excessive hours, attorney fees

In arriving at the lodestar figure for attorney fee award in civil rights case, the court should exclude hours that are excessive, redundant, or otherwise unnecessary. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2005, 406 F.Supp.2d 1096. Civil Rights ☞ 1488; Civil Rights ☞ 1772

60. ---- Reduction, attorney fees

All of civil rights plaintiff's causes of action were grounded in same common core of facts and were inextricably intertwined, and so fact that she was unsuccessful on some of the claims was not grounds for a reduction in the requested attorney fee. Hubbard v. Twin Oaks Health and Rehabilitation Center, E.D.Cal.2005, 406 F.Supp.2d 1096. Civil Rights ☞ 1486; Civil Rights ☞ 1487; Civil Rights ☞ 1774

61. Parties--In general

The California Attorney General may bring a civil rights action to enforce state access requirements in certain circumstances; the responsibility for bringing actions to secure compliance with federal access requirements rests with private parties and the United States Attorney General. 76 Op.Atty.Gen. 130, 7-14-93.

62. ---- Standing, parties

Nonprofit corporation whose role was to eliminate discriminatory housing practices did not have standing, as "person aggrieved" under this act, to bring action challenging apartment complex' policy of limiting occupancy to one person per bedroom, even though corporation had allegedly expended considerable staff time and expenses investigating claims of discrimination at apartment. Midpeninsula Citizens for Fair Housing v. Westwood Investors (App. 6 Dist. 1990) 271 Cal.Rptr. 99, 221 Cal.App.3d 1377, rehearing denied and modified. Civil Rights ☞ 1737

Term "person aggrieved," as used in subd. (c) of this section, cannot be interpreted so broadly as to confer standing upon plaintiffs whose civil rights have not been personally violated. Midpeninsula Citizens for Fair Housing v. Westwood Investors (App. 6 Dist. 1990) 271 Cal.Rptr. 99, 221 Cal.App.3d 1377, rehearing denied and modified.

Nonprofit corporation whose goal was to eliminate discriminatory housing practices did not have representative standing, on behalf of its members, to bring action under this act challenging apartment complex' policy of limiting occupancy to one person per bedroom, absent showing that corporation had specific member or members who desired to live at complex and who would suffer injury as result of alleged discriminatory policy. Midpeninsula Citizens for Fair Housing v. Westwood Investors (App. 6 Dist. 1990) 271 Cal.Rptr. 99, 221 Cal.App.3d 1377, rehearing denied and modified. Civil Rights ☞ 1737

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

Nonprofit corporation which was admittedly not "person aggrieved" by apartment complex' alleged discriminatory occupancy policy could nevertheless bring action under this act under separate standing provisions of Business and Professions Code § 17204. Midpeninsula Citizens for Fair Housing v. Westwood Investors (App. 6 Dist. 1990) 271 Cal.Rptr. 99, 221 Cal.App.3d 1377, rehearing denied and modified. Civil Rights ☞ 1737

Interpreting Bus. & Prof. Code § 17204 allowing nonaggrieved persons to bring suit to enforce Civ. Code § 51 on behalf of the general public did not render standing provisions of this section meaningless, as actions for triple damages and attorney fees could only be brought under standing provisions of this section, while nonaggrieved plaintiffs who sued under Bus. & Prof. Code § 17204 for injunctive relief on behalf of general public could not obtain treble damages or attorney fees. Consumers Union of United States, Inc. v. Fisher Development, Inc. (App. 1 Dist. 1989) 257 Cal.Rptr. 151, 208 Cal.App.3d 1433, review denied. Civil Rights ☞ 1735; Antitrust And Trade Regulation ☞ 290

    63. Preservation of issues

Plaintiff waived his right of review of damages awarded under the California Unruh Civil Rights Act by failing to object to the district court's jury instruction on damages. Rodriguez v. Home Depot USA, Inc., C.A.9 (Cal.) 2006, 175 Fed.Appx. 902, 2006 WL 991868, Unreported. Federal Courts ☞ 634

    64. Review

De novo review applied to county transportation authority's argument to Court of Appeal that the Unruh Civil Rights Act civil penalties constituted impermissible punitive damages under statute barring imposition of punitive damages against public entities. Los Angeles County Metropolitan Transp. Authority v. Superior Court (App. 2 Dist. 2004) 20 Cal.Rptr.3d 92, 123 Cal.App.4th 261. Appeal And Error ☞ 893(1)

Where reviewing court's conclusion that trial court erred was based upon state law relating to discrimination in sale of housing at time of trial and since trial the United States Supreme Court ruled that owner's refusal to sell home to Negro for sole reason of his race was violation of Civil Rights Statute [42 U.S.C.A. § 1982] on retrial, trial court must consider effect of such decision in evaluating conduct of seller and brokers with whom seller dealt. Wagner v. O'Bannon (App. 2 Dist. 1969) 79 Cal.Rptr. 44, 274 Cal.App.2d 121. Appeal And Error ☞ 1107

The appellate court could not order writ of mandate to issue to compel city officials to admit members of Negro race to privileges and facilities of a municipal plunge at time when such facilities were open to the public where there were certain controverted issues which should have been determined by trial court. Stone v. Board of Directors of City of Pasadena (App. 2 Dist. 1941) 47 Cal.App.2d 749, 118 P.2d 866. Mandamus ☞ 187.10

    65. Remand

District court's failure to apportion damages for damaged property and lost profits to employer's respective causes of action against union local was generally harmless; however, damages would be remanded to permit district court to inform Court of Appeals what portion, if any, of damages awarded was attributable to violation California's prohibition of violence, or threat of violence, against person or their property, because of their position in labor dispute. Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers, C.A.9 (Cal.)1997, 124 F.3d 999. Labor And Employment ☞ 1988

West's Ann. Cal. Civ. Code § 52, CA CIVIL § 52

Current through Ch. 750 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 52

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.