# Exhibit "15" to Appendix of Foreign Authorities

## Outerbridge Access Association, et al. v.
## Marie Callender's Pie Shops, Inc., et al.

## Southern District Case No. 07-CV-2129 BTM (AJB)



West's Ann.Cal.Civ.Code § 54.3

▷

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Civil Code (Refs & Annos)
    Division 1. Persons (Refs & Annos)
      ⌐■ Part 2.5. Blind and Other Physically Disabled Persons (Refs & Annos)

    →§ 54.3. Violations; liability

(a) Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1, and 54.2. "Interfere," for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person.

(b) Any person who claims to be aggrieved by an alleged unlawful practice in violation of Section 54, 54.1, or 54.2 may also file a verified complaint with the Department of Fair Employment and Housing pursuant to Section 12948 of the Government Code. The remedies in this section are nonexclusive and are in addition to any other remedy provided by law, including, but not limited to, any action for injunctive or other equitable relief available to the aggrieved party or brought in the name of the people of this state or of the United States.

(c) A person may not be held liable for damages pursuant to both this section and Section 52 for the same act or failure to act.

CREDIT(S)

(Added by Stats.1968, c. 461, p. 1092, § 1. Amended by Stats.1976, c. 971, p. 2270, § 2; Stats.1976, c. 972, p. 2274, § 2.5; Stats.1977, c. 881, p. 2650, § 1; Stats.1981, c. 395, § 1; Stats.1992, c. 913 (A.B.1077), § 7; Stats.1994, c. 1257 (S.B.1240), § 4; Stats.1996, c. 498 (S.B.1687), § 2.3.)

      <Part 2.5 was added by Stats.1968, c. 461, p. 1092, § 1.>

HISTORICAL AND STATUTORY NOTES

2007 Main Volume

The 1976 amendments inserted "deaf person" and substituted "is liable for each such offense for the actual damages and, in addition thereto, up to five hundred dollars ($500) in punitive damages, suffered by any person denied any of the rights provided in §§ 54, 54.1, and 54.2" for "shall be guilty of a misdemeanor".

Amendment of this section by § 2 of Stats.1976, c. 972, p. 2274, failed to become operative under the provisions of

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

**EXHIBIT 15**

West's Ann.Cal.Civ.Code § 54.3

§ 4 of that Act.

The 1977 amendment inserted "physically" preceding "disabled person"; and raised maximum punitive damages from $500 to $1000.

Section 3 of Stats.1977, c. 881, p. 2651, provided:

"The Legislature hereby declares that despite the holding in Marsh v. Edwards Theatres Circuit, Inc. (64 Cal.App.3d 881) it has never been its intention to bar private causes of actions under Part 2.5 (commencing with § 64) of Division 1 of the Civil Code. It is the intention of his act to establish reasonable limits of recovery with regard thereto."

The 1981 amendment substituted "any amount as may be determined by a jury, or the court sitting without a jury, up to maximum of three times the amount of actual damages but in no case less than two hundred fifty dollars ($250), and such attorney's fees as may be determined by the court in addition thereto" for "in addition thereto, up to one thousand dollars ($1,000) in punitive damages".

The 1992 amendment substituted "an individual with a disability" for "a totally or partially blind person, deaf person, or other physically disabled person".

Section 1 of Stats.1992, c. 913 (A.B.1077), provides:

"It is the intent of the Legislature in enacting this act to strengthen California law in areas where it is weaker than the Americans with Disabilities Act of 1990 (Public Law 101-336) and to retain California law when it provides more protection for individuals with disabilities than the Americans with Disabilities Act of 1990."

The 1994 amendment designated the existing text as subd. (a) and increased the minimum damage amount from $250 to $750 and added the last sentence defining interfere; and added subd. (b) relating to the nonexclusivity of the remedies provided.

Operative date of Stats.1994, c. 1257 (S.B.1240), see Historical and Statutory Notes under Civil Code § 54 and see Government Code § 17580.

The 1996 amendment, in subd. (a), substituted "one thousand dollars ($1,000)" for "seven hundred fifty dollars ($750)" and made nonsubstantive changes; at the beginning of subd. (b), inserted the sentence pertaining to verified complaints filed pursuant to Government Code § 12948; and added subd. (c), relating to liability under both this section and Civil Code § 52.

LAW REVIEW AND JOURNAL COMMENTARIES

California disability anti-discrimination law: Lighthouse in the storm, or hunt for buried treasure? Tammy L. McCabe, 36 McGeorge L. Rev. 661 (2005).

Challenging barriers. Eve Hill, Sheila Khan-Variba, 28 L.A. Law. 31 (Nov. 2005).

New rights for the disabled. Michael M. Johnson, 11 Cal.Law. 63 (June 1991).

Recent opinions in civil, family, and juvenile dependency law from the court of appeal, fourth district, division three. Matthew K. Ross, 49 Orange County Law. 31 (2007).

Review of selected 1996 California legislation. 28 Pac.L.J. 633 (1997).

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 54.3

LIBRARY REFERENCES

2007 Main Volume

> Civil Rights ☞1021, 1043 to 1054.
> Westlaw Topic No. 78.

RESEARCH REFERENCES

**Encyclopedias**

CA Jur. 3d Carriers § 156, Civil Liability for Failure to Transport.

CA Jur. 3d Civil Rights § 83, Action for Damages.

CA Jur. 3d Pleading § 93, Prayer in Cases of Default Judgment.

Cal. Civ. Prac. Civil Rights Litigation § 1:3, Statutory Rights.

Cal. Civ. Prac. Civil Rights Litigation § 1:24, Availability of Attorney's Fees, Generally.

Cal. Civ. Prac. Civil Rights Litigation § 12:6, Unruh Act and Disabled Persons Act.

Cal. Civ. Prac. Civil Rights Litigation § 12:21, Statutory Damages.

Cal. Civ. Prac. Civil Rights Litigation § 12:22, Punitive Damages.

Cal. Civ. Prac. Civil Rights Litigation § 12:24, Attorney's Fees.

Cal. Civ. Prac. Civil Rights Litigation § 12:25, No Administrative Procedure Requirement.

Cal. Civ. Prac. Civil Rights Litigation § 12:28, Complaint for Damages; Denial of Access [CC S54.3].

**Other References**

ANN.2003 ATLA - Convention Reference Material 347, ADA Enforcement by Individual and Class Actions.

**Forms**

West's California Code Forms, Civil § 54.3 Form 1, Complaint for Interference With Rights of Disabled Person.

West's California Code Forms, Government § 4454 Form 1, Application for Approval.

**Treatises and Practice Aids**

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2C-1, Broad Anti-Discrimination Policies Under California Law.

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2C-2, Particular Protected Classes.

Rutter, Cal. Practice Guide: Landlord-Tenant Ch. 2C-5, State Law Enforcement Procedures and Remedies.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 54.3

Miller and Starr California Real Estate § 20:7, The Unruh Civil Rights Act -- Disability Discrimination.

Punitive Damages: State by State Guide Law & Prac § 7:16, California -- Discussion of Law.

Restatement (2d) of Property, Land. & Ten. § 3.1, Restrictions on Freedom to Refuse to Lease.

9 Witkin Cal. Proc. 4th Appeal § 610, (§ 610) Service and Time of Filing.

2 Witkin Cal. Proc. 4th Courts § 287, (§ 287) Statutory Provisions.

8 Witkin, California Summary 10th Constitutional Law § 959, Enforcement.

NOTES OF DECISIONS

**Abuse of discretion 3**
**Access, denial 10**
**Actionable discrimination, generally 4**

**Burden of proof and presumptions 15**
**Companions of disabled persons 12**
**Compliance, excusal 6**
**Construction and application 1**
**Construction with other laws 2**
**Damages 16, 17**
       **Damages - In general 16**
       **Damages - Treble damages 17**
**Denial of access 10**
**Deterrence 9**
**Disabled persons, companions 12**
**Discretion, abuse 3**
**Excusal from compliance 6**
**Federal jurisdiction 13**
**Inadvertent discrimination 5**
**Intent 8**
**Interference with rights 11**
**Jurisdiction, federal 13**
**Municipal liability 7**
**Notice 14**
**Presumptions and burden of proof 15**

**Rights, interference 11**
**Technical violations 5**
**Treble damages 17**
**Unintentional discrimination 5**

1. Construction and application

Under California law, while all government tort liability must be based on statute, the statute providing for liability need not be part of the Tort Claims Act itself, nor must the statute provide on its face that it is applicable to public entities; rather, a liability is deemed provided by statute if a statute defines the tort in general terms. Lonberg v. City of Riverside, C.D.Cal.2004, 300 F.Supp.2d 942. Municipal Corporations ☜ 723.5

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 54.3

### 2. Construction with other laws

Enactment of this section and of § 55 providing private injunctive relief for violations of § 54.1, evidences a legislative intent that those remedies are to be exclusive. Marsh v. Edwards Theatres Circuit, Inc. (App. 2 Dist. 1976) 134 Cal.Rptr. 844, 64 Cal.App.3d 881.

### 3. Abuse of discretion

District Court did not abuse its discretion in certifying mandatory class, even though actual damages sought under state civil rights statute in disability discrimination action against owner and operator of service stations were substantial, rather than incidental to injunctive relief sought, since injunctive relief was predominant form of relief sought by class and claims of physical injury were preserved. Molski v. Gleich, C.A.9 (Cal.)2003, 318 F.3d 937. Federal Civil Procedure ☜ 181

### 4. Actionable discrimination, generally

Action of operator of motion picture theater in informing paraplegic that he would have to leave his wheel chair and occupy regular seat since fire regulations prohibited him from sitting in aisles, or that, as an alternative, paraplegic could sit in front of regular seats a short distance from screen, did not amount to actionable discrimination. Marsh v. Edwards Theatres Circuit, Inc. (App. 2 Dist. 1976) 134 Cal.Rptr. 844, 64 Cal.App.3d 881 . Civil Rights ☜ 1047

### 5. Inadvertent discrimination

Disabled plaintiff who was confined to wheelchair was not entitled to higher automatic minimum statutory penalties for restaurant owner's inadvertent, technical Unruh Civil Rights Act violations; higher penalties were only available in cases of intentional discrimination, despite fact that Unruh Act had been amended to encompass American with Disabilities Act (ADA) violations within its purview; it was undisputed that restaurant's technical violations of implementing regulations of ADA, to which plaintiff objected, were inadvertent; and, plaintiff had elected not to seek lesser minimum penalties available for unintentional ADA violations under Disabled Persons Act. Gunther v. Lin (App. 4 Dist. 2006) 50 Cal.Rptr.3d 317, 144 Cal.App.4th 223, review denied. Civil Rights ☜ 1807

### 6. Excusal from compliance

Informal meeting over the counter with unidentified building department employee did not excuse restaurant from complying with this section providing for damages for not providing physically handicapped persons with equal access to public facilities. Donald v. Cafe Royale, Inc. (App. 1 Dist. 1990) 266 Cal.Rptr. 804, 218 Cal.App.3d 168, rehearing denied. Civil Rights ☜ 1021

### 7. Municipal liability

State law that prohibited denial or interference with the enjoyment of public facilities by any person or persons, firm, or corporation encompassed liability by public entities, including city that had allegedly violated its provisions by failing to provide wheelchair accessible curb ramps on city-controlled property; statute defined wrongful act in general terms, its application to city would not interfere with city's exercise of sovereign powers, and legislative history did not indicate intent to exclude public entities as potential violators. Lonberg v. City of Riverside, C.D.Cal.2004, 300 F.Supp.2d 942. Civil Rights ☜ 1737

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

West's Ann.Cal.Civ.Code § 54.3

8. Intent

Pedestrian who sued city, alleging that city violated state law prohibiting the denial or interference with the enjoyment of public facilities by failing to provide wheelchair accessible curb ramps on city-controlled property, was not required to prove city's intent to discriminate. Lonberg v. City of Riverside, C.D.Cal.2004, 300 F.Supp.2d 942. Civil Rights ⛇ 1021

Public policy interest in providing physically handicapped persons with equal access to public facilities warranted enactment of this part prescribing liability for denial of access without reference to violator's intent. Donald v. Cafe Royale, Inc. (App. 1 Dist. 1990) 266 Cal.Rptr. 804, 218 Cal.App.3d 168, rehearing denied. Civil Rights ⛇ 1005

Even though this section contains no intent element on part of violator, this section does not preclude possibility that in some instances denial of access may be excused, e.g., where violator has been affirmatively directed, or given formal approval, by enforcing agency to construct premises in certain way, or maintain a configuration, which does not comply with code requirements. Donald v. Cafe Royale, Inc. (App. 1 Dist. 1990) 266 Cal.Rptr. 804, 218 Cal.App.3d 168, rehearing denied. Civil Rights ⛇ 1021

9. Deterrence

California Unruh Act and Disabled Persons Act, and their respective damages provisions, extend to claims based on incidents of deterrence; thus, where disabled person can prove that violations of applicable California disability access standards deterred her or him on a particular occasion from attempting to attend a place of public accommodation, that disabled person has stated claim for relief and, in particular, for damages, without necessity of actually showing up and being denied admission. Arnold v. United Artists Theatre Circuit, Inc., N.D.Cal.1994, 866 F.Supp. 433. Civil Rights ⛇ 1021

10. Denial of access

Designated public agency or individual may initiate action to enforce compliance with handicap access standards; however, to maintain action for damages for denial of equal access handicapped person must take additional step of establishing that he or she was denied equal access on a particular occasion. Donald v. Cafe Royale, Inc. (App. 1 Dist. 1990) 266 Cal.Rptr. 804, 218 Cal.App.3d 168, rehearing denied. Civil Rights ⛇ 1737

11. Interference with rights

Under California law, in deaf woman's action under statute imposing liability on person interfering with rights of individual with disability, physician failed to show that he did not interfere with deaf woman's rights when he allegedly failed to provide her with interpreter or to take other affirmative steps to ensure proper communication with her; physician argued that statute was not applicable to him since he was independent contractor, and that he was not "place of public accommodation" under statute. Aikins v. St. Helena Hosp., N.D.Cal.1994, 843 F.Supp. 1329. Civil Rights ⛇ 1045

12. Companions of disabled persons

Companions of disabled persons could not be included in plaintiff class of disabled persons who challenged sufficiency of accommodations at movie theaters owned by defendant under ADA or California Disabled Persons Act, on grounds that companions were hindered from attending theaters which did not accommodate disabled persons; only injunctive relief was sought under ADA, and damages remedy of Disabled Persons Act was limited to persons with rights vested by that Act. Arnold v. United Artists Theatre Circuit, Inc., N.D.Cal.1994, 158 F.R.D. 439, amended on denial of reconsideration. Civil Rights ⛇ 1332(6); Civil Rights ⛇ 1737

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=Spli...    11/29/2007

West's Ann.Cal.Civ.Code § 54.3

13. Federal jurisdiction

Exercise of supplemental jurisdiction over disabled individual's claims against restaurant owners pursuant to California's Unruh Act and Disabled Persons Act (DPA) was not warranted in action alleging violations of Title III of ADA, even though claims arose out of same incident, and state law provided that ADA violation constituted violation of state law, where it was unclear whether state law permitted recovery of daily damages, monetary damages were not permitted under ADA, and plaintiff's sole purpose for attaching ADA claim was to get his state claims into federal court. Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant, S.D.Cal.2005, 406 F.Supp.2d 1120. Federal Courts ☞ 14.1

14. Notice

District court erred by failing to afford notice and right to opt-out as to claims for treble damages sought under state civil rights statute in disability discrimination action against owner and operator of service stations; treble damages were substantial, rather than incidental to injunctive relief sought, precluding certification of mandatory class as violation of due process. Molski v. Gleich, C.A.9 (Cal.)2003, 318 F.3d 937. Constitutional Law☞ 3981; Federal Civil Procedure ☞ 177.1; Federal Civil Procedure ☞ 180; Federal Civil Procedure ☞ 181

15. Presumptions and burden of proof

Plaintiff asserting claim under California's Disabled Persons Act (DPA) need not prove actual damages in order to recover minimum statutory amount; he only must establish that he was denied equal access on particular occasion. Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant, S.D.Cal.2005, 406 F.Supp.2d 1120. Civil Rights ☞ 1766

16. Damages--In general

Award of maximum $250 in damages was adequate compensation for restaurant's denying quadriplegic equal access; quadriplegic stated that he went to restaurant with specific social purpose of having a nice evening out and was denied that purpose. Donald v. Cafe Royale, Inc. (App. 1 Dist. 1990) 266 Cal.Rptr. 804, 218 Cal.App.3d 168, rehearing denied. Civil Rights ☞ 1766

17. ---- Treble damages

District court erred by failing to afford notice and right to opt-out as to claims for treble damages sought under state civil rights statute in disability discrimination action against owner and operator of service stations; treble damages were substantial, rather than incidental to injunctive relief sought, precluding certification of mandatory class as violation of due process. Molski v. Gleich, C.A.9 (Cal.)2003, 318 F.3d 937. Constitutional Law☞ 3981; Federal Civil Procedure ☞ 177.1; Federal Civil Procedure ☞ 180; Federal Civil Procedure ☞ 181

West's Ann. Cal. Civ. Code § 54.3, **CA CIVIL § 54.3**

Current through Ch. 750 of 2007 Reg.Sess. urgency legislation

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.