RICHARD R. WAITE (SBN 97942)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
125 North Acacia Avenue, Suite 101
Solana Beach, CA  92075
Telephone:    (858) 523-2130
Facsimile:    (858) 523-2135

Attorneys for Defendant
PACIFIC BAGELS, LLC D.B.A. BRUEGGERS BAGELS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>        Plaintiffs,<br><br>v.<br><br>MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGERS BAGELS; COURTYARD HOLDINGS, LP; PSS PARTNERS, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>        Defendants. | Case No. 07 CV 2129 BTM (AJB)<br><br>**ANSWER OF PACIFIC BAGELS, LLC D.B.A. BRUEGGERS BAGELS** |

COMES NOW, Defendant Pacific Bagels, LLC d.b.a Brueggers Bagels (hereafter "Defendant") and answers Plaintiffs' Complaint as follows:

1.      In answering paragraph 1, Defendant denies, generally and specifically, the allegations.

2.      In answering paragraph 2, Defendant admits that Plaintiffs are invoking Federal statutes for jurisdiction. As to the other allegations in this paragraph, Defendant denies, generally and specifically, the allegations.

///

///

1      3.    In answering paragraph 3, Defendant admits that Plaintiffs are asking the Court to exercise supplemental jurisdiction over State claims alleged in the Complaint. As to the other allegations in this paragraph, Defendant denies, generally and specifically, the allegations.

    4.    In answering paragraph 4, Defendant admits that Defendant is a business doing business under the laws of the State of California and doing business as Brueggers Bagels at 11134 Rancho Carmel Drive, San Diego, California 92128. Defendant is not the owner of the property; Defendant is a tenant at the property. As to the other allegations in this paragraph, Defendant lacks sufficient information or belief to answer the allegations contained therein, and on that basis, denies, generally and specifically, the allegations.

    5.    In answering paragraph 5, no factual assertions are made and no response is called for.

    6.    In answering paragraph 6, Defendant denies the allegations and notes that Doe pleading is disfavored in Federal Court.

    7.    In answering paragraph 7, Defendant denies, generally and specifically, the allegations.

    8.    In answering paragraph 8, Defendant denies, generally and specifically, the allegations.

    9.    In answering paragraph 9, Defendant denies, generally and specifically, the allegations.

    10.    In answering paragraph 10, Defendant denies, generally and specifically, the allegations.

    11.    In answering paragraph 11, Defendant denies, generally and specifically, the allegations.

    12.    In answering paragraph 12, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

///

///

1  |  13.  In answering paragraph 13, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

14.  In answering paragraph 14, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

15.  In answering paragraph 15, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

16.  In answering paragraph 16, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

17.  In answering paragraph 17, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

18.  In answering paragraph 18, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

19.  In answering paragraph 19, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

20.  In answering paragraph 20, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

21.  In answering paragraph 21, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

///

1     22.     In answering paragraph 22, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

    23.     In answering paragraph 23, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

    24.     In answering paragraph 24, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

    25.     In answering paragraph 25, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

    26.     In answering paragraph 26, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

    27.     In answering paragraph 27, no factual assertions are made and no response is called for.

    28.     In answering paragraph 28, no factual assertions are made and no response is called for.

    29.     In answering paragraph 29, Defendant denies, generally and specifically, the allegations.

    30.     In answering paragraph 30, Defendant denies, generally and specifically, the allegations.

    31.     In answering paragraph 31, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

///
///

32. In answering paragraph 32, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

33. In answering paragraph 33, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

34. In answering paragraph 34, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

35. In answering paragraph 35, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

36. In answering paragraph 36, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

37. In answering paragraph 37, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

38. In answering paragraph 38, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

39. In answering paragraph 39, no factual assertions are made and no response is called for.

40. In answering paragraph 40, Defendant lacks sufficient information and belief to answer the allegations contained therein and on that basis denies, generally and specifically, the allegations.

///
///

1    41.    In answering paragraph 41, Defendant lacks sufficient information and belief to
2 answer the allegations contained therein and on that basis denies, generally and specifically, the
3 allegations.

4    42.    In answering paragraph 42, Defendant lacks sufficient information and belief to
5 answer the allegations contained therein and on that basis denies, generally and specifically, the
6 allegations.

7    43.    In answering paragraph 43, Defendant lacks sufficient information and belief to
8 answer the allegations contained therein and on that basis denies, generally and specifically, the
9 allegations.

10    44.    In answering paragraph 44, Defendant lacks sufficient information and belief to
11 answer the allegations contained therein and on that basis denies, generally and specifically, the
12 allegations.

13    45.    In answering paragraph 45, no factual assertions are made and no response is called
14 for.

15    46.    In answering paragraph 46, Defendant lacks sufficient information and belief to
16 answer the allegations contained therein and on that basis denies, generally and specifically, the
17 allegations.

18    47.    In answering paragraph 47, Defendant denies, generally and specifically, the
19 allegations.

20    48.    In answering paragraph 48, Defendant lacks sufficient information and belief to
21 answer the allegations contained therein and on that basis denies, generally and specifically, the
22 allegations.

23    49.    In answering paragraph 49, Defendant denies, generally and specifically, the
24 allegations.

25 **AFFIRMATIVE DEFENSES**

26 The following separate affirmative defenses are alleged to the Complaint and to each and
27 every cause of action thereof:
28 ///

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting the claims herein and have waived all rights in connection therewith.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking any equitable relief by reason of Plaintiffs' own unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as being untimely pursuant to the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant had no notice that any of its actions were in violation of any statutes, laws or regulations.

### NINTH AFFIRMATIVE DEFENSE

Any violation was the result of action by others not Defendant.

### TENTH AFFIRMATIVE DEFENSE

Defendant had and has no legal ability to correct the violations alleged by Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs were negligent in and about the matters alleged in the Complaint and their own negligence proximately caused and contributed to the damages and injuries alleged by Plaintiffs, if any such damage or injury occurred at all, and Plaintiffs' recovery, if any, should thereby be barred

7
ANSWER    Case No. 07 CV 2129 BTM (AJB)

or reduced to the extent that any such damage or injury was caused or contributed to by their own negligence.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief, and each of them, are barred by Plaintiffs' failure to mitigate the damages, if any, that Defendant is alleged to have caused.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purportedly stated therein, fails to state a claim upon which relief can be granted to Plaintiffs because the performance called for by Defendant under the alleged statutes was commercially impracticable.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action contained therein, fails to state a cause of action upon which relief can be granted. Plaintiffs have failed to allege a real and immediate threat that the harm will be repeated and have further failed to allege and cannot establish that this Court may grant relief which may redress such purported harm so as to have standing under the Constitution of the United States that the alleged harm was other than a single, isolated past incident.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any affirmative relief granted against this Defendant should be mitigated by the fact that Plaintiffs intentionally placed themselves onto the facility, if at all, for the sole purpose of claiming injury and further failed to demonstrate any actual harm.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties known by Plaintiffs and without whose joinder complete relief cannot be afforded in this action.

/ / /

/ / /

/ / /

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in full or in part because the responsibility for any alleged compliance with all relevant state and federal statutes, regulations, rules, orders, directives and guidelines has been contractually allocated to other persons and/or entities.

### NINETEENTH AFFIRMATIVE DEFENSE

. Plaintiffs' claims are barred in full or in part because Defendant complied with all relevant state and federal statutes, regulations, rules, orders, directives and guidelines at all relevant times.

### TWENTIETH AFFIRMATIVE DEFENSE

Each of Plaintiffs' causes of action in the Complaint are barred under the doctrine of substantial compliance.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The alleged violations of statutes are not readily achievable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged violations of statutes are structurally impracticable and therefore, Defendant is unable to comply with the applicable requirements of law as set forth in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant has not caused the property to undergo any alterations, structural repairs and additions which would subject it to the provisions and requirements of law as set forth in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to perform all duties and obligations by failing to adequately specify their requirements to this answering Defendant, failed to timely notify Defendant of any alleged conditions as set forth in the Complaint herein, and failed to give Defendant timely opportunity to cure said alleged conditions, or to mitigate any damage, if any, resulting from said conditions. Such acts or omissions bar Plaintiffs' recovery herein.

///

///

///

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant acted with due care and otherwise conducted itself reasonably under the circumstances and at all relevant times. Therefore, Defendant is not liable for any claims alleged in this Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

There is no casual connection between any conduct of Defendant and any alleged harm which Plaintiffs contend they have sustained.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Conditions have so changed since the filing of the Complaint, no unlawful act is threatened and no remaining justiciable controversy exists for adjudication by the Court.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing and/or capacity to bring this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

If Plaintiffs are entitled to any damages under the circumstances alleged in the Complaint or in any other respect, which is denied, these injuries and damages were wholly or in part, directly, proximately caused and contributed to by the negligence, carelessness, lack of due care and fault of third parties. In the event Plaintiffs are found to have any damages and to be entitled to any damages, Defendant is liable only for that portion of any damages which correspond to its degree of fault or responsibility and is not liable for any damage contributable to the responsibility, negligence or fault of any other party.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' recovery in this action is barred because Defendant's alleged acts and/or omissions do not constitute a denial to physically disabled persons of full and equal access to the business establishment.

///

///

///

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' recovery in this action is barred because Defendant's acts, as alleged in the Complaint, to the extent that it committed any acts at all, were done in good faith pursuant to reasonable business justifications.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Complaint or portions thereof, is based on statutes that, in the context of this lawsuit are void, invalid, and otherwise unenforceable as violating the due process clauses of the United States and California constitutions.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' recovery in this action is barred because Defendant's conduct was, at all times mentioned in the Complaint, justified and privileged.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable because Plaintiffs failed to request any accommodations be made by Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

All applicable legal requirements pertaining to access to the premises by disabled persons have been complied with through all necessary permits obtained from appropriate authorities for construction, alteration or structural modification of the premises and Defendant reasonably relied on those authorities.

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing;
2. Dismissal of Plaintiffs' Complaint with prejudice;
3. Defendant be granted costs and expenses incurred in defending this action including reasonable attorneys' fees and expert fees; and
4. Granting Defendant such other relief as the Court may deem just and proper.

///
///
///

| | | |
|---|---|---|
| 1 | Dated: November 27, 2007 | KEENEY WAITE & STEVENS<br>A Professional Corporation |
| | | |
| | | By: _____<br>Richard R. Waite<br>Mary M. Best<br>Attorneys for Defendant<br>PACIFIC BAGELS, LLC D.B.A.<br>BRUEGGERS BAGELS |

Outerbridge Access Association, et al. v. Marie Callender's Pie Shops, Inc., et al.
United States District Court, Southern District of California Case No. 07 CV 2129 BTM (AJB)

## PROOF OF SERVICE

[CCP 1013A (3) and 2015.5]

I am employed in the City and County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 125 North Acacia Avenue, Suite 101, Solana Beach, California, 92075.

On November 27, 2007, I caused to be served the attached:

1. ANSWER OF PACIFIC BAGELS, LLC D.B.A. BRUEGGERS BAGELS.

☒ [BY FACSIMILE] The document stated herein was transmitted by facsimile transmission and the transmission was reported as complete and without error. A transmission report was properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

Theodore A. Pinnock, Esq.
David C. Wakefield, Esq.
Michelle L. Wakefield, Esq.
PINNOCK & WAKEFIELD, A.P.C.
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
(619) 858-3671 Telephone
(619) 858-3646 Facsimile
Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on November 27, 2007, at San Diego, California.

_____
Sharon Strong

```
WorkCentre 7132
Transmission Report
```

G3 ID                                                               Date/Time: 11/27/2007; 11:53AM
                                                                    Page: 1 (Last Page)

Local Name
Logo

Document has been sent.
Document Size 8.5X11"SEF

**KEENEY WAITE & STEVENS**
A PROFESSIONAL LAW CORPORATION
THE KARMA BUILDING
125 NORTH ACACIA AVENUE, SUITE 101
SOLANA BEACH, CA 92075
TELEPHONE: (858) 523-2130  FACSIMILE: (858) 523-2135
www.keenlaw.com

SAN DIEGO OFFICE
550 WEST C STREET, SUITE 1550
SAN DIEGO, CA 92101-3540
TELEPHONE (619) 338-1651
FACSIMILE (619) 231-1897

**FACSIMILE TRANSMITTAL SHEET**
CONFIDENTIAL

| TO: | FROM: |
|---|---|
| Theodore A. Pinnock, Esq.<br>David C. Wakefield, Esq.<br>Michelle L. Wakefield, Esq. | Richard R. Waite (rwaite@keenlaw.com) |
| **COMPANY:**<br>PINNOCK & WAKEFIELD, A.P.C. | **SENDER'S DIRECT DIAL:**<br>(858) 523-2133 |
| **FAX NUMBER:**<br>(619) 858-3646 | **SENDER'S FAX NO.:**<br>(858) 523-2135 |
| **PHONE NUMBER:**<br>(619) 858-3671 | **DATE:**<br>November 27, 2007 |
| **RE:** | **CLIENT REFERENCE NUMBER::** |

**ITEMS TRANSMITTED:**
ANSWER OF PACIFIC BAGELS, LLC D.B.A. BRUEGGERS BAGELS.

**TOTAL NO. OF PAGES INCLUDING COVER:** 14

If you do not receive all of the pages, please call Sharon Strong at (858) 523-2130 between 8:30 a.m. and 5:00 p.m. (Pacific Time).

**NOTES:**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

Total Pages Scanned: 14    Total Pages Sent : 14

| No. | Doc. | Remote Station | Start Time | Duration | Pages | Mode | Contents | Status |
|---|---|---|---|---|---|---|---|---|
| 1 | 2333 | 6198583646 | 11-27;11:51AM | 1m38s | 14/ 14 | SG3 | | CP |

Note:
RE: Resend          MB: Send to Mailbox      BC: Broadcast      MP: Multi Polling     RV: Remote Service
PG: Polling         RB: Relay Broadcast      RS: Relay Send     BF: Box Fax Forward   CP: Completed
SA: Send Again      EN: Engaged              AS: Auto Send      TM: Terminated