**PINNOCK & WAKEFIELD, A.P.C.**
David C. Wakefield, Esq.    Bar #: 185736
Michelle L. Wakefield, Esq. Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone: (619) 858-3671
Facsimile: (619) 858-3646

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>v.<br><br>MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP; PSS PARTNERS, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.: 07cv2129 BTM (AJB)<br><br>**PLAINTIFFS POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE ORIGINAL COMPLAINT**<br><br>Date: January 25, 2008<br>Time: 11:00 A.M.<br>Judge: Hon. Barry Ted Moskowitz |

///
///
///

## I. PROCEDURAL HISTORY

The Original Complaint in the above entitled action was filed on November 7, 2007. On November 29, 2007, Defendant MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254 filed a Motion to Dismiss Portions of Plaintiffs' Complaint and for Order declining Supplemental Jurisdiction. Also, on November 29, 2007, Defendant PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS filed an Answer to Plaintiffs' Civil Complaint. On December 17, 2007, Defendant COURTYARD HOLDINGS, LP was granted until January 11, 2008 to file an answer or to otherwise respond to Plaintiffs' Civil Complaint.

## II. CONCISE SET OF FACTS

On November 11, 2006, Plaintiff CROSS went to Defendants' public accommodation facilities known as MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP located at 11122 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-730-38, and 11134 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-042-04, to utilize their goods and/or services accompanied by a friend. When Plaintiff CROSS patronized Defendants' facilities, she was unable to use and/or had difficulty using the public accommodations' facilities within the common area including but not limited to the disabled parking and exterior path of travel, as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or

1 California's Title 24 Building Code Requirements. Defendants
2 failed to remove barriers to equal access within the common area
3 in which the public accommodation facilities known as MARIE
4 CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; and
5 PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS are located.

      Plaintiff CROSS personally experienced difficulty with said
7 access barriers within the common area in which the public
8 accommodation facilities known as MARIE CALLENDER'S PIE SHOPS,
9 INC. d.b.a. MARIE CALLENDER'S #254, (hereinafter "MARIE
10 CALLENDER'S #254"), and PACIFIC BAGELS, LLC d.b.a. BRUEGGARS
11 BAGELS, (hereinafter "BRUEGGARS BAGELS"), are located. The
12 following examples of known barriers to access are not an
13 exhaustive list of the barriers to access that exist within the
14 common area of Defendants' facilities. For example, a "Van
15 Accessible" disabled parking space is located directly in front
16 of Pearle Vision, which is near MARIE CALLENDER'S #254; and
17 BRUEGGARS BAGELS. The access aisle for this "Van Accessible"
18 disabled parking space fails to be compliant, as a ramp
19 impermissibly encroaches into the access aisle. There are two (2)
20 designated disabled parking spaces directly serving MARIE
21 CALLENDER'S #254. The access aisle in between these two spaces
22 fails to be accessible, as a ramp impermissibly encroaches into
23 this access aisle. There is also a "Van Accessible" disabled
24 parking space located in the middle of the parking lot. This
25 space fails to be accessible, as it fails to be provide an
26 accessible route to any of the facilities entrance located within
27 the complex. Patrons using this space would be forced to
28

1  transverse through vehicular traffic without the benefit of a
2  marked path of travel.
3      When Plaintiff CROSS patronized Defendants' MARIE
4  CALLENDER'S #254 facilities, she was unable to use and/or had
5  difficulty using the public accommodations' facilities including
6  but not limited to the entrance, food service counter, and
7  women's restroom, as said were not accessible because they failed
8  to comply with ADA Access Guidelines For Buildings and Facilities
9  (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part
10 36, App. A) and/or California's Title 24 Building Code
11 Requirements. Defendants failed to remove barriers to equal
12 access within the public accommodation facilities known as MARIE
13 CALLENDER'S #254.
14     Plaintiff CROSS personally experienced difficulty with said
15 access barriers at MARIE CALLENDER'S #254. The following examples
16 of known barriers to access are not an exhaustive list of the
17 barriers to access that exist at Defendants' facilities. For
18 example, the entrance to MARIE CALLENDER'S #254 fails to display
19 the required International Symbol of Accessibility. The salad bar
20 fails to be accessible, as condiments fail to be located within
21 accessible reach ranges
22     The entrance door to the women's restroom within MARIE
23 CALLENDER'S #254 fails to be accessible, as it requires an
24 excessive amount of pressure to open. Also, within the women's
25 restroom, the lavatory handles fail to be accessible, as they
26 require tight grasping and/or twisting of the wrist to operate.
27     When Plaintiff CROSS patronized Defendants' BRUEGGARS BAGELS
28 facilities, she was unable to use and/or had difficulty using the

1  public accommodations' facilities including but not limited to
2  the entrance, food service counters, women's restroom, and
3  seating, as said were not accessible because they failed to
4  comply with ADA Access Guidelines For Buildings and Facilities
5  (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part
6  36, App. A) and/or California's Title 24 Building Code
7  Requirements. Defendants failed to remove barriers to equal
8  access at the public accommodation facilities known as BRUEGGARS
9  BAGELS.
10     Plaintiff CROSS personally experienced difficulty with said
11 access barriers at BRUEGGARS BAGELS. The following examples of
12 known barriers to access are not an exhaustive list of the
13 barriers to access that exist at Defendants' facilities.  For
14 example, the entrance to BRUEGGARS BAGELS fails to display the
15 required International Symbol of Accessibility.
16     The counter within BRUEGGARS BAGELS where patrons order and
17 also where the trays are kept fails to be accessible, as it is
18 too high to be accessible. There also fails to be any disability
19 signage informing disabled patrons that assistance is available
20 upon request. Also, the tableware, condiments, and napkins fail
21 to be accessible, as they fail to be located within accessible
22 reach ranges. The napkins are located impermissibly high above
23 the trash receptacle.
24     Within BRUEGGARS BAGELS, the women's restroom fails to be
25 accessible, as highchairs were stacked in front of the door. Also
26 within the BRUEGGARS BAGELS women's restroom, the paper towel
27 dispenser fails to be accessible; as it is mounted at an
28 excessive 52" high and the toilet tissue dispenser fails to be

accessible, as it is mounted an impermissible 44" high. BRUEGGARS BAGELS fails to provide any accessible seating inside or outside of the facility.

### III. MOTION TO AMEND LEGAL STANDARDS

Plaintiffs seek to amend their First Amended Complaint pursuant to Rule 15, which is incorporated herein by reference. Rule 15 allows a party to amend his pleading after a responsive pleading was served only by leave of court or written consent by the adverse party. The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); see also, DCD Programs Ltd. V. Leigton, 833 F.2d 183, 186 (9th Cir. 1987); see also, Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "Parties may be… added by order of the court on motion of any party or of its own initiative… at any stage of the action and on such terms as are just" Nelson v. Adams USA, Inc., 529 US 460, 466-467, 120 S.Ct. 1579, 1584-1585 (2000). "Amendments seeking to add *claims* are to be granted more freely than amendments adding parties." Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (emphasis added) (9th Cir. 1991). Leave to amend is within the sound discretion of the court, and "in exercising its discretion, a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleading or technicalities." DCD Programs Ltd., 833 F.2d at 185-186. Leave to amend should only be denied where there is a showing of undue delay, bad faith or dilatory motive, futility of amendment, prejudice to the opposing

1  party, and/or repeated failure to cure deficiencies by previous
2  amendments. Moore v. Kayport Package Express, Inc., 885 F.2d 531,
3  538 (9th Cir. 1989); see also Hurn v. Retirement Fund Trust, 648
4  F.2d 1252, 1254 (9th Cir. 1981). While all the factors are
5  important, the most important factor is prejudice to the opposing
6  party. William Inglis & Sons Baking Co. v. ITT Continental
7  Baking Co., 668 F.2d 1014, 1053 n. 68 (9th Cir. 1981). "Prejudice
8  is the touchstone of the inquiry under rule 15(a)." Eminence
9  Capital, LLC, 316 F.3d at 1052 (internal quotes omitted). To
10 justify denial of leave to amend, the prejudice must be
11 substantial. Morongo Band of Mission Indians, 893 F.2d at 1079.
12 Absent prejudice, or a strong showing of any of the remaining
13 reasons for denying leave to amend, "there exists a *presumption*
14 under Rule 15(a) in favor of granting leave to amend." Eminence
15 Capital, LLC, supra, 316 F.3d at 1052 (emphasis in original).
16 Additionally, the burden of proof is on the nonmoving party to
17 establish the basis for denying leave to amend. DCD Programs
18 Ltd., 833 F.2d at 187; see also, Shipner v. Eastern Airlines,
19 Inc., 868 F.2d 401, 406-407 (5th Cir. 1898).

## IV. MODIFICATIONS MADE IN PROPOSED FIRST AMENDED COMPLAINT

The following lists every addition to the original Civil Complaint and deletion from the original Civil Complaint that exists within the [Proposed] First Amended Complaint pursuant to CRC 327(a)(2) and (3). All Page numbers, paragraph numbers, and lines numbers refer to the original Civil Complaint.

**REMOVED** Defendant PSS PARTNERS, LLC as a named Defendant in Plaintiffs' Civil Complaint.

<u>Page 14, Paragraph 27, Line 6:</u>  **ADDED** the words, "<u>Skaff v Meridien N. Am. Beverly Hills, LLC</u>, 506 F.3d 832 (9th Cir. 2007), see also"

<u>Page 16, Paragraph 33, Lines 18-20:</u>  **DELETED** the words, "the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area,"

<u>Page 17, Paragraph 36, Line 17:</u>  **DELETED** the word, "following"

<u>Page 17, Paragraph 36, Lines 17-25:</u>  **DELETED** the words, ": Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones"

<u>Page 19, Paragraph 40, Lines 26-27 continued to Page 20, Paragraph 40, Lines 1-7:</u>  **DELETED** the words, "due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones"

<u>Page 24, Section D, Lines 6-14</u>: **DELETED** the words, "related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones"

## V. DEFENDANTS WILL NOT SUFFER PREJUDICE IF PLAINTIFFS' MOTION TO AMEND IS GRANTED

Defendants filed a motion presently pending before this court that is styled as a Motion to Dismiss Portions of Plaintiffs' Complaint. The proposed First Amended Complaint addresses specific issues raised by portions of Defendants' Motion to Dismiss Portions of Plaintiffs' Complaint. Also, Plaintiffs' Proposed First Amended Complaint serves to dismiss an improperly named Defendant, PSS PARTNERS, LLC. Further, the Proposed First Amended Complaint gives guidance as to the specifics of each claim provided by informal discovery and these specifics should better assist Defendants in preparing their defense. Also, at this early stage of the litigation, Defendants have ample time to engage in extensive discovery and prepare a defense for trial. Based on the above, Defendants will suffer no prejudice and the action will not be delayed if this motion is granted.

## VI. CONCLUSION

For all of the above reasons, we respectfully request Plaintiffs' Motion To Amend the Original Complaint be granted and to permit the filing of the proposed First Amended Complaint as attached to the Declaration Of Michelle L. Wakefield or as otherwise directed by the Court.

Respectfully submitted:

**PINNOCK & WAKEFIELD, A.P.C.**

Dated: December 28, 2007

By: s/ Michelle L. Wakefield
Attorney for Plaintiffs
E-mail: MichelleWakefield@PinnockWakefieldLaw.com