**PINNOCK & WAKEFIELD**
A Professional Corporation
Michelle L, Wakefield, Esq.                    Bar #: 200424
David C. Wakefield, Esq.                       Bar #: 185736
3033 Fifth Avenue, Suite 410
San Diego, CA  92103
Telephone:  619.858.3671
Facsimile:   619.858.3646
Email: DavidWakefield@PinnockWakefieldLaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,**<br><br>              **Plaintiffs,**<br><br>    v.<br><br>**MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP; PSS PARTNERS, LLC; and DOES 1 THROUGH 10, Inclusive**<br>                **Defendants.** | **Case No.:  07CV2129 BTM (AJB)**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:     January 25, 2008**<br>**Time:     11:00 AM**<br>**Judge:    Hon. Barry T. Moskowitz**<br>**Courtrm: 15**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## TABLE OF CONTENTS

I.   INTRODUCTION……………………………………………………………1

    A.   Procedural History……………………………………………………1

    B.   Statement Of Relevant Facts ……………………………………………1

II.  SUBJECT MATTER JURISDICTION  ……………………………………....2

    A.   Intertwinement Standard Of Review ……………………………………3

        1.   Merits Intertwined With Jurisdiction  ………………………………3

        2.   Intertwinement Standard Conclusion……………………………6

    B.   Standing - Case Or Controversy Exists ……………………………… 6

        1.   Diane Cross Has Standing……………………………………… 6

            a.   Injury ……………………………………………… 7

            b.   Traceable To Defendants' Conduct …………………………10

            c.   Requested Relief Available ……………………………… 11

        2.   Association Plaintiff Has Standing ……………………………13

    C.   Subject Matter Jurisdiction Conclusion  …………………………………15

III. SUPPLEMENTAL JURISDICTION……………………………………………16

    A.   Supplement Jurisdiction Basis Exists ………………………………………16

    B.   No Compelling Reason To Decline ……………………………………17

        1.   Novel And Complex? …………………………………………19

        2.   Claims Do Not Predominate ……………………………………22

IV.  CONCLUSION………………………………………………………………23

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>CASES</u>

3

4     *Arnold v United Artists*, 158 F.R.D. 439 (ND Cal  1994) ------------------------------------------------ 21

5     *Augustine v United States, 704 F.2d 1070 (9th Cir 1983)* ---------------------------------------------------4

6     *Bahrampour v Lampert*, 356 F.3d 969, 978 ( 9th Cir 2004)-----------------------------------------16, 17, 19, 21

7     *Baker v. Carr*, 369 U.S. 186, 198; 82 S.Ct. 691 (1962) ---------------------------------------------------- 3

8     *Barrios v. Cal. Interscholastic Fed'n., 277 F.3d 1128  (9th Cir. 2002)* ---------------------------------- 21

9     *Black v. Payne, 591 F.2d 83 (9th Cir.)*--------------------------------------------------------------------------4

10    *Boemios v Love's Restaurant*, 954 F.Supp 204 (SD Cal 1997)--------------------------------------------- 21

11    *Borough of West Mifflin v Lancaster*, 45 F.3d 780 (3rd Cir 1995) --------------------------------------- 22

12    *Botosan v Fitzhugh*, 13 F.Supp.2d 1047 (SD Cal 1998) ------------------------------------------------- 21

13    *Botosan v Paul McNally Realty*, 216 F.3d 827 (9th Cir 2000) ----------------------------------------- 10

14    *Chavez v Suzuki*, 2005 WL 3477848, *2 (SD Cal 2005) -------------------------------------------------18, 22

15    *Donald v Café Royale, Inc.*, 218 Cal.App.3d 168 (Ct. App. 1990) ----------------------------------- 21

16    *Doran v 7-Eleven Inc*, 2007 U.S.App.Lexis 26143 (9th Cir, November 9, 2007)------------------------8

17    *Duffy v Riveland, 98 F.3d 447 (9th Cir 1996)* ----------------------------------------------------------------7

18    *Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545 (9th Cir. 1994)*---------------------------- 16, 17, 19

19    *Feezor v Wal-Mart Stores, Inc.*, 2006 WL 220152, *3 (S.D. Cal) --------------------------------------- 18

20    *Greater Los Angeles Council on Deafness v. Baldrige, 827 F.2d 1353 (9th Cir. 1987)*------------------------7

21    *Gunther v Lin*, 2006 Cal. App. LEXIS 1670 --------------------------------------------------------------13, 21

22    *Hankins v El Torito Restaurants, Inc*, 74 Cal.Rptr.2d 684 (Cal.App.1[st] 1998) ----------------------- 21

23    *Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303 (9th Cir. 1992)*----------------------------------------- 18

24    *Independent Living Resources v. Oregon Arena Corporation, F.Supp.2d 1124, 1130 n. 2 (1998)* ------------------------- 13

25    *Innovative Home Health Care. Inc. v P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284 (8th Cir 1994)----------------------- 22

26    *Koire v Metro Car Wash*, 40 Cal.3d 24 (1985) ------------------------------------------------------------ 21

27    *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375; 114 S.Ct. 1673, 1675 (1994) ------------------------------2

28    *Laub v United States Dept. Of Interior*, 342 F.3d 1080 (9th Cir 2003) --------------------------------------3

1    *Lentini v California Center For The Arts*, 370 F.3d 837 (9th Cir 2004)----------------------------------------- 13

2    *Lujan v. Defenders of Wildlife*, 504 U.S. 555; 112 S.Ct. 2130 (1992)---------------------------------------6, 10, 11

3    *Miller v Lovett*, 879 F.2d 1066 (2nd Cir 1989) --------------------------------------------------------------- 22

4    *Modern Development Company v Navigators Insurant Company*, 111 Cal. App. 4th 932; 4 Cal. Rptr. 3d 528 (Cal. App. 2nd, 2003)

5    ------------------------------------------------------------------------------------------------------------------- 13

6    *Molski v Gleich*, 318 F.3d 937 (9th Cir. 2003) ----------------------------------------------------------------- 22

7    *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559 (11th Cir. 1994) --------------------------- 19

8    *Parr v L&L Drive In Restaurant*, 96 F.Supp.2d 1065  (HI 2000)------------------------------------------------ 13

9    *Pascuiti v. New York Yankees*, 87 F.Supp.2d 221 (S.D.N.Y.1999)------------------------------------------------ 13

10   *Pickern v Holiday Quality Foods Incorporated*, 293 F.3d 1133 (9th Cir 2002)------------------------------- 7, 8, 12

11   *Roberts v Corruthers*, 812 F.2d 1173 (9th Cir 1987)---------------------------------------------------------4, 5, 6

12   *Skaff v Meridien*, 2007 U.S. App. LEXIS 25516 (9th Cir.,  November 1, 2007) ----------------------------------8

13   *Sun Valley Gasoline, Inc. v. Ernst Enterprises*, 711 F.2d 138 (9th Cir 1983) -----------------------------------4

14   *Timberlane Lumber Co. v. Bank of America*, 549 F.2d 597 (9th Cir. 1976) ---------------------------------------4

15   *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923 (9th Cir.

16   2003) --------------------------------------------------------------------------------------------------------------- 16

17   *Vernon v Medical Management Associates Of Margate, Inc.*, 912 F. Supp. 1549 (SD Fl 1996)------------------- 19

18   *Warth v. Seldin*, 422 U.S. 490 (1975) ---------------------------------------------------------------------------7

19   *Wilson v Wal-Mart Stores, Inc.*, 2005 WL 3477827, *2 (SD Cal 2005) ------------------------------------------ 18

20

21                                                  S<small>TATUTES</small>

22   *§ 1367(c)* --------------------------------------------------------------------------------------------------- 17

23   28 U.S.C. § 1367 ----------------------------------------------------------------------------------------------15, 17

24   *28 U.S.C. § 1367(a)*------------------------------------------------------------------------------------------- 16

25   42 U.S.C . § 12102(2) ----------------------------------------------------------------------------------------------7

26   *42 U.S.C. §  12188(a)(1)*--------------------------------------------------------------------------------------- 12

27   42 U.S.C. § 12182(a) ------------------------------------------------------------------------------------5, 7, 9, 10, 11, 16, 20

28   42 U.S.C. § 12182(b)(2)(A)(ii)--------------------------------------------------------------------------------------5

1  42 U.S.C. § 12182(b)(2)(A)(iv) ------------------------------------------------------------------------------- 5, 11

2  42 U.S.C. § 12183 ------------------------------------------------------------------------------------------------- 5

3  42 U.S.C. § 2000a-3(a) ---------------------------------------------------------------------------------------- 12

4  42 USC § 12182(b)(1)(A)(i)-(iii) ------------------------------------------------------------------------- 13

5  *Cal. Civ. Code § 51(b)* ---------------------------------------------------------------------------------------- 16

6  *Cal. Civ. Code § 51(f)* ----------------------------------------------------------------------------------------- 16

7  *Cal. Civ. Code § 52(a)* ---------------------------------------------------------------------------------------- 20

8  *Cal. Civ. Code § 52(c)* ---------------------------------------------------------------------------------------- 20

9  *Cal. Civ. Code § 54(c)* ---------------------------------------------------------------------------------------- 17

10  *Cal. Civ. Code § 54.1(a)(1)* -------------------------------------------------------------------------------- 16

11  *Cal. Civ. Code § 54.3(a)* ------------------------------------------------------------------------------------ 20

12  *Cal. Civ. Code § 54.3(c)* ------------------------------------------------------------------------------------ 20

13  *Cal. Civ. Code § 55* -------------------------------------------------------------------------------------------- 20

14

<u>OTHER AUTHORITIES</u>

15

16  28 C.F.R. § 36.201(b) ------------------------------------------------------------------------------------------ 10

17  28 C.F.R. Part 36, App. A ----------------------------------------------------------------------------------- 13

18  Fed.R.Civ.P 12(b)(1) ----------------------------------------------------------------------------------------- 1, 2, 3

19

20

21

22

23

24

25

26

27

28

# I.    INTRODUCTION

Plaintiff Outerbridge Access Association, Suing On Behalf Of Diane Cross (hereinafter referred to as "Outerbridge Association") and   Diane Cross respectfully submit this Opposition to Defendants Marie Callender's Pie Shop, Inc. d.b.a. Marie Callender's #254 (hereinafter collectively "Marie Callender") present motion to dismiss and motion to decline supplemental jurisdiction. Defendant Marie Callender present motion to dismiss was subsequently joined by Defendant Joe's Crab Shack – San Diego and Defendant Crab Addison, Inc only joined in the motion to decline supplemental jurisdiction.  Plaintiffs' Opposition consists of this Memorandum Of Points And Authorities and the Declaration Of Michelle L. Wakefield.

## A.    Procedural History

Plaintiffs filed the Complaint in the present action on November 7, 2007 as a potential class action case.   Plaintiffs have not yet moved this court to certify the present case as a class action. On November 29, 2007, Defendants Marie Callender filed the present motion to dismiss and motion to decline supplemental jurisdiction.  Immediately thereafter, in an Order dated December 10, 2007 (Docket Item #8), this court scheduled a Case Management Conference.  A stay on discovery presently is in effect.   This court's preferred method that the parties investigate resolution of ADA Title III matters through an Early Neutral Evaluation conference process is currently stalled as a result of the present motion.  On December 28, 2007, Plaintiffs filed a motion to amend the complaint seeking leave of court to file a First Amended Complaint (hereinafter referred to as "FAC").   Defendant Marie Callender's present motion to dismiss is pursuant to F.R.Civ.P. Rules 12(b)(1) and 12(b)(6), and also requests the court to decline to exercise supplemental jurisdiction over Plaintiffs' California state claims.

## B.    Statement Of Relevant Facts

Plaintiff Outerbridge Access Association is an association which advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated. (Complaint; ¶ 12).  Plaintiff Diane ("Cross" or Plaintiff's member) has physical impairments and due to her disability has learned to operate a wheelchair for mobility.  (Complaint; ¶ 12).  Cross is a member of the Plaintiff Outerbridge Access Association.  (Complaint ¶ 12).  On November 11, 2006,

Plaintiff's member Diane Cross patronized the retail businesses known as Marie Callender's #254, Pacific Bagels, LLC d.b.a. Brueggars Bagels and Courtyard Holdings, LP to utilize their goods and services. (Complaint ¶ 13). Defendants collectively own or operate the public accommodation businesses Marie Callender's #254 and Pacific Bagels, LLC d.b.a. Brueggars Bagels and Courtyard Holdings, LP and/or own, lease, or operate the real property on which these businesses are located. (Complaint ¶ 4). Plaintiff's member Diane Cross encountered access barriers to Defendant Marie Callender's including disabled parking, exterior path of travel, entrance, food service counter, and women's restroom and seating within the facilities, that denied her full and equal access to Defendant Marie Callender's facilities. (Complaint, ¶¶ 13-15, set forth in more detail therein). Defendants' barriers to access violate the Americans With Disabilities Act (ADA) and California disability access laws since they deny Plaintiffs full and equal access to Defendants' facilities. (Complaint; ¶¶ 30-49). Plaintiffs allege suffering unlawful discrimination because Defendants failed to remove architectural barriers which are structural in nature in Defendants' existing facilities. (Complaint ¶¶ 30-49). The present Complaint was filed on November 7, 2006.

Defendant Marie Callender brings its present motion to dismiss for lack of subject matter jurisdiction and also asserts that this court should not exercise supplemental jurisdiction over Plaintiffs' California state claims for injunctive relief and damages. (Motion PA generally). The court should deny Defendant's present motion on all the asserted grounds for the reasons set forth below.

## II.    SUBJECT MATTER JURISDICTION

Initially, Defendants Marie Callender incorrectly assert that Plaintiffs' present action does not meet the requirements for federal question subject matter jurisdiction. (See Defendants' motion generally). As a result, Defendants Marie Callender presently move to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P 12(b)(1) and motion to decline to exercise supplemental jurisdiction over Plaintiffs' state claims. The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375; 114 S.Ct. 1673, 1675 (1994). A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not "arise under" any federal law or the United States

1   Constitution, (2) if there is no case or controversy within the meaning of that constitutional term, or

2   (3) if the cause is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198;

3   82 S.Ct. 691 (1962). However, Plaintiffs plainly meet all the requirements for federal question

4   subject matter jurisdiction.

5   **A.      Intertwinement Standard Of Review**

6         A Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) permits a defendant to seek to

7   dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). A

8   12(b)(1) motion can take two forms of attack. The first form is a "facial" motion that seeks

9   dismissal limited to the allegations of the complaint, i.e. the face of this pleading, on the basis that

10  the allegations as pled in the complaint do not give rise to subject matter jurisdiction. The second

11  form is a "speaking" motion that utilizes extrinsic evidence to attack the allegations of the

12  complaint. Defendant Marie Callender improperly attempts to persuade the court to engage in a

13  speaking motion analysis and consider submission of documentation outside the complaint

14  including testimonial declarations of potential witnesses as well. (Motion P&A). Basically,

15  Defendant Marie Callender's approach would quickly go beyond jurisdictional issues and overlap,

16  if not swallow, a trial on the merits at the very outset of this matter. If this court proceeds on that

17  course, then Plaintiffs are entitled to discovery. *Laub v United States Dept. Of Interior*, 342 F.3d

18  1080, 1093 (9th Cir 2003). In that circumstance, Plaintiffs hereby make the request to conduct

19  discovery including, but not limited to, depositions of defendants concerning the inter-relationships

20  between the defendants as parent and subsidiary entities, a formal site inspection by Plaintiffs'

21  experts, a review of the financial records of all the defendants, interrogatories and a request for the

22  production of other documents. Plaintiffs' have not been allowed to prove their case since

23  discovery remains stayed at the present time. In the present action, Defendant Marie Callender's

24  approach would lead to error since the Ninth Circuit has clearly stated an applicable Intertwinement

25  exception.

26         1.      Merits Intertwined with Jurisdiction

27         When issues of jurisdiction are intertwined with the substance of the action, the more

28  expansive standards of a speaking motion are not appropriate. "A court may not resolve genuinely

disputed facts where the questions of jurisdiction is dependent on the resolution of factual issues going to the merits" *Roberts v Corruthers, 812 F.2d 1173, 1177 (9th Cir 1987)*, [citing *Augustine v United States, 704 F.2d 1070, 1077 (9th Cir 1983)*, accord *Sun Valley Gasoline, Inc. v. Ernst Enterprises, 711 F.2d 138, 139 (9th Cir 1983)* ]. "Normally, the question of jurisdiction and the merits of an action will be considered intertwined where, as here, ... 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Sun Valley Gasoline, Inc* at 139-140 [citing *Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 602 (9th Cir. 1976). See Black v. Payne, 591 F.2d 83, 86 n.1 (9th Cir.), cert. denied, 444 U.S. 867, 62 L. Ed. 2d 90, 100 S. Ct. 139 (1979).*]. In the present case, jurisdiction is intertwined with the substantive merits of Plaintiffs claims.

Defendants inaccurately imply that the court can resolve disputed facts at the pleading stage. The *Roberts* decision does not state that proposition.

> "The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case like Roberts, where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where "the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Augustine, 704 F.2d at 1077; accord Sun Valley Gasoline, Inc. v. Ernst Enterprises, 711 F.2d 138, 139 (9th Cir. 1983)*. In such a case, the district court assumes the truth of allegations in a complaint or habeas petition, unless controverted by undisputed facts in the record. (Of course, a court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031, 70 L. Ed. 2d 474, 102 S. Ct. 567 (1981)*. Dismissal is then appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); see also Franklin v. State of Oregon, 662 F.2d 1337, 1343 (9th Cir. 1981)*. This standard, "often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute." *Calhoun v.* **[**9**]** *United States, 475 F. Supp. 1, 3 (S.D. Cal. 1977), aff'd and adopted 604 F.2d 647 (9th Cir. 1979)* (per curiam), *cert. denied, 444 U.S. 1078, 100 S. Ct. 1029, 62 L. Ed. 2d 761 (1980)*.
> A limited threshold inquiry of this sort is consistent with our view that "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood, Sun Valley Gasoline, 711 F.2d at 140*. In *Bell v. Hood*, the Supreme Court held that such dismissals are permitted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of

obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell v. Hood, 327 U.S. 678, 682-83, 90 L. Ed. 939, 66 S. Ct. 773 (1946)"*

*Roberts v Corruthers, 812 F.2d 1173, 1177-1178 (9th Cir 1987),*

In the present case, Plaintiffs' basis for federal subject matter jurisdiction is based on federal question. The statute on which Plaintiffs' federal question jurisdiction rests is the ADA Title III general statute. The ADA Title III general statute states:

"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a)

This federal statute confers federal question subject matter jurisdiction and is set forth in Plaintiffs' complaint as Plaintiffs' ADA Claim I. (Complaint ¶¶30-31). Additionally, Plaintiffs ADA Claims II, III, IV are also predicated on federal statutes that are derivative of 42 U.S.C. § 12182(a), i.e. 42 U.S.C. § 12183[1] for Plaintiffs Claim II- Alteration; 42 U.S.C. § 12182(b)(2)(A)(iv) for Plaintiffs Claim III-Failure to Remove Barriers; and 42 U.S.C. § 12182(b)(2)(A)(ii) for Plaintiffs Claim IV-Failure to modify policies, practices, and procedures. (Complaint, ¶¶30-39 ). Thus, the very same federal statute that provides the basis for federal question subject matter jurisdiction is the very same statute that provides the substantive basis for all Plaintiffs' ADA Title III claims. (Complaint, ADA Claims I through Claim IV of Plaintiffs Complaint, ¶¶30-39). In proving that Plaintiffs satisfy the elements of the statute above that confer subject matter jurisdiction, Plaintiffs are required to also prove the merits of their claims. Thus, Plaintiffs' basis for subject matter jurisdiction are intertwined with the merits of Plaintiffs' substantive claims.

---

[1] § 12183 (a) is derivative since § 12183 (a) states "… as applied to public accommodations, and commercial facilities, discrimination for purposes of section 302(a) [42 U.S.C. § 12182(a)] includes—"

2.    Intertwinement Standard Conclusion

When issues of jurisdiction and substance are intertwined, the district court must assume the truth of allegations in a complaint, unless controverted by undisputed facts in the record. *Roberts v Corruthers, 812 F.2d 1173, 1177 (9th Cir 1987).*  Additionally, the court can not resolve disputed facts. *Id. at 1177.*  Dismissal is then only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Id. at 1177.*  Defendant Marie Callender's request to decide disputed facts outside the pleadings is not appropriate in the present case and must be denied since all the material facts regarding the merits, and therefore jurisdiction are in dispute.

**B.    Standing - Case or Controversy Exist**

Defendant Marie Callender incorrectly asserts that the Plaintiff Outerbridge Access Association in the present case lacks standing.  (Motion P&A).  The Supreme Court held that Article III of the U.S. Constitution requires that, to establish standing, a plaintiff allege (1) an injury or an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual **or** imminent,  that is (2) "fairly traceable to the defendant's allegedly unlawful conduct" and that is (3) "likely to be redressed by a favorable decision."  (citations omitted)  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560; 112 S.Ct. 2130, 2152 (1992).  (emphasis added).  Plaintiff Diane Cross can establish individual constitutional standing and Plaintiff Outerbridge Access Association can establish constitutional association standing.   Both Plaintiff Cross and Plaintiff Outerbridge Access Association also have standing under the ADA.  Plaintiffs believe that a review of Plaintiff Cross's standing is important and relevant to the later discussion below of Plaintiff Outerbridge Access Association's standing as well and therefore first addresses Plaintiff Cross's standing.

1.    Diane Cross Has Standing

ADA Title III general rule states:

"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

1    42 U.S.C. § 12182(a)

2    An individual with a disability is clearly protected from a denial of equal access from a place of

3    public accommodation under ADA Title III,  42 U.S.C. § 12182(a).  Plaintiff Diane Cross has

4    physical disabilities and these physical disabilities substantially limit major life activities including

5    but not limited to the major life activity of walking.  (Complaint ¶¶ 12, 31).  Thus, pursuant to 42

6    U.S.C . § 12102(2), Cross with her mobility impairments is a qualified individual who is entitled to

7    the protections of ADA Title III.  Defendants have not disputed Plaintiffs claim that Cross is a

8    person with a disability entitled to the protections of ADA Title III.

9                    a.    Injury

10           Plaintiff Cross is required to demonstrate an injury to satisfy Constitutional standing

11   requirements.  The Ninth Circuit has held that "[t]he actual or threatened injury required by Article

12   III may exist solely by virtue of a statute that creates legal rights, the invasion of which creates

13   standing."  *Duffy v Riveland*, *98 F.3d 447, 453 (9th Cir 1996)* ; *Greater Los Angeles Council on*

14   *Deafness v. Baldrige, 827 F.2d 1353, 1358 (9th Cir. 1987)* [citing *Warth v. Seldin, 422 U.S. 490,*

15   *500 (1975)*].  In *Duffy*, the court found that a deaf prisoner who was refused an interpreter for a

16   classification hearing suffered injury in fact even though the prisoner ultimately did not attend the

17   scheduled hearing.  *Id.*  The *Duffy* court stated that the defendants' decision invaded the prisoner's

18   statutorily created legal rights under the ADA and Rehabilitation Act.  *Id.*  Additionally,  in an

19   recent ADA Title III case, the Ninth Circuit recently stated

20           **"We hold that when a plaintiff who is disabled within the meaning of the
             ADA has actual knowledge of illegal barriers at a public accommodation to
21           which he or she desires access, that plaintiff need not engage in the "futile
             gesture" of attempting to gain access in order to show actual injury during
22           the limitations period. When such a plaintiff seeks injunctive relief against an
             ongoing violation, he or she is not barred from seeking relief either by the
23           statute of limitations or by lack of standing."**

24   *Pickern v Holiday Quality Foods Incorporated*, 293 F.3d 1133, 1135 (9th Cir 2002).

25   Thus, in its holding the *Pickern* court stated that a plaintiff need not return to gain access at a

26   property if a property or business changes ownership or is operated by a different entity at the time

27   of the original violation and that a plaintiff under those circumstances "… is not barred from

28   seeking relief either by the statute of limitations or by lack of standing."  Id.

1    The issues regarding standing were further clarified by the Ninth Circuit Court in a pair of

2 recent binding appellate decisions.  See *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 (9th Cir,

3 November 9, 2007) [ current defense counsel for Callender advocated for the losing position] and

4 *Skaff v Meridien*, 2007 U.S. App. LEXIS 25516 (9th Cir.,  November 1, 2007) [In addition to

5 discussing pleading requirements for ADA Title III standing, this Ninth Circuit court also held that

6 no requirement exists for pre-filing notice to recover attorney fees and costs].  These two Ninth

7 Circuit decisions are very relevant to the issues raised.  In the Ninth Circuit *Doran* decision, the

8 *Doran* court held that a disabled individual who is currently deterred from patronizing a public

9 accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury."

10 Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently

11 threatened non-compliance with the ADA suffers "imminent injury."  *Doran v 7-Eleven Inc,* 2007

12 U.S.App.Lexis 26143 at page 8 (9th Cir, November 9, 2007) [ citing *Pickern v Holiday Quality*

13 *Foods Incorporated* ].   The *Pickern* court  additionally stated that a plaintiff who had only been

14 deterred from patronizing a public accommodation by his knowledge of existing access violations,

15 had stated an injury that was concrete and particularized.  *Pickern* at 1137-1138. See also *Skaff v*

16 *Meridien*, 2007 U.S. App. LEXIS 25516 at page 9 (9th Cir.,  November 1, 2007).  The *Pickern*

17 court further stated that a plaintiff who alleges that he is currently deterred from patronizing a

18 public accommodation due to a defendant's failure to comply with the ADA has suffered "actual

19 harm."  *Pickern* at 1138.   The *Doran* court also held that "an ADA plaintiff who has Article III

20 standing as a result of at least one barrier at a place of public accommodation may, in one suit,

21 permissibly challenge all barriers in that public accommodation that are related to his or her

22 specific disability.   *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 at page 26 (9th Cir, 2007).

23 The Ninth Circuit *Skaff* court held that an ADA plaintiff need only file a complaint containing "a

24 short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short

25 and plain statement of the claim showing that the pleader is entitled to relief."  *Skaff v Meridien*,

26 2007 U.S. App. LEXIS 25516 (9th Cir.,  November 1, 2007).  The *Skaff* court rejected any

27 heightened pleading requirements with respect to standing allegations in ADA actions in its lengthy

28 discussion of the pleading requirements necessary to establish standing.  *Skaff* at pages 14-23.

["Specific facts are not necessary . . . ." *Erickson, 127 S. Ct. at 2200*. Le Meridien would essentially impose a heightened pleading standard upon ADA plaintiffs, even though the Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule. *Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)*]. *Skaff* at page 21.

   In the present case, Plaintiff Cross claims that she personally suffered the <u>actual</u> injury of discrimination by the defendants' conduct in failing to provide full and equal access to defendants' goods, services, facilities, privileges, advantages, or accommodations in violation of 42 U.S.C. § 12182(a) when Plaintiff Cross went to Defendant Marie Callender's facilities to utilize their goods and services in June 2006.   (Complaint ¶¶ 30-39).  Plaintiff Cross also alleges that she intends to return to patronize defendants' facilities and that she is currently deterred from returning due to her knowledge of barriers to access which continue to exist at the property and in Defendant's facilities.  (Complaint ¶ 24).  Specifically, in November 2006, when Plaintiff Cross attempted to utilize Defendants' facilities, Cross alleged that she personally suffered discrimination pursuant to her ADA Title III claims I through Claim IV.  Additionally, Plaintiff Cross alleges that Defendants' improper conduct <u>continues to exist</u> in that barriers to access continue to exist at the property. (Complaint  ¶¶ 46, 24).  Plaintiff Cross alleges that these problems continue to exist at the property through the use of the present verb tense when describing the barriers.  For example, "…the access aisle for this "Van Accessible" disabled parking space fails to be compliant, as a ramp impermissibly encroaches into the access aisle …" (Complaint ¶ 14), "this space fails to be accessible, as it fails to be provide an accessible route to any of the facilities entrance located within the complex …"  (Complaint ¶14),   and " …the entrance, food service counter, and women's restroom, as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities …" (Complaint ¶ 15).  Additionally, Plaintiff Cross alleges that at the time of filing the complaint on November 7, 2007, the barriers to access continued to exist. (Complaint ¶24).

Defendant inaccurately attempts to imply that Plaintiffs are attempting to seek injunctive relief as to access issues that do not exist at the property and point to paragraph 36 of the Complaint.  See Motion Section V. However, the language in paragraph 36 was intended by Plaintiffs to state Plaintiffs believe and therefore allege that Defendants' facilities have access violations not directly experienced by Plaintiffs which would preclude or limit access by Plaintiffs and other persons with mobility disabilities, potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code and seeks the removal of those barriers where they exist. The list of items in paragraph 36 are the chapter headings taken directly from the ADA Accessibility Guidelines Codified in 28 C.F.R. Part 36, App. A.   Plaintiffs are permitted injunctive relief as to any architectural barrier that may exist on the property that relates to Plaintiffs mobility disabilities. The *Doran* court held that "an ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability.   *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 at page 26 (9th Cir, 2007).   Plaintiff Cross and Plaintiff Outerbridge Access Association have adequately pled that Plaintiffs encountered barriers at Defendants' facilities (Complaint Paragraphs 12-26) and seek injunctive relief as to those barriers as well as to any other barriers that exist in Defendants public accommodation (Complaint paragraph 36) that are related to Cross's mobility disabilities.

Additionally, Plaintiff Cross alleges continuing improper conduct of the Defendants. (Complaint ¶¶ 46, pg 22 LL18-23, "Such actions and **continuing course of conduct** by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiffs ….").  Plaintiff Cross also alleges that she desires and intends to return to patronize defendants' facilities in the immediate future (Complaint ¶24,) and that she is currently deterred from returning due to her knowledge of barriers to access which continue to exist at the property and in Defendant's facilities.   (Complaint ¶ 24, 46).   The threat of future injury is discussed more fully below under section II.B.1.c entitled "Requested Relief Available".

In the present action, the parties are at the pleading stage. Since Plaintiffs have suffered actual injury and that the actual injury of deterrence is continuing to the present by the continued course of conduct by the defendants, Plaintiffs have sufficiently alleged that Plaintiffs have suffered an injury to establish standing. Pursuant to the Intertwinement standard above, the court must assume the truth of the allegations in the complaint unless controverted by undisputed facts in the record. While Defendant Marie Callender may dispute these facts, these facts are in dispute and are at issue.

b.    Traceable To Defendants' Conduct

The second element for standing under the U.S. Constitution requires that a prospective plaintiff's injury must be fairly traceable to defendants' conduct. *Lujan at 590*. ADA Title III prohibits discrimination "… by any person who owns, leases (or leases to), or operates a place of public accommodation". Additionally, the Code of Federal Regulations that interpret and implement the ADA Title III state:

> Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this party may be determined by lease or other contract.

28 C.F.R. § 36.201(b).

Pursuant to the ADA Title III statutes and the above regulation, the Ninth Circuit has recently stated that both the landlord and tenant are liable for a denial of full and equal access. *Botosan v Paul McNally Realty*, 216 F.3d 827, 832-834 (9th Cir 2000) [discussing both 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.201(b)]. Plaintiffs alleged in the Complaint that Defendants Marie Callender are the "owners or operator(s)" of the property and facilities where the access to barriers were encountered. (Complaint, ¶ 4). Plaintiffs alleged that the Defendants were at all relevant times "the owner, franchisee, lessor, lessee, ...." of the remaining Defendants and were acting within the scope of that relationship. (Complaint, ¶ 7).

With respect to conduct traceable to Defendants Marie Callender, Plaintiffs alleged that Defendant Marie Callender discriminated against the plaintiffs by Defendant's failure to provide

full and equal access to provide accessible disabled parking, failed to provide an accessible exterior

path of travel, failed to provide an accessible entrance, failed to provide an accessible restroom and

fail to remove other barriers to access. (Complaint, ¶¶ 12-17).   Within Plaintiffs' more specific

ADA Title III claim I, Plaintiffs also alleged that all the "Defendants are a public accommodation

**owned, leased, and/or operated** by Defendants" where "Defendants" is defined as all the named

defendants as well as the Doe defendants. (Complaint, ¶ 28, ¶ 30).  Also, Plaintiffs alleged that

"Defendants existing facilities and/or services failed to provide full and equal access to

Defendants' facility as required by 42 U.S.C. § 12182(a)." (Complaint, ¶ 30).  Within the more

specific ADA Title III claim III, Plaintiffs alleged that Plaintiff's Member Diane Cross was denied

full and equal access to Defendants' goods, services, facilities, privileges, advantages, or

accommodations within a public accommodation **owned, leased, and/or operated by**

**Defendants**. (Complaint, ¶ 36).   Plaintiffs also alleged within Claim III that architectural barriers

exist within enumerated physical elements of Defendants' facilities.   (Complaint, ¶ 36).   Within

the  specific ADA Title III claim IV, Plaintiffs alleged that Defendants failed to provide a

reasonable alternative by modifying their practices, policies and procedures to assist Plaintiff Diane

Cross and others similarly situated in entering  and utilizing Defendants goods and services as

required by 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188(a).  (Complaint, ¶ 37).

Plaintiffs have sufficiently alleged that the named defendants are responsible for the discriminatory

conduct.  The court must assume the truth of the allegations in the complaint unless controverted

by <u>undisputed</u> facts in the record.   While Defendant Marie Callender may dispute these facts, these

facts are in dispute and are at issue.

                     c.        <u>Requested Relief Available</u>

       The third element for standing under the U.S. Constitution requires that the requested relief

must be available to address the plaintiff's injury.  *Lujan at 590*.  Plaintiffs' requested relief for her

ADA Claim I through Claim IV is for injunctive relief.  (Complaint pg 24, ¶ D).  The ADA Title

III enforcement statute 42 U.S.C. § 12188(a) incorporates the remedies available under 42 U.S.C. §

2000a-3(a).  Statute 42 U.S.C. § 2000a-3(a) provides for injunctive relief  available to the person

aggrieved.   Injunctive relief is available to "any person who <u>is being subjected to</u> discrimination on

the basis of disability" **OR** who has "reasonable grounds for believing that such person is about to be subjected to discrimination." *42 U.S.C. § 12188(a)(1)* (emphases added).  "The statute makes clear that either a continuing or a threatened violation of the ADA is an injury within the meaning of the Act.   A plaintiff is therefore entitled to injunctive relief to stop or to prevent such injury". *Pickern* at 1136 [discussing *42 U.S.C. § 12188(a)(1)*].  Pursuant to the discussion above concerning the past and on-going improper conduct of the defendants (see supra, "Injury"), Plaintiffs have sufficiently alleged that Defendant's conduct is continuing or a threatened violation of the ADA Title III still exists.   Plaintiffs have sufficiently alleged on-going improper conduct.

Finally, 42 U.S.C. § 12188(a)(2) states that injunctive relief <u>shall</u> include an order to make the facilities readily accessible.

> "In the case of violations of sections 302(b)(2)(A)(iv) and [section] 303(a) *[42 USCS § § 12182*(b)(2)(A)(iv) and 12183(a)], injunctive relief **shall** include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title *[42 USCS § § 12181* et seq.]. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title *[42 USCS § § 12181* et seq.]."

*42 U.S.C. § 12188(a)(2)* (emphasis added)

Plaintiffs' are entitled to the injunctive relief they seek against all the named defendants. Pursuant to the Intertwinement standard above, the court must assume the truth of the allegations in the complaint unless controverted by <u>undisputed</u> facts in the record.   While Defendant Marie Callender may dispute these facts, these facts are in dispute and are at issue,  When viewing all the allegations of the Complaint as true, Plaintiff Diane Cross has demonstrated that the requested relief is available.

Plaintiffs' federal ADA claims and California claims do not require Plaintiffs to prove intent to establish liability.  *Lentini v California Center For The Arts*, 370 F.3d 837, 846-847 (9th Cir 2004).  Additionally, <u>the California Court of Appeals recently held that the failure to remove architectural barriers was an intentional act by defendants even though the defendants only engaged in the passive activity of failing to comply with the ADA and related California statutes.</u> *Modern*

1    *Development Company v Navigators Insurant Company*, 111 Cal. App. 4th 932, 943; 4 Cal. Rptr.

2    3d 528, 538  (Cal. App. 2nd, 2003) [ the statures at issue were the same as in the present case].  The

3    *Modern Development Company* court stated the defendants intended the architectural configuration

4    of the facilities to be configured as it existed and the defendants' passive failure to remove barriers

5    to the restroom was an intentional act.  *Id.  Gunther v Lin*, 2006 Cal. App. LEXIS 1670 [finding

6    that certain ADAAG violations are prima facia intentional discrimination under CA Civil Code

7    section 51 and/or strict liability for violating CA Civil Code section 54.3].    The U.S. Department

8    of Justice ("DOJ") adopted as part of its standards with regard to Title III a set of ADA

9    Accessibility Guidelines for Buildings and Facilities ("ADAAG").    Codified in 28 C.F.R. Part 36,

10    App. A, these standards constitute "legally binding regulation."  *Parr v L&L Drive In Restaurant,*

11    96 F.Supp.2d 1065  (HI 2000) [citing *Independent Living Resources v. Oregon Arena Corporation,*

12    F.Supp.2d 1124, 1130 n. 2 (1998)].   Additionally, the ADAAG provides valuable guidance for

13    determining whether an existing facility contains architectural barriers.  Id.  [citing *Pascuiti v. New*

14    *York Yankees,* 87 F.Supp.2d 221, 226 (S.D.N.Y.1999)].   The DOJ considers "any element in [an

15    existing] facility that does not meet or exceed [ADAAG Standards] to be a barrier to access."  *Id.*

16    ADA Title III statutes and regulations provide a private right of action to remove barriers to access.

17         2.    <u>Association Plaintiff Has Standing</u>

18         Congress not only intended individuals to be protected under ADA Title III but Congress

19    clearly intended and expected that representative actions would be asserted on behalf of a class for

20    violations of Title III of the ADA.  The ADA refers to a "class of individuals" in its description of

21    conduct and policies which are deemed discriminatory. (See 42 USC § 12182(b)(1)(A)(i)-(iii) ).  In

22    describing prohibited discriminatory conduct the statute states in pertinent part:

> 23    It shall be discriminatory to subject an individual **or class of individuals** on the basis of
> 24    disability or disabilities of such individual **or class** directly, or through contractual, licensing, or other arrangements to a denial of the opportunity of the individual **or class** to
> 25    participate in or benefit from the goods, services, facilities, privileges, advantages, or
> 26    accommodations of an entity.

26    42 USC § 12182(b)(1)(A)(i).

27    Plaintiff Outerbridge Access Association  is an association which advocates on the behalf of its

28    members with disabilities when their civil rights have been violated.  Plaintiff Diane Cross is a

member of the plaintiff association. ( Complaint, ¶¶ 12).  In contrast to Defendants' out-of-circuit district court decisions,  Plaintiff Outerbridge Access Association asserts that the binding authority of Ninth Circuit case law controls standing issues as to associational Plaintiff as well.  See section II.B.1 above,  *Pickern v Holiday Quality Foods Incorporated*, 293 F.3d 1133, 1135 (9th Cir 2002). *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 at page 26 (9th Cir, 2007),  *Skaff v Meridien*, 2007 U.S. App. LEXIS 25516 (9th Cir.,  November 1, 2007).  Since Plaintiff Diane Cross is a member of the plaintiff association.  Plaintiff Outerbridge Access Association has standing for all the reasons stated above for Plaintiff Cross's standing as well and these reasons are incorporated herein for the Plaintiff Outerbridge Access Association.  This court has long recognized that organizations that meet constitutional association standing requirements have standing to bring claims pursuant to the federal ADA statutes.

Association standing requires that (1) its members would otherwise have standing to sue in their own right, (2) the interests the association seeks to protect are germane to the association's purpose and (3) neither the claim asserted nor the relief requested requires the participation of individual members.  *Hunt v. Washington Apple Advertising Commission*, 432 U.S. 333, 343; *Greater Los Angeles Council On Deafness, Inc. v. Baldrige*, 827 F.2d 1353, 1358 (9th Cir. 1987). Plaintiff Outerbridge Access Association's member Diane Cross is able to sue in her own right as shown above and thus Plaintiff Outerbridge Access Association satisfies the first condition of association standing.  Under the *Hunt* test and in conjunction with construing the allegations of Complaint as true, Plaintiff Outerbridge Access Association has standing to maintain this action as further shown immediately below.

Association standing requires that the interests protected are germane to the association's purpose.  *Greater Los Angeles Council On Deafness, Inc. v. Baldrige*, 827 F.2d 1353, 1358 (9th Cir. 1987).  The Complaint states that Plaintiff Outerbridge Access Association is an organization which advocates on the behalf of its members with disabilities when the members civil rights and liberties have been violated.  (Complaint ¶¶ 13).  The present action seeks protection of the interests of persons with disabilities to access public accommodations.  Thus, the interests sought to be protected in the present action are identical to the association's purposes.

The third association standing requirement is that neither the claim asserted nor the relief requested require the participation of individual members. *Greater Los Angeles Council On Deafness, Inc. v. Baldrige*, 827 F.2d 1353, 1358 (9th Cir. 1987). Plaintiff Outerbridge Access Association does request injunctive relief pursuant to the federal ADA Title III claims and injunctive relief available under the California claims. The injunctive relief requested by Plaintiff Outerbridge Access Association does not require the individual participation of members. Plaintiff Outerbridge Access Association seeks only injunctive relief specifically related to members of the Association who have mobility disabilities. While Diane Cross does seek damages pursuant to her California state law claims, the Outerbridge Access Association does not seek damages pursuant to these California claims. While the claims of Plaintiff Outerbridge Access Association for injunctive relief may overlap to some extent the same scope of injunctive relief claims of Plaintiff Diane Cross does not nullify the injunctive relief claims of the association plaintiff. Thus, neither the claims asserted nor the relief requested require individual participation. When viewing all the allegations of the Complaint as true and drawing all reasonable inferences, Plaintiff Outerbridge Access Association satisfies the three requirements for U.S. Constitutional association standing and Plaintiff Outerbridge Access Association has stated a claim pursuant to ADA Title III.

**C.    Subject Matter Jurisdiction Conclusion**

Pursuant to the Intertwinement standard above, the court must assume the truth of the allegations in the complaint unless controverted by undisputed facts in the record. While Defendant Marie Callender may dispute certain facts going to the merits of Plaintiffs claims and jurisdiction, those certain facts are in dispute and are at issue. Additionally, both Plaintiff Cross and Outerbridge Access Association have stated sufficient facts to state a cause of action pursuant to their federal and state causes of action and thus Defendants motion pursuant to FRCP 12(b)((6) fails as well. When viewing all the allegations of the Complaint as true and drawing all reasonable inferences, Plaintiff Diane Cross and Plaintiff Outerbridge Access Association have demonstrated that their federal ADA Title III claims arise under the laws of the United States and that Plaintiffs have standing under the U.S. Constitution and ADA Title III.

# III.   SUPPLEMENTAL JURISDICTION

Plaintiffs have alleged that supplemental jurisdiction exist with respect to their California claims.   (Complaint ¶ 3).   Defendant Marie Callender does not dispute that supplemental jurisdiction over Plaintiffs' California claims is initially proper but incorrectly asserts that the court should decline to exercise jurisdiction over said claims.  A review of the proper exercise of supplemental jurisdiction is in order.

## A.   Supplemental Jurisdiction Basis Exists

A court exercises supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.   "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *28 U.S.C. § 1367(a).*   "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together"  *Bahrampour v Lampert*, 356 F.3d 969, 978 ( 9th Cir 2004) [ citing *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)*].  The Ninth Circuit has stated that the exercise of supplement jurisdiction is mandated if the conditions of *§ 1367(a)* are met.  *Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1555-56 (9th Cir. 1994).*  In the present case, Plaintiff Cross and the Outerbridge Access Association's state law claims share the same nucleus of  operative facts.  As stated more fully above, Plaintiffs federal ADA Title III claims arise under the federal statute that provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  *42 U.S.C. § 12182(a).*  The plaintiffs have pled supplemental jurisdiction over their California (1) Unruh Act claims and (2) Disabled Persons Act claims.  The Unruh Act provides that "all persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability</u>, or medical condition are entitled

to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments or every kind whatsoever." *Cal. Civ. Code § 51(b).* (emphasis added). The Unruh Act incorporates the ADA through the provision "[a] violation of the right of any individual under the Americans with Disabilities (Public Law 101-336) shall also constitute a violation of this section." *Cal. Civ. Code § 51(f).* California Disabled Persons Act ("DPA") provides in pertinent part that "[i]ndividuals with disabilities shall be entitled to full and equal access ... to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited ...". *Cal. Civ. Code § 54.1(a)(1).* Additionally, the DPA incorporates the ADA through the provision "[a] violation of the right of any individual under the Americans with Disabilities (Public Law 101-336) shall also constitute a violation of this section." *Cal. Civ. Code § 54(c).* Thus, under the federal ADA, California Unruh Act, or the California DPA, any plaintiff states a cause of action when they prove (a) they are a person with a disability, (b) the defendant's business is a place of public accommodation, and (c) they were denied full and equal treatment because of their disability. In the present case, the facts to prove Plaintiffs' federal ADA Title III claims, and Plaintiffs' California Unruh Act and DPA claims all arise out of the same facts and circumstances. (See Complaint generally). Thus, Plaintiffs' California claims arise out of the same common nucleus of operative facts as their federal ADA Title III claims. Additionally, Plaintiffs have adequately alleged sufficient facts to state a claim for relief pursuant to these California claims. Initially, the court is required to exercise supplemental jurisdiction over Plaintiffs' California claims.

**B.    <u>No Compelling Reason To Decline Jurisdiction</u>**

Once supplemental jurisdiction has been established under *§ 1367(a)*, the district court can decline to assert supplemental jurisdiction over a pendant claim **<u>only</u>** if one of the four categories specifically enumerated in *§ 1367(c)* applies. *Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1555-56 (9th Cir. 1994).* Additionally, the Ninth Circuit court has stated "that Congress intended that, outside of circumstances <u>already</u> recognized under current law that are codified in <u>subsections (c)(1)-(c)(3)</u>, any <u>further</u> extension of *Gibbs* through <u>subsection (c)(4)</u> should be undertaken only when the district court both articulates 'compelling reasons' for

declining jurisdiction and identifies how the situation that it confronts is 'exceptional' ".  *Executive Software N. Am., Inc. v. United States Dist. Court* at 1557-58 (quoting *§ 1367*) (emphasis in original).  In order to decline exercising supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction "comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity**.** *Bahrampour* at 978-979.  Thus, the district court must first identify the subsection of 1367(c) that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity. *Executive Software N. Am., Inc. v. United States Dist. Court,* at 1557 [citing *Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992)* as the holding of that court).  Defendant Marie Callender incorrectly asserts that this court should decline to exercise supplemental jurisdiction over Diane Cross's and the Outerbridge Access Association's California state law claims.

Defendant Marie Callender appears confused that to decline supplemental jurisdiction over pendant state claims does not effect the proper exercise of original jurisdiction over Plaintiffs federal ADA claims.  However, pursuant to all the case law cited supra, it should be abundantly clear, in the case where a court exercises proper original jurisdiction based on federal question, that the court still retains jurisdiction over the federal claims even if the court declines to exercise supplemental jurisdiction over the state claims.  In that case, the plaintiffs must file their state based claims in state court to preserve them while the case proceeds in federal court on the merits of the federal claims.  The present case can not be dismissed in total when federal question subject matter jurisdiction is established as it is in this case.

Recently, <u>four</u> different judges within this District Court considered this very issue prior to the *Gunther* decision, and the defendants in each of those cases made the identical arguments as the defendants in the instant case and soundly rejected defendants' arguments.  See Judge Lorenz's previous decision in *Feezor v Wal-Mart Stores, Inc.* Slip Copy, 2006 WL 220152, *3 (S.D. Cal) [finding that the court's exercise of supplemental jurisdiction would best advance economy, convenience, fairness, and comity, and similarly rejecting 'forum-shopping' as an exceptional

circumstance giving rise to compelling reasons for declining jurisdiction, as required by § 1367(c)(4); See Judge Moskowitz's decision in *Chavez v Suzuki*, Slip Copy, 2005 WL 3477848, *2 (SD Cal 2005) [noting that the state and federal ADA claims were so intertwined that it made little sense to decline supplemental jurisdiction, state claims did not predominate the ADA claims, nor was the issue of state statutory damages sufficiently novel or complex to meet the exceptional reason for declining jurisdiction]; see Judge Benitez's decision in *Wilson v Wal-Mart Stores, Inc.*, 2005 WL 3477827, *2 (SD Cal 2005); and finally see Judge Hayes' latest decision in *Wilson v PFS LLC dba McDonalds #23315*, "Order RE: Defendants Motion To Dismiss", Case Number: 06CV1046 WQH (NLS), Filed November 02, 2006, Docket Item #25, (SD Cal 2006) [citing approvingly *Chavez v Suzuki* ].    Finally, if the court were to find that the state claims raise a novel and complex issue of state law and/or substantially predominate over the ADA claim, it must still determine whether the exercise of its discretion to decline supplemental jurisdiction would comport with the underlying objective of "most sensibly accommodating" the values of "economy, convenience, fairness, and comity".  *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir 1994).  Plaintiff Cross asserts that analyzing these values can only lead to a determination that supplemental jurisdiction must not be declined, for to do so would create the danger or multiple suits, courts rushing to judgment, increased litigation costs, and wasted judicial resources.

1.    Novel And Complex State Law?

Defendant Marie Callender implies that this court should decline supplemental jurisdiction over Plaintiff Cross's state law claims since they are novel and complex.  A case-specific analysis must be undertaken to determine whether declining supplemental jurisdiction on this basis "comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity.  *Bahrampour* at 978-979.  In the present case as stated above, under the federal ADA Title III claims, California Unruh Act, or the California DPA, a plaintiff states a cause of action when they prove (1) they are a person with a disability, (2) the defendant's business is a place of public accommodation, and (3) they were denied full and equal treatment because of their disability.  Thus, the federal ADA claims will require exactly the same proof to

1    establish the three (3) elements for the federal claim as well as to each of the two state causes of

2    action.  Where the  adjudication of all of the claims likely will require the same witnesses,

3    presentation of the same evidence, and determination of the same, or very similar facts argues

4    strongly in favor of retaining supplemental jurisdiction over the state law claims.  *Vernon v*

5    *Medical Management Associates Of Margate, Inc.*, *912 F. Supp. 1549, 1566 (SD Fl 1996)* [citing

6    *Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1563-64 (11th Cir. 1994)*].

7    Declining jurisdiction over the California causes of action would require an unnecessary

8    duplication of effort by the California courts and does not comport with the values of economy,

9    convenience, fairness and comity**.**  Compelling advantages exist by promoting the values of judicial

10   economy, convenience to the parties and witnesses, and fairness to the parties and witnesses by

11   litigating these claims in a single forum

12          Defendant asserts that the remedies available under the California claims cause these claims

13   to be novel and complex.  (Motion P&A pgs 5-6).  The only remedy available under ADA Title III

14   is limited to injunctive relief.  *42 U.S.C. § 12182(a)*.  The California Unruh Act and the California

15   DPA like the federal ADA both provide the remedy of injunctive relief.  *Cal. Civ. Code § 52(c)*

16   *and Cal. Civ. Code § 55*.  Diane Cross and the Outerbridge Access Association's California claims

17   both seek injunctive relief pursuant to their California claims.  The remedy of injunctive relief does

18   not add any further complexity or novelty to these claims so the *Gibbs* factors still weigh in favor

19   of retaining supplemental jurisdiction.  The Plaintiff Outerbridge Access Association seeks only

20   injunctive relief pursuant to its California claims.  However, Plaintiff Diane Cross does seek

21   monetary damages available under the California Unruh Act or alternatively, under the DPA.  *Cal.*

22   *Civ. Code § 52(a) or Cal. Civ. Code § 54.3(a)*.  (Complaint pg 22, damages stated in the

23   alternative).  The DPA prohibits simultaneous recovery of damages separately under the Unruh Act

24   provisions and the DPA.  *Cal. Civ. Code § 54.3(c)*.  As previously stated supra, under the federal

25   ADA Title III claims, California Unruh Act, or the California DPA, a plaintiff to be entitled to

26   relief must prove (1) they are a person with a disability, (2) the defendant's business is a place of

27   public accommodation, and (3) they were denied full and equal treatment because of their

28   disability.  Thus, a plaintiff will have to prove these three elements even if the that plaintiff only

1  sought injunctive relief under the ADA.  The only additional proof a plaintiff would require to

2  recover damages would be to provide evidence of any general damages, if any, otherwise the

3  Plaintiff is restricted to recovering only minimum statutory damages.  The compelling advantages

4  of promoting the values of judicial economy, convenience to the parties and witnesses, and fairness

5  to the parties and witnesses by litigating these claims in a single forum far outweigh the minimal

6  additional time, if any, to prove general damages.   If the Plaintiff has no general damages, then the

7  plaintiff is entitled to recover only minimum statutory damages under either the Unruh Act or the

8  DPA.  In that case, no additional court resources are required at all.

9       This court recently issued a decision after the *Lentini*, *Gunther* and *Wilson v Haria* cases

10  and denied a motion by Defendants to decline exercise of supplemental jurisdiction.  (See

11  Wakefield Declaration, Exhibit D – Pinnock v Solana Beach Do It Yourself Dog Wash, Case

12  #06CV1816 BTM, Docket Item #22).  <u>On July 3, 2007, Judge Moskowitz denied Defendants</u>

13  <u>motion to decline supplemental jurisdiction noting that the court must still determine whether the</u>

14  <u>exercise of its discretion to decline supplement jurisdiction would comport with the underlying</u>

15  <u>objective of 'most sensibly accommodating the values of economy, convenience, fairness, and</u>

16  <u>comity.</u>   In that decision, Judge Moskowitz analyzed and reasoned that it made little sense to

17  decline supplemental jurisdiction.   Additionally, this court has prior experience dealing with

18  determining damages in ADA cases.  Prior reported cases exist to provide further guidance to this

19  court when damages are sought. See *Gunther v Lin*, 2006 Cal. App. LEXIS 1670 [finding that

20  certain ADAAG violations are prima facia intentional discrimination, strict liability for violating

21  CA Civil Code section 54.3].  See *Modern Development Co. v Navigator Insurance Co.*, 111

22  Cal.App.4th 932 (Ct. App. 2003) [architectural layout is intentional].  *Donald v Café Royale, Inc.*,

23  218 Cal.App.3d 168 (Ct. App. 1990).  See also *Hankins v El Torito Restaurants, Inc*, 74

24  Cal.Rptr.2d 684 (Cal.App.1st 1998).  *Koire v Metro Car Wash*, 40 Cal.3d 24 (1985).   *Barrios v.*

25  *Cal. Interscholastic Fed'n.*, 277 F.3d 1128, 1134 (9th Cir. 2002).  *Lentini v California Center For*

26  *The Arts*, 370 F.3d 837 (9th Cir 2004).  *Botosan v Fitzhugh*, 13 F.Supp.2d 1047 (SD Cal 1998).

27  *Boemios v Love's Restaurant*, 954 F.Supp 204 (SD Cal 1997).  *Arnold v United Artists*, 158 F.R.D.

28

439 (ND Cal 1994).  Additionally, the recent California appellate case *Gunther v Lin* clarified

California law regarding recovery of damages.

2.    Claims Do Not Predominate

A case-specific analysis must be undertaken to determine whether declining supplemental

jurisdiction on this predominance basis "comports with the underlying objective of most sensibly

accommodating the values of economy, convenience, fairness and comity.  *Bahrampour* at 978-

979.  As Plaintiffs have demonstrated above, proof of defendants liability for Plaintiffs' federal

ADA, California Unruh Act, and California DPA claims are identical.  Additionally, Plaintiffs

requested injunctive relief requires no additional burden.  "The argument for exercise of pendent

jurisdiction is particularly strong … where the two claims (federal and state) are closely tied".

*Miller v Lovett*, 879 F.2d 1066, 1072 (2nd Cir 1989) [involving civil rights action wherein state

claims for negligence, assault and battery were also present].  See also *Borough of West Mifflin v*

*Lancaster*, 45 F.3d 780, 790 (3rd Cir 1995) [ federal civil rights case with state malicious

prosecution, abuse of process, and conspiracy].  In the present case, the federal and state claims are

virtually identical and this argues strongly to exercise continuing jurisdiction over the state claims.

A court did not find the award of damages pursuant to the California DPA to a class of disabled

plaintiffs a difficult challenge in a class action setting.  *Arnold v United Artists*, 158 F.R.D. 439

(ND Cal 1994).  See also *Molski v Gleich, 318 F.3d 937 (9th Cir. 2003)* [ Even aggregation of

potential class damages exceeding $500 million dollars did not predominate over injunctive relief

sought].  See also *Chavez v Suzuki*, Slip Copy, 2005 WL 3477848, *2 (SD Cal 2005) [noting that

the state and federal ADA claims were so intertwined that it made little sense to decline

supplemental jurisdiction, state claims did not predominate the ADA claims, nor was the issue of

state statutory damages sufficiently novel or complex to meet the exceptional reason for declining

jurisdiction] and *Wilson v PFS LLC dba McDonalds #23315*, "Order RE: Defendants Motion To

Dismiss", Case Number: 06CV1046 WQH (NLS), Filed November 02, 2006, Docket Item #25,

(SD Cal 2006) [citing approvingly *Chavez v Suzuki* ].  The compelling advantages of promoting the

values of judicial economy, convenience to the parties and witnesses, and fairness to the parties and

witnesses by litigating these claims in a single forum far outweigh any other issues.  Additionally,

1    while the plaintiffs have alleged a class action they have not yet moved to certify a class action.  If

2    they sought class certification, Plaintiffs may not seek class damages.  Even if plaintiffs did seek

3    damages at certification, this court has the discretion to certify an injunctive relief only class action.

4    Finally, a court may decline to exercise supplement jurisdiction at any stage of the litigation.

5    *Innovative Home Health Care. Inc. v P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1287 (8th

6    Cir 1994).  In the present case, the court could reserve till later a decision regarding supplemental

7    jurisdiction over Plaintiffs California claims if it was so disposed.

8

9

10

11

12                                **IV.    <u>CONCLUSION</u>**

13           Defendant Marie Callender's present motion to dismiss on subject matter grounds must be

14    denied.  The applicable standard of review at this pleading stage is the intertwinement standard.

15    Under that standard, the district court must assume the truth of allegations in a complaint, unless

16    controverted by <u>undisputed</u> facts in the record.  The court can not resolve disputed facts.  Under the

17    applicable standard of review, dismissal is then only appropriate where "it appears beyond doubt

18    that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief".

19    When reviewing the complaint and supporting documents, Plaintiffs Diane Cross and the

20    Outerbridge Access Association have alleged sufficient facts to establish standing and the subject

21    matter jurisdiction of this court over the Plaintiffs' ADA Title III claims or at the minimum

22    Plaintiffs have placed these issues in dispute.   Additionally,  Plaintiffs have alleged sufficient facts

23    to state claims for relief under both their Federal and California.  Also, Plaintiffs currently have

24    filed a Motion To Amend The Complaint in order to seek leave of court to file a First Amended

25    Complaint.  Finally, declining to exercise supplemental jurisdiction over Plaintiffs' California

26    causes of action would require an unnecessary duplication of effort by the California courts and

27    does not comport with the values of economy, convenience, fairness and comity**.** Defendant Marie

28    Callender's motion to decline supplemental jurisdiction over Plaintiffs' claims for relief under their

California state law claims should be denied for the reasons stated above . However, if the court's decision does not deny Defendant Marie Callender's motion, then Plaintiffs respectfully request that they be permitted to amend their complaint to conform to the court's decision.

Respectfully submitted:

**PINNOCK & WAKEFIELD, APC**

Dated:  January 10, 2008            By:

  /S/ Michelle L. Wakefield_____
MICHELLE L. WAKEFIELD, ESQ.
Attorneys for Plaintiffs

**CERTIFICATE OF PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

      I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3033 Fifth Avenue, Suite 410, San Diego, California, 92103.

      **On this date, I served the following document(s) described as** PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; DECLARATION OF MICHELLE L. WAKEFIELD IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; on the following parties in this action by:

      **__X___ BY ELECTRONIC SERVICE TRANSMISSION** via the United States District Court, Southern Division of California, Case  Management/Electronic Case Files, Filing System.  I served a copy of the above listed document(s) to the e-mail addresses of the addressee(s) by use of email as identified and maintained therein.

Scott J. Ferrell, Esq.
Lisa A. Wegner, Esq.
Call Jensen & Ferrell, APC
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone:  949.717.3000
Facsimile:  949.717.3100
Email:  SFerrell@CallJensen.com
**ATTORNEYS FOR DEFENDANT MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254**

John Nadolenco
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Fax:  213.625.0248
Jnadolenco@MayerBrown.com
ATTORNEYS FOR DEFENDANT **COURTYARD HOLDINGS, LP**

Richard R. Waite, Esq.
Keeney Waite & Stevens
125 North Acacia Avenue, Suite 101
Solana Beach, CA  92075
Fax: 858.523.2135
Rwaite@KeenLaw.com
**ATTORNEYS FOR DEFENDANT** PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS

Document Date:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____ **BY MAIL:**  placing  _____ the original  _____ a true copy thereof enclosed in sealed enveloped addressed as stated above.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid, mailed at San Diego, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__**X**___ **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction this service was made.

**EXECUTED** on January 11, 2008, at San Diego, California.

 _/S/ David C. Wakefield___
David C. Wakefield

Document Date: