1    MAYER BROWN LLP
     JOHN NADOLENCO (SBN 181128)
2      JNadolenco@mayerbrown.com
     BRONWYN F. POLLOCK (SBN 210912)
3      BPollock@mayerbrown.com
     350 South Grand Avenue, 25th Floor
4    Los Angeles, CA  90071-1503
     Telephone:   (213) 229-9500
5    Facsimile:   (213) 625-0248
6
     Attorneys For Defendant
7    COURTYARD HOLDINGS, LP

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10
     OUTERBRIDGE ACCESS                    CASE NO. 07 CV 2129 BTM (AJB)
11   ASSOCIATION, SUING ON
     BEHALF OF DIANE CROSS; and            **ANSWER OF DEFENDANT**
12   DIANE CROSS, An Individual,           **COURTYARD HOLDINGS, LP TO**
                                           **PLAINTIFFS' COMPLAINT**
13                  Plaintiffs,
                                           **Honorable Barry T. Moskowitz**
14        v.

15   MARIE CALLENDER'S PIE
     SHOPS, INC. d.b.a. MARIE
16   CALLENDER'S #254; PACIFIC
     BAGELS, LLC d.b.a. BRUEGGARS
17   BAGELS; COURTYARD
     HOLDINGS, LP; PSS PARTNERS,
18   LLC; AND DOES 1 THROUGH 10,
     Inclusive,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

28740565.1

1    Defendant Courtyard Holdings, LP ("Courtyard") hereby answers the Class

2   Action Complaint (the "Complaint") of Plaintiffs Outerbridge Access Association,

3   Suing on Behalf of Diane Cross, and Diane Cross (jointly, "Plaintiffs") as follows:

4                    **PRELIMINARY STATEMENT**

5    The Complaint contains allegations concerning parties other than Courtyard.

6   Unless otherwise specifically indicated, Courtyard denies knowledge or

7   information sufficient to form a belief as to the truth of any of the allegations

8   concerning the conduct or knowledge of any party other than the Courtyard.

9                              **ANSWER**

10                      **INTRODUCTION**[1]

11    1.    Courtyard admits that Plaintiffs purport to sue on behalf of

12   Outerbridge Access Association and its members and Diane Cross.  Courtyard

13   denies that it has discriminated against individuals with disabilities.  Courtyard is

14   without sufficient knowledge or information to form a belief as to the truth of the

15   remaining allegations in Paragraph 1 of the Complaint, and on that basis denies

16   those allegations.

17                  **JURISDICTION AND VENUE**

18    2.    The allegations contained in Paragraph 2 of the Complaint are legal

19   conclusions to which a response is not required.  To the extent Paragraph 2 of the

20   Complaint alleges facts, Courtyard denies the allegations.

21                 **SUPPLEMENTAL JURISDICTION**

22    3.    The allegations contained in Paragraph 3 of the Complaint are legal

23   conclusions to which a response is not required.  To the extent Paragraph 3 of the

24   Complaint alleges facts, Courtyard denies the allegations.

25   / / /

26   _____

27   [1]    The headings and subheadings contained herein are taken verbatim from Plaintiffs'
Complaint.  To the extent such headings constitute allegations of wrongdoing against Courtyard,

28   they are denied.

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO
PLAINTIFFS' COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28740565.1

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.    Courtyard admits that it is the owner and lessor of certain real property located at 11122 and 11134 Rancho Carmel Drive, San Diego, California 92128 and that its tenants at the property include Marie Callender Pie Shops, Inc. and Pacific Bagels, LLC.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and on that basis denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.    Courtyard admits that Plaintiffs' Complaint states that it uses the words Plaintiff, Plaintiffs, Plaintiff's Member and Plaintiff's Members to refer to Outerbridge Access Association, suing on behalf of Diane Cross and Diane Cross, an Individual.

6.    Courtyard denies that it is or was a subsidiary, parent entity, employer, employee, or agent of Marie Callender's Pie Shops, Inc. d.b.a. Marie Callender's #254, Pacific Bagels, LLC d.b.a. Brueggars Bagels, PSS Partners, LLC, or any other defendant.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and on that basis denies those allegations.

7.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies those allegations.

## STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23(B) AS TO ALL DEFENDANTS

8.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 8 of the Complaint are legal conclusions, no response is required.

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO
PLAINTIFFS' COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28740565.1

9.    Courtyard admits that it is the owner and lessor of certain real property located at 11122 and 11134 Rancho Carmel Drive, San Diego, California 92128 and that its tenants at the property include Marie Callender Pie Shops, Inc. and Pacific Bagels, LLC.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and on that basis denies those allegations.

10.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 10 of the Complaint are legal conclusions, no response is required.

11.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 11 of the Complaint are legal conclusions, no response is required.

## CONCISE SET OF FACTS

12.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis denies those allegations.

13.    Courtyard admits that it is the owner and lessor of certain real property located at 11122 and 11134 Rancho Carmel Drive, San Diego, California 92128 and that its tenants at the property include Marie Callender Pie Shops, Inc. and Pacific Bagels, LLC.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies those allegations.

14.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies those allegations.

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO
PLAINTIFFS' COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28740565.1

15.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 15 of the Complaint are legal conclusions, no response is required.

16.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies those allegations.

17.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies those allegations.

18.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 18 of the Complaint are legal conclusions, no response is required.

19.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies those allegations.

20.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies those allegations.

22.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies those allegations.

/ / /

28740565.1

23.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 23 of the Complaint are legal conclusions, no response is required.

24.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies those allegations.

25.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 25 of the Complaint are legal conclusions, no response is required.

26.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies those allegations.

<u>NOTICE</u>

27.     The allegations contained in Paragraph 27 of the Complaint are legal conclusions to which a response is not required.  To the extent Paragraph 27 of the Complaint alleges facts, Courtyard denies the allegations.

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

28.     No allegations are made in Paragraph 28 of the Complaint; to the extent that allegations were implied, Courtyard denies all allegations.

29.     Courtyard denies the allegations contained in Paragraph 29 of the Complaint.

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS – **Claims Under the Americans with Disabilities Act of 1990**

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO
PLAINTIFFS' COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28740565.1

1  CLAIM I AGAINST ALL DEFENDANTS:  **Denial Of Full And Equal Access**

2      30.    Courtyard is without sufficient knowledge or information to form a

3  belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on

4  that basis denies those allegations.  To the extent the allegations contained in

5  Paragraph 30 of the Complaint are legal conclusions, no response is required.

6      31.    Courtyard is without sufficient knowledge or information to form a

7  belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on

8  that basis denies those allegations.  To the extent the allegations contained in

9  Paragraph 31 of the Complaint are legal conclusions, no response is required.

10  CLAIM II AGAINST ALL DEFENDANTS:  **Failure To Make Alterations In**

11  **Such A Manner That The Altered Portions Of The Facility Are Readily**

12  **Accessible And Usable By Individuals With Disabilities**

13      32.    Courtyard is without sufficient knowledge or information to form a

14  belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on

15  that basis denies those allegations.  To the extent the allegations contained in

16  Paragraph 32 of the Complaint are legal conclusions, no response is required.

17      33.    Courtyard is without sufficient knowledge or information to form a

18  belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on

19  that basis denies those allegations.  To the extent the allegations contained in

20  Paragraph 33 of the Complaint are legal conclusions, no response is required.

21      34.    Courtyard is without sufficient knowledge or information to form a

22  belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on

23  that basis denies those allegations.  To the extent the allegations contained in

24  Paragraph 34 of the Complaint are legal conclusions, no response is required.

25      35.    Courtyard is without sufficient knowledge or information to form a

26  belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on

27

28

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO
PLAINTIFFS' COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28740565.1

1   that basis denies those allegations.  To the extent the allegations contained in

2   Paragraph 35 of the Complaint are legal conclusions, no response is required.

3   CLAIM III AGAINST ALL DEFENDANTS:  **Failure To Remove Architectural**

4                                    **Barriers**

5       36.    Courtyard is without sufficient knowledge or information to form a

6   belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on

7   that basis denies those allegations.  To the extent the allegations contained in

8   Paragraph 36 of the Complaint are legal conclusions, no response is required.

9   CLAIM IV AGAINST ALL DEFENDANTS:  **Failure To Modify Practices,**

10                              **Policies And Procedures**

11      37.    Courtyard is without sufficient knowledge or information to form a

12  belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on

13  that basis denies those allegations.  To the extent the allegations contained in

14  Paragraph 37 of the Complaint are legal conclusions, no response is required.

15      38.    Courtyard is without sufficient knowledge or information to form a

16  belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on

17  that basis denies those allegations.  To the extent the allegations contained in

18  Paragraph 38 of the Complaint are legal conclusions, no response is required.

19      39.    Courtyard admits that Plaintiffs pray for the relief requested but

20  denies that Plaintiffs are entitled to any relief, and otherwise denies the allegations

21  in Paragraph 39 of the Complaint.

22  SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS—**CLAIMS**

23              **UNDER CALIFORNIA ACCESSIBILITY LAWS**

24          CLAIM I:  **Denial Of Full And Equal Access**

25      40.    Courtyard is without sufficient knowledge or information to form a

26  belief as to the truth of the allegations in Paragraph 40 of the Complaint, and on

27

28

-8-

28740565.1

1   that basis denies those allegations.  To the extent the allegations contained in

2   Paragraph 40 of the Complaint are legal conclusions, no response is required.

3         41.    Courtyard is without sufficient knowledge or information to form a

4   belief as to the truth of the allegations in Paragraph 41 of the Complaint, and on

5   that basis denies those allegations.  To the extent the allegations contained in

6   Paragraph 41 of the Complaint are legal conclusions, no response is required.

7         CLAIM II:  **Failure to Modify Practices, Policies And Procedures**

8         42.    Courtyard is without sufficient knowledge or information to form a

9   belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on

10  that basis denies those allegations.  To the extent the allegations contained in

11  Paragraph 42 of the Complaint are legal conclusions, no response is required.

12         CLAIM III:  **Violation Of The Unruh Act**

13        43.    Courtyard is without sufficient knowledge or information to form a

14  belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on

15  that basis denies those allegations.  To the extent the allegations contained in

16  Paragraph 43 of the Complaint are legal conclusions, no response is required.

17        44.    Courtyard is without sufficient knowledge or information to form a

18  belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on

19  that basis denies those allegations.  To the extent the allegations contained in

20  Paragraph 44 of the Complaint are legal conclusions, no response is required.

21        45.    Courtyard admits that Plaintiffs pray for the relief requested but

22  denies Plaintiffs are entitled to any relief, and otherwise denies the allegations in

23  Paragraph 45 of the Complaint.

24         **Treble Damages Pursuant To Claims I, II, III Under The California**

25                          **Accessibility Laws**

26        46.    Courtyard is without sufficient knowledge or information to form a

27  belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on

28

-9-

that basis denies those allegations.  To the extent the allegations contained in Paragraph 46 of the Complaint are legal conclusions, no response is required. Courtyard further denies that Plaintiffs are entitled to an award of treble damages.

47.    Courtyard denies the allegations contained in Paragraph 47 of the Complaint.

48.    Courtyard admits that Plaintiffs pray for the relief requested but denies Plaintiffs are entitled to any relief, and otherwise denies the allegations in Paragraph 48 of the Complaint.

49.    Courtyard admits that Plaintiffs pray for the relief requested but denies Plaintiffs are entitled to any relief, and otherwise denies the allegations in Paragraph 49 of the Complaint.

## DEMAND FOR JUDGMENT FOR RELIEF:

1.    Courtyard admits that Plaintiffs seek the requested relief and denies that Plaintiffs are entitled to any such relief.

2.    To the extent not expressly admitted above, Courtyard denies each and every allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiffs' allegations or conceding the burden of proof on any issue found to be an element of any of Plaintiffs' causes of action rather than an element of any affirmative defense, Courtyard alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.    Each cause of action asserted in the Complaint fails to allege facts sufficient to state a cause of action against Courtyard.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiffs have waived any and all claims that they may have or may have had against Courtyard.

-10-

**THIRD AFFIRMATIVE DEFENSE**

3.      Plaintiffs' claims are barred by the equitable doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

4.      Plaintiffs' claims are barred by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Plaintiffs failed to properly mitigate the damages they seek and are thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on Plaintiffs' part.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Plaintiffs voluntarily, with full knowledge of the matters referred to in the Complaint assumed any and all of the risks, hazards, and perils of the circumstances referred to in the Complaint and therefore assumed the risk of any injuries or damages sustained by Plaintiffs, if any at all.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      The incident(s) alleged by Plaintiffs were caused by the negligence and/or fault of other persons, corporations and/or entities and/or non-parties to this action, whether named or not named as parties, and Courtyard's liability, if any, should be reduced accordingly or eliminated.

**NINTH AFFIRMATIVE DEFENSE**

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

10.     On information and belief, this action is barred by the doctrines of res judicata and collateral estoppel.

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO
PLAINTIFFS' COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28740565.1

1

## ELEVENTH AFFIRMATIVE DEFENSE

2      11.    Courtyard's alleged actions, if done at all, are justified and/or

3   privileged since, at all relevant times herein, Courtyard acted in accordance with its

4   corporate and administrative policies.

5

## TWELFTH AFFIRMATIVE DEFENSE

6      12.    Courtyard's alleged actions, if done at all, are justified and/or

7   privileged since, at all relevant times herein, Courtyard acted in accordance with

8   the applicable laws, including, without limitation, the applicable laws of the United

9   States of America and of the State of California.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

11      13.    Courtyard avers as an affirmative defense that it intends to rely upon

12   such other defenses as may become legally available hereafter or become apparent

13   during discovery proceedings in this case and hereby reserves the right to amend

14   its answer to assert any such defenses.

15

## PRAYER

16      WHEREFORE Courtyard prays as follows:

17      1.    That Plaintiffs take nothing by reason of their Complaint, and that

18   judgment be entered for Courtyard;

19      2.    That Courtyard be awarded reasonable attorneys' fees, expenses and

20   costs;

21      3.    For other such relief as the Court deems proper.

22   January 11, 2008                    MAYER BROWN LLP
                                         JOHN NADOLENCO
23                                       BRONWYN F. POLLOCK

24

25                                       By: s/ Bronwyn F. Pollock
                                             Bronwyn F. Pollock
26                                       Attorneys for Defendant COURTYARD
                                         HOLDINGS, LP
27                                       E-mail: BPollock@mayerbrown.com

28

-12-

1      **PROOF OF SERVICE**

2      I, Elena G. Griffin, declare:

3      I am employed in Los Angeles County, California. I am over the age of eighteen years

4   and not a party to the within-entitled action. My business address is 350 South Grand Avenue,

5   25th Floor, Los Angeles, California 90071-1503. On January 11, 2008, I served a copy of the

6   within document(s):

7         **ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP**
          **TO PLAINTIFFS' COMPLAINT**

8

9   ☒    by transmitting via electronic means the document(s) listed above to the email
         address(es) set forth below on this date before 5:00 p.m.

10  ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
11       forth below on this date before 5:00 p.m.

12  ☐    by placing the document(s) listed above in a sealed envelope with postage thereon
         fully prepaid, in the United States mail at Los Angeles, California addressed as set
13       forth below.

14  ☐    by placing the document(s) listed above in a sealed UPS envelope and affixing a
15       pre-paid air bill, and causing the envelope to be delivered to a UPS agent for
         delivery.

16  ☐    by personally delivering the document(s) listed above to the person(s) at the
17       address(es) set forth below.

18              **PLEASE SEE ATTACHED SERVICE LIST**
19

20      I am readily familiar with the firm's practice of collection and processing correspondence

21  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

22  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

23  motion of the party served, service is presumed invalid if postal cancellation date or postage

24  meter date is more than one day after date of deposit for mailing in affidavit.

25      I declare that I am employed in the office of a member of the bar of this court at whose

26  direction the service was made.

27      I declare under penalty of perjury under the laws of the United States of America that the

28  above is true and correct.

1    Executed on January 11, 2008, at Los Angeles, California.

2

3    _____

4    Elena G. Griffin

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LADB01 28737498.1 12-DEC-07 15:19                                    PROOF OF SERVICE

1

## SERVICE LIST

2

3    Theodore A. Pinnock, Esq.
     David C. Wakefield, Esq.
     Michelle L. Wakefield, Esq.
4    PINNOCK & WAKEFIELD, A.P.C.
     3033 5th Ave., Suite 410
5    San Diego, CA 92103
      Tel.: (619) 858-3671
6    Fax: (619) 858-3646
     Email: TheodorePinnock@PinnockWakefieldLaw.com
7    Email: DavidWakefield@PinnockWakefieldLaw.com
     Email: MichelleWakefield@PinnockWakefieldLaw.com
8
     Scott J. Ferrell, Esq.
9    Lisa A. Wegner, Esq.
     CALL, JENSEN & FERRELL
10   A Professional Corporation
     610 Newport Center Drive, Suite 700
11   Newport Beach, CA 92660
     Tel.: (949) 717-3000
12   Fax: (949) 717-3100
     sferrell@calljensen.com
13   lwegner@calljensen.com

14   Richard R. Waite, Esq.
     Mary M. Best, Esq.
15   KEENEY WAITE & STEVENS
     A Professional Corporation
16   125 North Acacia Ave., Suite 101
     Solana Beach, CA 92075
17   Tel.: (858) 523-2130
     Fax: (858) 523-2135
18   rwaite@keenlaw.com
     mbest@keenlaw.com
19

20

21

22

23

24

25

26

27

28

-3-