**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.    Bar #: 153434
David C. Wakefield, Esq.    Bar #: 185736
Michelle L. Wakefield, Esq.    Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
E-Mail: TheodorePinnock@PinnockWakefieldLaw.com
        DavidWakefield@PinnockWakefieldLaw.com
        MichelleWakefield@PinnockWakefieldLaw.com
Telephone:   619.858.3671
Facsimile:   619.858.3646

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,**<br><br>                Plaintiffs,<br><br>        v.<br><br>**MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP; AND DOES 1 THROUGH 10, Inclusive,**<br><br>                Defendants. | **Case No.: 07cv2129 BTM (AJB)**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS** **[42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1, 54.3]**<br><br>**DEMAND FOR JURY TRIAL** **[F.R.Civ.P. rule 38(b)]** |

### INTRODUCTION

1.   Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS AND ITS MEMBERS; and DIANE CROSS, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial

1

District of the United States District Court of the Southern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiffs make the following allegations in this federal civil rights action:

### JURISDICTION AND VENUE

2.    The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

### SUPPLEMENTAL JURISDICTION

3.    The Judicial District of the United States District Court of

2

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

the Southern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiffs were denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when they attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint.  Further, due to this denial of full and equal access, OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS and DIANE CROSS, An Individual, and other persons with disabilities were injured.  Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and one would ordinarily expect the actions to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.    Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant MARIE CALLENDER'S PIE SHOPS, INC. is the owner, operator, franchiser, licensor, and/or is doing business as MARIE CALLENDER'S #254. Defendant MARIE CALLENDER'S PIE SHOPS, INC.

3

d.b.a. MARIE CALLENDER'S #254 is located at 11122 Rancho Carmel

Drive, San Diego, California 92128, Assessor Parcel Number: 313-

730-38.  Plaintiff is informed and believes and thereon alleges

that Defendant PACIFIC BAGELS, LLC is the owner, operator,

franchiser, licensor, and/or is doing business as BRUEGGARS

BAGELS. Defendant PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS is

located at 11134 Rancho Carmel Drive, San Diego, California 92128,

Assessor Parcel Number: 313-042-04. Plaintiff is informed and

believes and thereon alleges that Defendant COURTYARD HOLDINGS, LP

is the owner, operator, and/or lessor of the real property located

at 11122 Rancho Carmel Drive, San Diego, California 92128,

Assessor Parcel Number: 313-730-38. Defendant COURTYARD HOLDINGS,

LP is located at 601 Thirteenth Street, Suite 450, Washington, DC

20005.

5.   The words Plaintiff, Plaintiffs, Plaintiff's Member, and

Plaintiff's Members as used herein specifically include

OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS and

DIANE CROSS, An Individual.

6.   Defendants Does 1 through 10, were at all times relevant

herein subsidiaries, employers, employees, agents, of MARIE

CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC

BAGELS, LLC d.b.a. BRUEGGARS BAGELS; and COURTYARD HOLDINGS, LP.

Plaintiffs are ignorant of the true names and capacities of

Defendants sued herein as Does 1 through 10, inclusive, and

therefore sue these Defendants by such fictitious names.

Plaintiffs will pray leave of the court to amend this complaint to

allege the true names and capacities of the Does when ascertained.

4

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

7.    Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

**STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P. 23(b) AS TO ALL DEFENDANTS**

8.    Plaintiffs are members of a group within the State of California composed of persons with a wide range of disabilities, limited to persons who use wheelchairs for mobility, who must be able to access retail merchandise establishments, like Defendants' establishments located at 11122 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-730-38, and 11134 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-042-04.  Plaintiffs are precluded from equal access to Defendants' establishments so meaningfully because the establishments, and each of them, fail to provide access for members of the disability community who use a wheelchair for mobility to the disabled parking, exterior path of travel, entrance, food service counter, and women's restroom and seating within the facilities.  The Supreme Court of the United States has held as long as the class representative provides adequate

5

representation for the class' interests, the court has the power to adjudicate the rights and obligations of all class members – even those who would otherwise be beyond the reach of its personal jurisdiction. Phillips Petroleum Co. v. Shutts, 472 US 797 (1985). This case stands for the proposition that minimum contacts are not required with nonresident members of a plaintiff class because, "the burdens placed by a State upon absent class action plaintiff are not of the same order or magnitude as those it places on an absent defendant." Id. Plaintiffs allege they will insure class members shall receive adequate notice of the proceedings and the opportunity to "opt out," if required

9.  Defendants have conducted themselves such as to establish a pattern and practice of architectural discrimination.  Plaintiffs allege that Defendants have control over each and every facility, establishment, and/or business located within the property located at 11122 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-730-38, and 11134 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-042-04. Accordingly, Plaintiffs allege Defendants are responsible for removing architectural barriers at Defendants' facilities and the establishments/businesses contained therein.

10.  For the aforementioned reasons, Plaintiffs allege they are proper class representatives for members of the disability community who use a wheelchair for mobility because the members of the disability community who use a wheelchair for mobility are so numerous that joinder is impracticable due to the fact more than one hundred (100) persons fall within the membership description.

6

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

Also, the questions of law or fact are so common because the members of the disability community who use a wheelchair for mobility are being denied their civil rights under federal and state laws – that is, each member of the disability community who use a wheelchair for mobility suffered substantially similar violations relating to the disabled parking, exterior path of travel, entrance, food service counter, and women's restroom and seating within the facility.  Further, the claims or defenses of the representative parties are typical – Plaintiffs have the right to access facilities, establishments, and businesses like those within the property located at 11122 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-730-38, and 11134 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-042-04, and the businesses that are located thereon for many reasons including without limitation the purchase of retail merchandise.  Defendants' facilities are open to the general public and Plaintiffs have been denied access because of violations, as outlined above and specifically addressed elsewhere within this Civil Complaint.

11.  Additionally, Plaintiffs, as the named representatives, will fairly and adequately represent the interests of the class because Plaintiffs and the members of the disability community in the State of California who use a wheelchair for mobility have suffered substantially similar violations.  Finally, a pattern and practice exists on the part of Defendants, and each of them, of architectural discrimination at their public facilities located within the State of California.  On information and good faith

7

belief, Plaintiffs thereon allege that Defendants, prior to the passing of the Americans With Disabilities Act in 1992, conceived, commissioned, designed, and implemented among other things, a design for their public facilities, including, but not limited to the disabled parking, exterior path of travel, entrance, food service counter, and women's restroom and seating within the facility which do not meet the minimal standards outlined under the federal regulations known as the Americans With Disabilities Act Accessibility Guidelines ("ADAAG") and state regulations, also known as Title 24 of the California Building Code, and to which non-compliant plan they continue to utilize to the injury of the members of the class.  For these reasons and the facts as stated herein, Plaintiffs have the right to maintain this statewide class action pursuant to Fed.R.Civ.P. Rule 23(b).

### CONCISE SET OF FACTS

12.  Plaintiff OUTERBRIDGE ACCESS ASSOCIATION is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated.  Plaintiff's member DIANE CROSS is a member of Plaintiff Organization and has physical impairments and due to these physical impairments she has learned to successfully operate a wheelchair.  Further, Plaintiff's Member and Plaintiff DIANE CROSS' said physical impairments substantially limits one or more of the following major life activities including but not limited to:  walking.

13.  On November 11, 2006, Plaintiff CROSS went to Defendants' public accommodation facilities known as MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC

8

d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP, located at 11122 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-730-38, and 11134 Rancho Carmel Drive, San Diego, California 92128, Assessor Parcel Number: 313-042-04, to utilize their goods and/or services accompanied by a friend.  When Plaintiff CROSS patronized Defendants' facilities, she was unable to use and/or had difficulty using the public accommodations' facilities within the common area including but not limited to the disabled parking and exterior path of travel, as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within the common area in which the public accommodation facilities known as MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; and PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS are located.

14.  Plaintiff CROSS personally experienced difficulty with said access barriers within the common area in which the public accommodation facilities known as MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254, (hereinafter "MARIE CALLENDER'S #254"), and PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS, (hereinafter "BRUEGGARS BAGELS"), are located. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist within the common area of Defendants' facilities. For example, a "Van Accessible" disabled parking space is located directly in front of

9

Pearle Vision, which is near MARIE CALLENDER'S #254; and BRUEGGARS BAGELS. The access aisle for this "Van Accessible" disabled parking space fails to be compliant, as a ramp impermissibly encroaches into the access aisle. There are two (2) designated disabled parking spaces directly serving MARIE CALLENDER'S #254. The access aisle in between these two spaces fails to be accessible, as a ramp impermissibly encroaches into this access aisle. There is also a "Van Accessible" disabled parking space located in the middle of the parking lot. This space fails to be accessible, as it fails to be provide an accessible route to any of the facilities entrance located within the complex. Patrons using this space would be forced to transverse through vehicular traffic without the benefit of a marked path of travel.

15.  When Plaintiff CROSS patronized Defendants' MARIE CALLENDER'S #254 facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the entrance, food service counter, and women's restroom, as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within the public accommodation facilities known as MARIE CALLENDER'S #254.

16.  Plaintiff CROSS personally experienced difficulty with said access barriers at MARIE CALLENDER'S #254. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For

10

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

example, the entrance to MARIE CALLENDER'S #254 fails to display the required International Symbol of Accessibility. The salad bar fails to be accessible, as condiments fail to be located within accessible reach ranges

17.    The entrance door to the women's restroom within MARIE CALLENDER'S #254 fails to be accessible, as it requires an excessive amount of pressure to open. Also, within the women's restroom, the lavatory handles fail to be accessible, as they require tight grasping and/or twisting of the wrist to·operate.

18.    When Plaintiff CROSS patronized Defendants' BRUEGGARS BAGELS facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the entrance, food service counters, women's restroom, and seating, as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access at the public accommodation facilities known as BRUEGGARS BAGELS.

19.    Plaintiff CROSS personally experienced difficulty with said access barriers at BRUEGGARS BAGELS. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For example, the entrance to BRUEGGARS BAGELS fails to display the required International Symbol of Accessibility.

20.    The counter within BRUEGGARS BAGELS where patrons order and also where the trays are kept fails to be accessible, as it is too

11

high to be accessible. There also fails to be any disability signage informing disabled patrons that assistance is available upon request. Also, the tableware, condiments, and napkins fail to be accessible, as they fail to be located within accessible reach ranges. The napkins are located impermissibly high above the trash receptacle.

21. Within BRUEGGARS BAGELS, the women's restroom fails to be accessible, as highchairs were stacked in front of the door. Also within the BRUEGGARS BAGELS women's restroom, the paper towel dispenser fails to be accessible, as it is mounted at an excessive 52" high and the toilet tissue dispenser fails to be accessible, as it is mounted an impermissible 44" high.

22. BRUEGGARS BAGELS fails to provide any accessible seating inside or outside of the facility.

23. Plaintiffs can prove these barriers as Plaintiffs conducted a preliminary survey of Defendants' facilities. Plaintiff Association alleges that its visually and hearing impaired members desire to go to Defendants' facility but cannot because of lack of auxiliary aids. Plaintiffs specifically allege that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiffs will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third,

Defendants have no plans to remodel.  Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage.  Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers.  Plaintiffs allege any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance.  Also, expert testimony will show the facility contained inaccessible features.  Plaintiffs allege businesses often state that they have few customers with disabilities.  Plaintiffs allege such customers avoid patronizing inaccessible business and are deterred from patronizing such businesses.

24.  Plaintiff's Member and Plaintiff DIANE CROSS intends to return to Defendants' public accommodation facilities in the immediate future.  Plaintiffs' Member and Plaintiff DIANE CROSS is presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

25.  Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

26.  Based on these facts, Plaintiffs allege they were

13

discriminated against each time they patronized Defendants' facilities.  Plaintiff's Member and Plaintiff DIANE CROSS was extremely upset due to Defendants' conduct.

### NOTICE

27.  Plaintiffs are not required to provide notice to the defendants prior to filing a complaint. <u>Skaff v Meridien N. Am. Beverly Hills, LLC</u>, 506 F.3d 832 (9th Cir. 2007), see also <u>Botosan v. Paul McNally Realty</u>, 216 F.3d 827, 832 (9th Cir 2000).


**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

28.  MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

29.  Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

30.  Based on the facts plead at ¶¶ 12 - 28 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants'

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities. 31.  Plaintiff's Member and Plaintiff DIANE CROSS has physical impairments as alleged in ¶ 12 above because her conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff's Member and Plaintiff DIANE CROSS' said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff's Member and Plaintiff DIANE CROSS cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff's Member and Plaintiff DIANE CROSS has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**
32.  Based on the facts plead at ¶¶ 12 - 28 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants.

15

Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

33.   Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

34.   Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiffs in violation of 42 U.S.C. § 12182(a).

35.   Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

16

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

36.  Based on the facts plead at ¶¶ 12 - 28 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).  Plaintiffs are informed, believe, and thus allege that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because they were denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

37.  Based on the facts plead at ¶¶ 12 - 28 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

38.  Based on the facts plead at ¶¶ 12 - 28 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community. Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiffs desire to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

39.  WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

40.   Based on the facts plead at ¶¶ 12 - 28 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities.

41.   These violations denied Plaintiff's Member and Plaintiff DIANE CROSS full and equal access to Defendants' facility. Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff DIANE CROSS was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

42.   Based on the facts plead at ¶¶ 12 - 28 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code §

19

54.1.  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

43.  Based on the facts plead at ¶¶ 12 - 28 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiffs and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

44.  Based on the facts plead at ¶¶ 12 - 28 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.  Plaintiffs allege there is a state and national public interest in requiring accessibility in places of public accommodation.  Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiffs desire to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

45.  Wherefore, Plaintiffs pray for damages and relief as

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)

hereinafter stated.

## Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

46.  Defendants, each of them respectively, at times prior to and including, the month of November of 2006, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiffs and other similarly situated persons with disabilities.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code).  Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiffs and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of

21

the California Civil Code.

47.    Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiffs and other members of the public with physical disabilities.

48.    Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiffs do not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

49.    Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

///

///

**DEMAND FOR JUDGMENT FOR RELIEF:**

A.    For general damages pursuant to Cal. Civil Code §§ 52 or

22

54.3;

B.   For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.   In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.   For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities.

E.   For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Code of Civil Procedure §§ 1032 and 1033.5;

F.   For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G.   A Jury Trial and;

H.   For such other further relief as the court deems proper.


Respectfully submitted:

**PINNOCK & WAKEFIELD, A.P.C.**

Dated: January 15, 2008

By: s/ MICHELLE L. WAKEFIELD
Attorney for Plaintiffs
E-mail: MichelleWakefield@
PinnockWakefieldlaw.com

23

FIRST AMENDED COMPLAINT
CASE NUMBER: 07cv2129 BTM (AJB)