Scott J. Ferrell, Bar No. 202091
Lisa A. Wegner, Bar No. 209917
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
lwegner@calljensen.com

Attorneys for Defendant Marie Callender's Pie
Shops, Inc. d.b.a. Marie Callender's #254

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE CALLENDER'S #254; PACIFIC BAGELS, LLC d.b.a. BRUEGGARS BAGELS; COURTYARD HOLDINGS, LP; PSS PARTNERS, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>        Defendants. | Case No. 07-CV-2129 BTM (AJB)<br><br>**MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT**<br><br>PUTATIVE CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** [F.R.C.P. 38(b)]<br><br>Complaint Filed: November 7, 2007<br>Trial Date: None Set |

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1       Defendant MARIE CALLENDER'S PIE SHOPS, INC. d.b.a. MARIE

2  CALLENDER'S #254 ("Marie Callender's") hereby answers the First Amended

3  Complaint ("Complaint") as follows:

4       1.    In response to paragraph 1 of the Complaint, Marie Callender's denies the

5  allegations in paragraph 1.

6       2.    In response to paragraph 2 of the Complaint, Marie Callender's admits that

7  this Court currently has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343, until such

8  time as Defendants establish that Plaintiffs are not entitled to injunctive relief as

9  authorized by the Americans with Disabilities Act, of 42 U.S.C. § 1201 et seq.

10      3.    In response to paragraph 3 of the Complaint, Marie Callender's denies that

11 this Court currently has supplemental jurisdiction over Plaintiff's state law claims

12 pursuant to 28 U.S.C. § 1367. <u>See</u> <u>Organization for Advancement of Minorities with</u>

13 <u>Disabilities v. Brick Oven Rest.</u>, 406 F. Supp. 2d 1120 (S.D. Cal. 2005).

14      4.    In response to paragraph 4 of the Complaint, Marie Callender's admits that

15 Marie Callender's is a corporation that does business as Marie Callender's # 254.

16      5.    In response to paragraph 5 of the Complaint, Marie Callender's is without

17 knowledge sufficient to form a belief as to the truth of this allegation, and on this basis

18 denies this allegation.

19      6.    In response to paragraph 6 of the Complaint, Marie Callender's is without

20 knowledge or information sufficient to form a belief as to the truth of this allegation,

21 and on this basis denies this allegation.

22      7.    In response to paragraph 7 of the Complaint, Marie Callender's is without

23 knowledge or information sufficient to form a belief as to the truth of this allegation,

24 and on this basis denies this allegation.

25      8.    In response to paragraph 8 of the Complaint, Marie Callender's is without

26 knowledge or information sufficient to form a belief as to the truth of this allegation,

27 and on this basis denies this allegation.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:343626_1:1-30-08          - 2 -                    07-CV-2129 BTM (AJB)
MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

1      9.    In response to paragraph 9 of the Complaint, Marie Callender's denies

2  these allegations.

3      10.   In response to paragraph 10 of the Complaint, Marie Callender's is without

4  knowledge or information sufficient to form a belief as to the truth of this allegation,

5  and on this basis denies this allegation.

6      11.   In response to paragraph 11 of the Complaint, Marie Callender's is without

7  knowledge or information sufficient to form a belief as to the truth of this allegation,

8  and on this basis denies this allegation.

9      12.   In response to paragraph 12 of the Complaint, Marie Callender's is without

10  knowledge or information sufficient to form a belief as to the truth of this allegation,

11  and on this basis denies this allegation.

12      13.   In response to paragraph 13 of the Complaint, Marie Callender's is without

13  knowledge or information sufficient to form a belief as to the truth of this allegation,

14  that Plaintiffs visited the subject properties or were denied full and equal access to the

15  facilities owned and/or operated by Marie Callender's, and on that basis, denies the

16  remaining allegations in paragraph 13.

17      14.   In response to paragraph 14 of the Complaint, Marie Callender's is without

18  knowledge or information sufficient to form a belief as to the truth of this allegation,

19  that Plaintiffs visited the subject properties or were denied full and equal access to the

20  facilities owned and/or operated by Marie Callender's, and on that basis, denies the

21  remaining allegations in paragraph 14.

22      15.   In response to paragraph 15 of the Complaint, Marie Callender's is without

23  knowledge or information sufficient to form a belief as to the truth of this allegation,

24  that Plaintiffs visited the subject properties or were denied full and equal access to the

25  facilities owned and/or operated by Marie Callender's, and on that basis, denies the

26  remaining allegations in paragraph 15.

27      16.   In response to paragraph 16 of the Complaint, Marie Callender's denies

28  these allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

17.    In response to paragraph 17 of the Complaint, Marie Callender's denies these allegations.

18.    In response to paragraph 18 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, and on this basis denies this allegation.

19.    In response to paragraph 19 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, and on this basis denies this allegation.

20.    In response to paragraph 20 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 20.

21.    In response to paragraph 21 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 21.

22.    In response to paragraph 22 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 22.

23.    In response to paragraph 23 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 23.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:343626_1:1-30-08                          - 4 -                          07-CV-2129 BTM (AJB)
MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

24.    In response to paragraph 24 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 24.

25.    In response to paragraph 25 of the Complaint, Marie Callender's states that the ADA and state disability laws speak for themselves.

26.    In response to paragraph 26 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 26.

27.    In response to paragraph 27 of the Complaint, Marie Callender's states that Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir. 2000) speaks for itself.

28.    In response to paragraph 28 of the Complaint, Marie Callender's states that the allegations speak for themselves.

29.    In response to paragraph 29 of the Complaint, Marie Callender's denies these allegations.

30.    In response to paragraph 30 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 30.

31.    In response to paragraph 31 of the Complaint, Marie Callender's is without knowledge or information sufficient to form a belief as to the truth of this allegation, that Plaintiffs visited the subject properties or were denied full and equal access to the facilities owned and/or operated by Marie Callender's, and on that basis, denies the remaining allegations in paragraph 31.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:343626_1:1-30-08                          - 5 -                          07-CV-2129 BTM (AJB)
MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

1    32.    In response to paragraph 32 of the Complaint, Marie Callender's is without

2    knowledge or information sufficient to form a belief as to the truth of this allegation,

3    that Plaintiffs visited the subject properties or were denied full and equal access to the

4    facilities owned and/or operated by Marie Callender's, and on that basis, denies the

5    remaining allegations in paragraph 32.

6    33.    In response to paragraph 33 of the Complaint, Marie Callender's denies

7    this allegation.

8    34.    In response to paragraph 34 of the Complaint, Marie Callender's states that

9    42 USC § 12183(a) speaks for itself.    Marie Callender's denies the remaining

10    allegations of paragraph 34.

11    35.    In response to paragraph 35 of the Complaint, Marie Callender's denies the

12    allegations in paragraph 35.

13    36.    Marie Callender's is without knowledge or information sufficient to form a

14    belief as to the truth of this allegation, that Plaintiffs visited the subject properties or

15    were denied full and equal access to the facilities owned and/or operated by Marie

16    Callender's, and on that basis, denies the remaining allegations in paragraph 36.

17    37.    Marie Callender's is without knowledge or information sufficient to form a

18    belief as to the truth of this allegation, that Plaintiffs visited the subject properties or

19    were denied full and equal access to the facilities owned and/or operated by Marie

20    Callender's, and on that basis, denies the remaining allegations in paragraph 37.

21    38.    Marie Callender's is without knowledge or information sufficient to form a

22    belief as to the truth of this allegation, that Plaintiffs visited the subject properties or

23    were denied full and equal access to the facilities owned and/or operated by Marie

24    Callender's, and on that basis, denies the remaining allegations in paragraph 38.

25    ///

26    ///

27    ///

28    ///

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Marie Callender's asserts that California's Title 24 does not apply in this lawsuit because the restaurant was constructed prior to the statute's enactment and has not been altered.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Marie Callender's asserts that Plaintiffs have acted with "unclean hands" and such actions are directly related to the claims by Plaintiffs in the Complaint and precludes Plaintiffs from pursuing the claims in the Complaint.  Therefore, Plaintiffs are barred from seeking relief by the Doctrine of Unclean Hands.

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Marie Callender's asserts that at all times mentioned in the Complaint, the Plaintiffs so carelessly, recklessly and negligently conducted and maintained themselves so as to cause and contribute in some way to the damages, if any, alleged to have been sustained by Plaintiffs.  Therefore, Plaintiffs' recovery herein as to any damage and injuries suffered by Plaintiff, if any, shall be diminished to the extent that such injury or damages were proximately caused by the negligence or intentional conduct of Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth herein, Marie Callender's alleges that the Complaint fails to state facts sufficient to constitute a cause of action as against Marie Callender's for the reason that the same appears to be barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, Marie Callender's alleges that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth and separate affirmative defense to the Complaint filed herein, if Plaintiffs suffered or sustained any loss, damage, or injury as alleged by the Complaint, such loss, damage, or injury was proximately caused and contributed to by Plaintiffs' failure to conduct herself in a manner ordinarily expected of prudent persons. Plaintiffs' recovery herein is diminished to the extent that Plaintiffs' damages, if any, are attributable to Plaintiffs' own negligence.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, Marie Callender's alleges that in the event Marie Callender's is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), Marie Callender's's liability for non-economic damages is to be reduced to reflect its actual percentage of fault, and a separate judgment shall be rendered against Marie Callender's for that amount.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, Marie Callender's alleges that the damages, injuries or condition which form the basis for this lawsuit, may be the result of a natural disease or condition, or may be the expected result of reasonable treatment,

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:343626_1:1-30-08          - 8 -          07-CV-2129 BTM (AJB)

MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

1  and that Marie Callender's is not liable to Plaintiffs for such damages, injuries or
2  condition.
3
4                        **NINTH AFFIRMATIVE DEFENSE**
5        As an ninth affirmative defense, Marie Callender's believes and based upon such
6  information and belief alleges that Plaintiffs are estopped from seeking the relief herein
7  due to their own acts and/or omissions with reference to the subject matter of the
8  Complaint.
9
10                       **TENTH AFFIRMATIVE DEFENSE**
11       As a twelfth affirmative defense, Marie Callender's believes and based upon such
12 information and belief alleges that Plaintiffs have waived their alleged right to seek the
13 relief herein due to their own acts and/or omissions with reference to the subject matter
14 of the Complaint.
15
16                      **ELEVENTH AFFIRMATIVE DEFENSE**
17       As a thirteenth affirmative defense, Marie Callender's believes and based upon
18 such information and belief alleges that Plaintiffs were not deterred from visiting Marie
19 Callender's's restaurants.
20
21                      **TWELFTH AFFIRMATIVE DEFENSE**
22       The Complaint and each cause of action alleged herein, fails to state facts
23 sufficient to constitute a cause of action for Violation of the Americans with Disabilities
24 Act of 1990 (49 USC §12101, et seq.).
25 / / /
26 / / /
27 / / /
28 / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

## THIRTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' causes of action are barred because Plaintiffs lack standing to seek relief for any of their claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because to the extent architectural barriers alleged by Plaintiffs exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification of such barriers is not readily achievable.

## FIFTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Marie Callender's offered reasonable accommodations to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damage or injury either as alleged in the Complaint, or at all, the same was directly and proximately cause and/or contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of Plaintiffs, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because to the extent architectural barriers alleged by Plaintiffs exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is structurally impractical.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:343626_1:1-30-08                - 10 -                07-CV-2129 BTM (AJB)
MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because to the extent architectural barriers alleged by Plaintiffs exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is technically infeasible.

## NINETEENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because to the extent architectural barriers alleged by Plaintiffs exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is virtually impossible.

## TWENTIETH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because to the extent architectural barriers alleged by Plaintiffs exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers would result in an undue burden on Marie Callender's.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because all architectural barriers alleged by Plaintiffs do not exist and/or fall within "conventional building industry tolerances" or "dimensional tolerances."

## TWENTY-SECOND AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Marie Callender's provided equivalent facilitation at the premises.

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

## TWENTY-THIRD AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Marie Callender's compliance with state and federal disabled access laws would constitute a direct threat to health and safety of others.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Plaintiffs assumed the risk of visiting Marie Callender's premises.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because any discrimination Plaintiffs suffered at Marie Callender's premises (which supposition is denied and merely stated for the purpose of this additional defense) resulted from isolated or temporary (or both) interruptions in the restaurants' goods and services.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because Plaintiffs failed to request reasonable accommodations or modifications to Marie Callender's's premises.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims are barred because they are unconstitutional.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Marie Callender's presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Marie Callender's reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional, unknown or unstated affirmative defenses would be applicable.

WHEREFORE, Marie Callender's prays judgment as follows:

1.     That Plaintiffs take nothing by way of this Complaint;

2.     That Judgment be rendered in favor of Marie Callender's against Plaintiffs and that the Complaint be dismissed with prejudice;

3.     That Marie Callender's be awarded its costs of suit incurred in the defense of this action;

4.     That Marie Callender's be awarded its attorneys' fees of suit incurred in the defense of this action; and

5.     For such other relief as the Court deems proper.

Dated: January 30, 2008                     CALL, JENSEN & FERRELL
                                            A Professional Corporation
                                            SCOTT J. FERRELL
                                            LISA A. WEGNER


                                            By:___/s/ Lisa A. Wegner_____
                                                LISA A. WEGNER
                                                Attorneys for Defendant Defendant Marie
                                                Callender's Pie Shops, Inc. d.b.a. Marie
                                                Callender's #254

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:343626_1:1-30-08                    - 13 -                     07-CV-2129 BTM (AJB)
MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

## DEMAND FOR JURY

Defendant Marie Callender's hereby demands a jury pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiffs.

Dated: January 30, 2008

CALL, JENSEN & FERRELL
A Professional Corporation
SCOTT J. FERRELL
LISA A. WEGNER


By:___/s/*Lisa A. Wegner*_____
LISA A. WEGNER
Attorneys for Defendant Defendant Marie Callender's Pie Shops, Inc. d.b.a. Marie Callender's #254

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:343626_1:1-30-08                    - 14 -                    07-CV-2129 BTM (AJB)

MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On January 30, 2008, I have served the foregoing document described as **MARIE CALLENDER'S PIE SHOPS, INC.'S ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

[ **X** ] (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[  ] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[  ] (BY OVERNIGHT SERVICE) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[  ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[  ] (BY E-MAIL) I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

1

2  **[ X ]**  (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User
3  for this District of the United States District Court.

4       I declare under penalty of perjury under the laws of the United States of America
   that the foregoing is true and correct, and that this Certificate is executed on January 30,
5  2008, at Newport Beach, California.

6

7                                    _s/Lisa A. Wegner_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1

## SERVICE LIST

2

3

| | |
|---|---|
| David C. Wakefield, Esq. | **Attorneys for** |
| Michelle L. Wakefield, Esq. | |
| Pinnock & Wakefield, A.P.C. | **Plaintiff, Outerbridge Access** |
| 3033 5th Avenue, Suite 410 | **Association, Suing on Behalf of** |
| San Diego, CA 92103 | **Diane Cross and Diane Cross, An** |
| Tel:  (619) 858-3671 | **Individual** |
| Fax: (619) 858-3646 | |
| TheodorePinnock@PinnockWakefieldLaw.com | |
| DavidWakefield@PinnockWakefieldLaw.com | |
| MichelleWakefield@PinnockWakefieldLaw.com | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28