1  Scott J. Ferrell, Bar No. 202091
   Lisa A. Wegner, Bar No. 209917
2  CALL, JENSEN & FERRELL
   A Professional Corporation
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
4  Tel:  (949) 717-3000
   Fax: (949) 717-3100
5  sferrell@calljensen.com
6  lwegner@calljensen.com

7
   Attorneys for Defendant Marie Callender's Pie
8  Shops, Inc. d.b.a. Marie Callender's #254

9

10                 UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12

13  OUTERBRIDGE ACCESS                    Case No.  07-CV-2129 BTM (AJB)
    ASSOCIATION, SUING ON BEHALF OF
14  DIANE CROSS; and DIANE CROSS, An      **MEMORANDUM OF POINTS AND**
    Individual,                           **AUTHORITIES IN SUPPORT OF**
15                                        **DEFENDANTS' MOTION FOR**
                                          **ORDER DECLINING**
16             Plaintiff,                 **SUPPLEMENTAL JURISDICTION**

17             vs.                        *[Notice of Motion, Request for Judicial*
                                          *Notice and Appendix of Foreign*
18  MARIE CALLENDER'S PIE SHOPS,          *Authorities filed concurrently herewith]*
    INC. d.b.a. MARIE CALLENDER'S #254;
19  PACIFIC BAGELS, LLC d.b.a.
    BRUEGGARS BAGELS; COURTYARD           Date:  March 28, 2008
20  HOLDINGS, LP; PSS PARTNERS, LLC;      Time:  11:00 a.m.
    AND DOES 1 THROUGH 10, Inclusive,     Ctrm:  15
21
22             Defendants.                ***Per Chambers, no oral argument unless***
                                          ***required by the court.***
23

24                                        Complaint Filed:  November 7, 2007
                                          Trial Date:  None Set
25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:340863_1:1-30-08                                    07-CV-2129 BTM (AJB)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION (1) TO DISMISS PORTIONS OF
PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(2); AND (2) FOR ORDER DECLINING
SUPPLEMENTAL JURISDICTION

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3 ## I.    INTRODUCTION

4    Plaintiffs Outerbridge Access Association ("Outerbridge") and Diane Cross's

5 (collectively, "Plaintiffs") amended complaint, one of nearly two dozen lawsuits they

6 have jointly filed in this District, targeted an entire shopping center containing, among

7 other things, a Marie Callender's restaurant located at 11122 Rancho Carmel Drive, San

8 Diego, California ("Restaurant").    Plaintiffs have brought this most recent action on

9 behalf of an entire putative class of mobility-impaired individuals with respect to

10 various alleged technical violations of the ADA, however *de minimis*.  (*See, e.g.* RJN

11 Exh. 1, First Amended Complaint ("FAC") ¶¶ 16, 17).

12

13    While the current state of the case law emboldens Plaintiffs to sue to each and

14 every alleged technicality, regardless of whether they encountered it and regardless of

15 whether the alleged violation, if it even exists, would pose any difficulty to them

16 whatsoever, case law in this District is nearly unanimous that the practice of pursuing

17 state disability claims in the district court clearly poses "novel or complex issues of

18 state law" that are best suited for resolution within the state court system. *See, e.g.,*

19 *Cross v. Plaza Park Inv., L.P.*, 2007 WL 951772 * 6 (S.D. Cal. 2007).  Accordingly,

20 Marie Callender's respectfully requests that the Court decline to exercise supplemental

21 jurisdiction over Plaintiffs' state disability claims.

22

23 ## II.    FACTUAL BACKGROUND

24    On or about November 7, 2007, Plaintiffs filed this Complaint against Marie

25 Callender's and every other establishment within the same shopping center, seeking

26 statutory damages and injunctive relief on behalf of Cross and other alleged members of

27 Outerbridge for alleged ADA violations at the Restaurant.  Cross, the only named

28 Plaintiff, claims to be a wheelchair-bound individual residing in an unknown location.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:340863_1:1-30-08                          - 1 -                    07-CV-2129 BTM (AJB)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER DECLINING
SUPPLEMENTAL JURISDICTION

1  Plaintiff Outerbridge is an entity of unknown form whose primary (and likely only)

2  purpose appears to be ADA litigation. (FAC ¶ 12).

3

4      Plaintiffs' Complaint alleges causes of action under the ADA as well as state

5  statutes based on several generically alleged potential ADA violations throughout the

6  shopping center.  Although Plaintiffs do not claim that any alleged barrier to access

7  actually prevented or deterred them from enjoying their dining experience at the

8  Restaurant, they nevertheless seek treble damages and injunctive relief based on these

9  and other possible ADA violations. (FAC, Demand For Judgment For Relief).

10  Plaintiffs do not even make an attempt to tailor the relief they seek to the remediation of

11  barriers impacting wheelchair-bound individuals, as Cross purports to be (while

12  Outerbridge claims that it has hearing-impaired members, no one in particular is

13  identified).  Instead, based on a list of potential architectural access issues, they seek to

14  render the Court the de facto architect and master designer for the Restaurant.

15

16  **III.  THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION**

17  **OVER PLAINTIFFS' STATE DISABILITY CLAIMS BECAUSE THEY**

18  **RAISE NOVEL AND COMPLEX ISSUES OF STATE LAW**

19      The overwhelming precedent of published opinions such as *Organization for the*

20  *Advancement of Minorities with Disabilities v. The Brick Oven Rest.*, 406 F.Supp.2d

21  1129 (S.D. Cal. 2005), *Wilson v. PFS, LLC*, 493 F. Supp. 2d 1122 (S.D. Cal. 2007),

22  *Molski v. Mandarin Touch Rest.*, 359 F.Supp.2d 924, 936 (C.D. Cal. 2005), and *Molski*

23  *v. Kahn Winery*, 381 F.Supp.2d 1209, 1211 (C.D. Cal. 2005) have held that Unruh Act

24  and Disabled Persons Act claims present novel and complex issues of state law and

25  declined to exercise supplemental jurisdiction over them for that reason.  Similarly, the

26  judicial trend in this District since *Gunther v. Lin*, 50 Cal. Rptr. 317 (2006), is to

27  dismiss state disability claims at the outset of the lawsuit since *Gunther* illustrates, in

28  great detail, the "irreconcilable tension between the ADA and the Unruh Act . . . [and]

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:340863_1:1-30-08                                   - 2 -                                   07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER DECLINING
SUPPLEMENTAL JURISDICTION

1  that federal and state interpretation of the Unruh Act have diverged to such a degree that

2  declining supplemental jurisdiction is appropriate in this case." *Cross v. Pac. Plaza Inv.*

3  at \*5; *see also Morgan v. American Stores Co., LLC*, 2007 WL 1971945 \* 2 (S.D. Cal.

4  2007) ("*Gunther,* decided after *Brick Oven Restaurant,* shows that the comity interests

5  have become more, not less, compelling over time as the courts struggle to resolve what

6  is at the moment an irreconcilable tension between the ADA and the Unruh Act.");

7  *Pinnock v. Java Depot, Inc.*, 2007 WL 2462106 (S.D. Cal. 2007) (same); *Oliver v.*

8  *GMRI, Inc.*, 2007 WL 4144995 (S.D. Cal. 2007) ("*Gunther* plainly holds that a plaintiff

9  seeking damages under [the Unruh Act] must show intentional discrimination. Faced

10  with this conflicting authority, courts of this district have almost uniformly concluded

11  that it is appropriate to decline supplemental jurisdiction."); *Tripple AAA v. Del Taco,*

12  *Inc. et al.*, Case No. 06cv2199 DMS-WMC, February 26, 2007 Order Granting in Part

13  Motion to Dismiss at 11:23-27 (same) (RJN Exh. 2).

14

15      While Marie Callender's recognizes that this Court issued the outlying opinion in

16  *Pinnock v. Solana Beach Do it Yourself Dog Wash*, 2007 WL 1989635 \* 3 (S.D. Cal.

17  2007), it too recognized that the *Gunther* ruling "present[ed] a situation in which the

18  pendent state law claims raise a novel or complex issue of state law," but then found

19  that other concerns of economy, convenience, fairness and comity were best satisfied by

20  retaining jurisdiction at that time.  Nevertheless, the Court suggested that the defendants

21  could revisit the issue "in the event that the circumstances of this Court's jurisdiction

22  should change." *Id.*

23

24      However, this case presents a different scenario from the arguments raised in the

25  defendants' analogous motion in *Solana Beach* in that there is more than one business

26  entity still involved, each of which may later address Plaintiffs' allegations by (1)

27  arguing that the alleged barriers are moot; (2) arguing that the alleged barriers do not

28  exist; (3) doing nothing; or (4) a combination of these strategies.  Assuming the Court

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:340863_1:1-30-08                    - 3 -                    07-CV-2129 BTM (AJB)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER DECLINING
SUPPLEMENTAL JURISDICTION

1    found that the ADA claims were moot as to one defendant down the line, the reasoning

2    of *Solana Beach* would only pose further complexity, where less than all of the parties

3    can successfully show that the ADA claim is moot and ask this Court to decline

4    supplemental jurisdiction over the other claims.

5

6        Certainly the more efficient strategy in this putative class action is to dismiss the

7    state claims at the outset.  First of all, doing so would hardly inconvenience the parties,

8    who could all fully litigate these matters in state court at the same time.  Any other

9    conclusion would necessarily pose complexities and additional expense down the line.

10    Accordingly, Marie Callender's urges the Court to follow the resounding weight of

11    authority in this District declining to exercise supplemental jurisdiction – especially

12    where, as here, Plaintiffs have not and cannot articulate any prejudice that would result

13    if they were simply forced to bring their state disability claims in San Diego Superior

14    Court.  To the contrary, dismissal at this time would promote efficiency and certainty,

15    since the parties could effectively plot their litigation strategies and defenses from the

16    outset, as opposed to the potential of reconstructing their arguments down the line to

17    properly address the discrimination aspect of the Unruh Act depending on what court is

18    ruling on that claim. *See, e.g., Oliver v. GMRI, Inc.* at * 3 ("If this Court maintains

19    jurisdiction over Plaintiff's state law claims, the Court will be bound by *Lentini* to allow

20    Plaintiff to recover damages under the Unruh Act without any showing of intentional

21    discrimination. However, if Plaintiff had filed this case in the San Diego County

22    Superior Court, that court would be bound by *Gunther* to deny relief unless Plaintiff

23    showed intent.").  Second, a unanimous confirmation of this issue by the Court would

24    actually promote overall judicial economy, as a clear decision once and for all would

25    relieve this District from having to analyze it anew in every post-*Gunther* opinion.

26    / / /

27    / / /

28    / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:340863_1:1-30-08                    - 4 -                    07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER DECLINING
SUPPLEMENTAL JURISDICTION

1    **IV.    CONCLUSION**

2         For the foregoing reasons, Marie Callender's respectfully requests that the Court

3    grant this Motion in its entirety and enter an order dismissing the state disability claims

4    against all defendants without prejudice to Plaintiffs' ability to seek relief for them in

5    state court.

6

7    Dated:  January 28, 2008                    CALL, JENSEN & FERRELL
                                                 A Professional Corporation
8                                                SCOTT J. FERRELL
                                                 LISA A. WEGNER
9

10

11                                               By:  /s/*Lisa A. Wegner*
                                                     Attorneys for Defendant Marie Callender's
                                                     Pie Shops, Inc. d.b.a. Marie Callender's #254
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TRC01-08:340863_1:1-30-08                         - 5 -                    07-CV-2129 BTM (AJB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER DECLINING
SUPPLEMENTAL JURISDICTION

1

2

## CERTIFICATE OF SERVICE
(United States District Court)

3

4    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

5

6    On January 30, 2008, I have served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION** on the following person(s) in the manner(s) indicated below:

7

8

9    **SEE ATTACHED SERVICE LIST**

10

11    [ X ]  (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

12

13    [  ]  (BY MAIL)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

14

15

16

17    [  ]  (BY OVERNIGHT SERVICE)  I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

18

19

20

21

22

23    [  ]  (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

24

25

26

27

28    [  ]  (BY E-MAIL)  I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(s) indicated.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1

2  [ X ]  (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User

3  for this District of the United States District Court.

4        I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct, and that this Certificate is executed on January 30,

5  2008, at Newport Beach, California.

6

7                                              _s/Lisa A. Wegner_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

## SERVICE LIST

| | |
|---|---|
| David C. Wakefield, Esq.<br>Michelle L. Wakefield, Esq.<br>Pinnock & Wakefield, A.P.C.<br>3033 5th Avenue, Suite 410<br>San Diego, CA 92103<br>Tel: (619) 858-3671<br>Fax: (619) 858-3646<br>TheodorePinnock@PinnockWakefieldLaw.com<br>DavidWakefield@PinnockWakefieldLaw.com<br>MichelleWakefield@PinnockWakefieldLaw.com | **Attorneys for**<br><br>**Plaintiff, Outerbridge Access Association, Suing on Behalf of Diane Cross and Diane Cross, An Individual** |