Westlaw.

Slip Copy   Page 1
Slip Copy, 2007 WL 2462106 (S.D.Cal.)
**(Cite as: Slip Copy)**

C
Pinnock v. Java Depot, Inc.
S.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. California.
Theodore A. PINNOCK, an individual, et al.,
Plaintiffs,
v.
JAVA DEPOT, INC., et al., Defendants.
**Civil No. 06CV1871-L(JMA).**

Aug. 28, 2007.

Michelle Lee Wakefield, Pinnock and Wakefield, San Diego, CA, for Plaintiffs.
David Warren Peters, Lawyers Against Lawsuit Abuse, San Diego, CA, for Defendants.

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' STATE LAW CLAIMS**

M. JAMES LORENZ, United States District Court Judge.

*1 This action was brought pursuant to various California and federal laws prohibiting discriminatory practices in public accommodations. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), which Plaintiffs opposed. For the reasons which follow, the motion is **GRANTED** to the extent the court declines to exercise supplemental jurisdiction over state law claims. In all other respects, the motion is **DENIED**.

As a preliminary matter, Defendants' motion to dismiss is untimely because it was filed after they had answered. *See*Fed.R.Civ.P. 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."); *see also Augustine v. United States,* 704 F.2d 1074, 1075 n. 3 (9th Cir.1983). However, the motion raises questions of subject matter jurisdiction, and the court will consider it because, as courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte, Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93-94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).*See Augustine,* 704 F.2d at 1075 n. 3. The motion will be considered to the extent it raises jurisdictional issues, and is denied as untimely to the extent it raises any other issues.

Defendants represent that they are the owner and lessor/operator of certain public accommodation premises. Plaintiffs are a disabled person and an organization which advocates on behalf of its members with disabilities. In the complaint, Plaintiffs allege one of their members was unable or had difficultly using Defendants' public accommodations due to the lack of disability signage, disabled parking, access ramp, accessible and safe path of travel from the parking lot and sidewalk to the entrance, and adequate disabled restroom accommodations. (Compl. at 8-9.) They further allege that their member intended to return to Defendants' establishment, but was deterred due to his knowledge of the access barriers. (*Id.*) Plaintiffs allege this violated Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") as well as California Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act.

Defendants maintain, based on supporting declarations and photographs, that "all disabled access issues mentioned in the complaint have either been resolved or did not exist in the first place."(Defs' Mem. of P. & A. at 7; *see also id.* at 8-9.)They correctly contend that the only remedy available under the ADA is injunctive relief. *See*42 U.S.C. § 12188(a)(1); *Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir.2002). They argue that because there currently are no unlawful access barriers on their premises, the case is moot, Plaintiffs lack standing and the action should be dismissed for lack of subject matter jurisdiction. Based thereon

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 5**

Slip Copy   Page 2
Slip Copy, 2007 WL 2462106 (S.D.Cal.)
(Cite as: Slip Copy)

and other grounds, they also request the court to decline to exercise supplemental jurisdiction over state law claims and dismiss them on this ground.

*2 Although Defendants discuss their subject matter jurisdiction issues in terms of standing and mootness, the issue is limited to mootness. "[T]he doctrine of mootness can be described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). A plaintiff has the burden to show standing at the commencement of litigation.[FN1]*Id.* at 189-90.Defendants do not contend that no alleged violations existed or that Plaintiffs lacked standing when this action was filed. They maintain they cured any violations which allegedly existed at the commencement of this action. (*See* Defs' Mem. of P. & A. at 7, 8-9, 10 ("the problems perceived have been eliminated") & 11 ("the issue of which Plaintiff *[sic]* complained has been resolved as well as many others at Movants' property which might have deterred him *[sic]*").)

> FN1. A plaintiff's burden to establish standing continues throughout the case in the same way as with any other element on which he or she bears the burden of proof. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)

[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.... [A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.
*Laidlaw,* 528 U.S. at 189, 190 (internal quotation marks, citations and brackets omitted).

"The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins ... [the] mootness jurisprudence."*Id.* at 180.When "the cause ... is not a 'case or controversy' within the meaning of that section," the court lacks subject matter jurisdiction. *Baker v. Carr,* 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).Rule 12(b)(1) provides for dismissal if the court finds it lacks subject matter jurisdiction. The motion "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."*Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir.1979); *Gould Elec. v. United States,* 220 F.3d 169, 176 (3rd Cir.2000). Defendants do not attack the sufficiency of the allegations in the complaint, but contend that some of the alleged disabled access violations did not exist in the first place, *i.e.,* the allegations are factually erroneous, and others have been remedied since the commencement of this action. Defendants' arguments are based entirely on affidavits and attached photographs. Their motion is attacking the existence of subject matter jurisdiction as a matter of factual dispute. When the court is considering a "speaking motion" such as this, it generally considers extrinsic evidence and resolves factual disputes, where necessary, to satisfy itself as to its jurisdiction. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987).

*3 However, this standard does not apply where "issues of jurisdiction and substance are intertwined,"*i.e.,*"where the question of jurisdiction is dependent on the resolution of factual issues going to the merits."*Id.* (internal citations and quotation marks omitted). In this case the jurisdictional issue is intertwined with the merits because Defendants assert that Plaintiffs are no longer entitled to any relief under the ADA, which provides the sole basis for federal jurisdiction. "If the jurisdictional issue and substantive issues of a cause of action are so intertwined that the question of jurisdiction is dependent on the resolution of the merits, the court must address the case in terms of its merits."*Pro

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 3
Slip Copy, 2007 WL 2462106 (S.D.Cal.)
**(Cite as: Slip Copy)**

*Sales, Inc. v. Texaco, U.S.A.,* 792 F.2d 1394, 1397-98 (9th Cir.1986). In cases such as this, dismissal on jurisdictional grounds is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This standard, often cited in Rule 12(b)(6) motions, ... is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute.

*Roberts,* 812 F.2d at 1177 (internal citations and quotation marks omitted). This is a "limited threshold-level jurisdictional inquiry ... analogous to a 12(b)(6) motion."*Id.* If subject matter jurisdiction is not precluded by this inquiry, the court may assume jurisdiction and go on to determine the relevant jurisdictional facts "on either a motion going to the merits or at trial."*Id.* at 1178.

As noted, Defendants do not challenge the sufficiency of the allegations in the complaint. Upon review of the allegations, the court finds them sufficient to allege Article III standing as specified in *Lujan,* 504 U.S. at 560-61 and *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1137-38 (9th Cir.2002), as well as a cause of action under the ADA with respect to each Plaintiff. The court therefore has subject matter jurisdiction to determine the merits of the federal claim.

The court declines to resolve the merits of the federal claim at this time. To do so, the court would have to convert Defendants' untimely Rule 12(b)(6) motion to a summary judgment motion, and consider their extrinsic evidence. *See*Fed.R.Civ.P. 12(b) ("If, on a motion asserting a defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."). This would be inappropriate at this stage of the proceedings, because discovery has not commenced and has been stayed. (*See* Notice and Order for Early Neutral Evaluation Conference, filed Oct. 26, 2006 at 3.) To properly oppose a Rule 56 motion, Plaintiffs would need to "go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."*Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). (internal quotations omitted); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Nissan Fire & Marine Ins. Co., v. Fritz Cos.,* 210 F.3d 1099, 1103 (9th Cir.2000). Plaintiffs have not yet had an opportunity to conduct discovery so as to properly controvert Defendants' evidence. Therefore, to the extent Defendants' Rule 12(b)(1) motion challenges the court's subject matter jurisdiction based on mootness, it is denied without prejudice to reasserting the arguments, after an adequate opportunity for discovery, in a properly noticed summary judgment motion addressing the merits of Plaintiffs' case.

*4 In addition to mootness, Defendants' Rule 12(b)(1) motion also challenges the court's supplemental jurisdiction over pendent state law claims. A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy .... " *See*28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir.2004). Defendants do not contend that the state law claims do not share a common nucleus of operative fact with the ADA claim. The underlying factual allegations are the same for all of Plaintiffs' claims. Furthermore, the Unruh Act and the Disabled Persons Act are alternative means under California law to enforce the architectural regulations or design standards implemented by the ADA. *See*Cal. Civ.Code §§ 51(f) (Unruh Act) & 54(c) (Disabled Persons Act). Therefore, Plaintiffs' state law claims are so related to the ADA claim that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                   Page 4
Slip Copy, 2007 WL 2462106 (S.D.Cal.)
**(Cite as: Slip Copy)**

they form part of the same case or controversy, and the court can properly exercise supplemental jurisdiction under section 1367(a).

Once the court acquires supplemental jurisdiction over state law claims, section 1367(c) provides the only valid basis upon which it may decline to exercise it. *Executive Software N. Am., Inc. v. Jensen,* 24 F.3d 1545, 1551 (9th Cir.1994).Section 1367(c) provides:
   The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
   (1) the claim raises a novel or complex issue of State law,
   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   (3) the district court has dismissed all claims over which it has original jurisdiction, or
   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendants move the court to decline supplemental jurisdiction claiming that California law regarding damages under the Unruh Act is unsettled because of a conflict between *Modern Development Company v. Navigators Insurance Company,* 111 Cal.App.4th 932, 4 Cal.Rptr.3d 528 (2003) and *Gunther v. Lin,* 144 Cal.App.4th 223, 50 Cal.Rptr.3d 317 (2006). Although the court rejects Defendants' argument, it finds that for a different reason Plaintiffs' state law claims raise novel and complex issues of state law under section 1367(c)(1).

In *Gunther,* the California Court of Appeal held that damages allowed for Unruh Act violations under California Civil Code Section 52 are not available without proof of intent. 144 Cal.App. at 232.In *Modern Development,* the California Court of Appeal held that for purposes of commercial general liability insurance coverage for an "occurrence," architectural layout of business premises which interferes with disabled access is intended and not accidental. 111 Cal.App.4th at 941, 4 Cal.Rptr.3d 528. Because *Modern Development* addressed the showing required to trigger insurance coverage rather than the showing required to recover damages for Unruh Act violations under California Civil Code Section 52, it does not appear to conflict with *Gunther.*

*5 *Gunther,* however, presents a different issue for federal courts. In *Harris v. Capital Growth Investors,* the California Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations ...." 52 Cal.3d 1142, 1172-73, 278 Cal.Rptr. 614, 805 P.2d 873 (1991). Shortly thereafter, in 1992, the California Legislature amended California Civil Code Section 51 and added a provision that a defendant violates the Unruh Act whenever it violates the ADA. Cal. Civ.Code § 51(f). A meritorious ADA claim does not require proof of intent. *See*42 U.S.C. § 12182(b)(2)(A)(iv); *Lentini v. Cal. Center for the Arts,* 370 F.3d 837, 846-47 (9th Cir.2004). The Unruh Act amendment raised the question whether section 52 damages provision, as read in conjunction with section 51(f), required proof of intent. In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act amendments superseded *Harris,* and held that where a defendant violates the ADA, damages can be awarded under the Unruh Act regardless of intent to discriminate.*Lentini,* 370 F.3d at 846-47. In 2006, the California Court of Appeal issued *Gunther,* wherein it reasoned that *Harris* was still viable, rejected *Lentini* as an improper interpretation of California law, and held that section 52 damages required proof of intentional discrimination. 144 Cal.App.4th at 252-57, 50 Cal.Rptr.3d 317.

*Gunther* appears to contradict the express language of section 51(f) which provides that "violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."On the other hand, its reasoning is based in part on distinguishing between two damages provisions for disabled access violations, is not unsound. *See*144 Cal.App.4th at 231-32, 50 Cal.Rptr.3d 317. Section 52(a), which provides for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2462106 (S.D.Cal.)
**(Cite as: Slip Copy)**

Page 5

enforcement of the Unruh Act, allows for damages no less than $4,000. The Disabled Persons Act, California Civil Code Section 54.3(a), provides for damages no less than $1,000. To avoid double recovery, "[a] person may not be held liable for damages pursuant to both [section 54.3] and section 52 for the same act or failure to act."Cal. Civ.Code § 54.3(c).*Gunther* reasoned that the intent element was required to distinguish section 52 from section 54.3, avoid making either section redundant of the other, and justify a higher award under section 52. *See*144 Cal.App.4th at 231-32, 239-40, 242, 250, 50 Cal.Rptr.3d 317. This court is therefore faced with a conflict in state law, which raises novel or complex state law issues for purposes of 28 U.S.C. § 1367(c)(1).[FN2]

> FN2. The court does not believe certifying this issue to the California Supreme Court would be helpful in light of that court's denial of review and request for depublication of *Gunther. Gunther v. Lin,* 2007 Cal. LEXIS 350 (Cal. Jan. 17, 2007).

The discretion to decline supplemental jurisdiction is "triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories."*Executive Software,* 24 F.3d at 1557. The conflict in pertinent state law is such a factual predicate. "Once that factual predicate is identified, the exercise of discretion ... still is informed by whether [dismissing] the pendent state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity."*Id.* (internal quotation marks and citations omitted). Although it would undoubtedly be more convenient to have this suit adjudicated in one action, the novelty and complexity of state law issues weighs in favor of dismissing them to allow California state courts to resolve the issue."Needless decisions of state law should be avoided as a matter of comity."*United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The court therefore declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Wilson v. PFS, LLC,* 493 F.Supp.2d 1122, 1125-26 (S.D.Cal.2007); *Cross v. Pac. Coast Plaza Invs, L.P.,* No. 06cv2543-JM (RBB), 2007 WL 951772 *6 (S.D.Cal. Mar. 6, 2007); *see also Singletary v. The Brick Oven Rest.,* 406 F.Supp.2d 1120, 1130 (S.D.Cal.2005).

**\*6** For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** with respect to federal supplemental jurisdiction over state law claims, and **DENIED** in all other respects. Plaintiffs' claims pursuant to California Unruh Civil Rights Act and Disabled Persons Act are hereby **DISMISSED WITHOUT PREJUDICE** to asserting them in state court.

**IT IS SO ORDERED.**

S.D.Cal.,2007.
Pinnock v. Java Depot, Inc.
Slip Copy, 2007 WL 2462106 (S.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.