Westlaw.

Slip Copy                                                                                                      Page 1
Slip Copy, 2007 WL 1989635 (S.D.Cal.), 35 NDLR P 68
**(Cite as: Slip Copy)**

C
Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc.
S.D.Cal.,2007.

United States District Court,S.D. California.
Theodore A. PINNOCK, et al., Plaintiffs,
v.
SOLANA BEACH DO IT YOURSELF DOG WASH, INC., et al., Defendants.
No. 06cv1816 BTM (JMA).

July 3, 2007.

David C. Wakefield, Pinnock and Wakefield, San Diego, CA, for Plaintiffs.
David Warren Peters, Lawyers Against Lawsuit Abuse, San Diego, CA, for Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [Doc. # 17]**

BARRY TED MOSKOWITZ, United States District Judge.

*1 Presently pending before the Court is Defendants' motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b) (1) and (b)(6) and to decline supplemental jurisdiction under 28 U.S.C. § 1367(c). For the reasons discussed below, the Court **DENIES** Defendants' motion.

*I. Dismissal of Claims for Injunctive Relief as Moot*

Defendants argue that Plaintiffs' claims for injunctive relief under the Americans with Disabilities Act ("ADA") have been rendered moot. They claim that 4 of the 6 access issues specifically identified in the complaint relate to a property believed to be owned by the City of Solana Beach, but definitely not owned by any named Defendant. In addition, they claim that the remaining 2 access issues (steps at the front door and interior aisle clearance) either no longer, or never did, exist. Based on these allegedly undisputed facts, they contend that there is no meaningful injunctive relief that this Court could award to Plaintiffs against these Defendants, rendering Plaintiffs' claims moot.

Plaintiffs counter that dismissal of the complaint at this early stage in the litigation would be entirely unjust and inappropriate. They claim that they are unable to respond to Defendants' factual allegations because discovery in this matter was stayed just days after Defendants answered the complaint. They ask that discovery be permitted before any dismissal is granted based upon factual allegations not contained within their complaint.

The Court finds that Plaintiffs' request for discovery is appropriate and that granting Defendants' motion for dismissal would be premature at this time.*See Laub v. United States Dept. of Interior,* 342 F.3d 1080, 1093 (9th Cir.2003) ("Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction,' discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed.") (citation omitted). It is clear that the relevant facts are not undisputed at this time. As the Ninth Circuit has explained: "A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'In such a case, the district court assumes the truth of allegations in a complaint ... unless controverted by undisputed facts in the record."*Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987) (citations omitted).

In addition, Defendants' own declarations implicitly indicate that access issues may exist at the present time, even if Defendants' fully intend to eliminate them through ongoing renovations. For example, the declaration provided by Defendants' architect states that the property *will* comply with disabled access requirements, once renovations are complete:
The plans I prepared and the guidance I provided for the renovations at the subject property

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 6**

Slip Copy  Page 2
Slip Copy, 2007 WL 1989635 (S.D.Cal.), 35 NDLR P 68
(Cite as: Slip Copy)

were based on my best understanding of disabled access requirements; I have handled a number of disabled access renovations in commercial property and believe that the plans and guidance I have provided, *if faithfully implemented,* will fully comply with all applicable disabled access standards. More significantly, because I understand that the property owners have *agreed* to have the finished work inspected by a qualified disabled access inspector and to make all other and further changes identified by such inspector to be appropriate for disabled access, I believe each of these measures will collectively operate to cause the Property to meet or exceed all applicable disabled access standards *when the work is finished.*

*2 (Declaration of Architect Damian Baumhover in Support of Motion to Dismiss at ¶ 5; emphasis added.) Assurances of future compliance do not render the present controversy moot.

For all of the above reasons, the Court finds that these issues would more appropriately be considered on a motion for summary judgment, after some discovery has been allowed. *See Roberts,* 812 F.2d at 1178 ("If a district court cannot determine jurisdiction on the basis of a threshold inquiry analogous to a 12(b)(6) motion, the court may assume jurisdiction and go on to determine the relevant jurisdictional facts 'on either a motion going to the merits or at trial.'") (citation omitted). Therefore, Defendants' motion to dismiss is **DENIED.**

However, the Court finds that discovery in this matter should proceed forthwith, as it has the potential to eliminate all remaining issues expeditiously. The parties are directed to meet with Magistrate Judge Adler, at a time specified by his court, for the purpose of developing a streamlined discovery process that will allow Plaintiffs to quickly determine whether Defendants' relevant factual allegations remain in dispute. Plaintiffs' ADA claims for injunctive relief may not be totally moot, even if all access issues have been adequately addressed, because the ADA allows the award of attorney fees for successful prosecution of a claim. However, the Court cautions that unnecessary delay in resolving this matter will not be rewarded with increased fees. The aims of the ADA are served once impediments to disabled access have been eliminated, and continued legal work beyond that point does not further those aims.

II. *Declining Supplemental Jurisdiction Over State Law Claims*

In addition, Defendants argue that this Court should decline to assert jurisdiction over Plaintiffs' pendent state law claims because, with the ADA claims mooted, they substantially predominate over the federal claims. Defendants also argue that the other reasons for declining jurisdiction set forth in 28 U.S.C. § 1367(c) are applicable, including considerable uncertainty about the standard for awarding financial damages under California law as a result of a 2006 decision of a California Court of Appeal. In particular, Defendants argue that the proper interpretation of California's Unruh Act and California Civil Code § 52 is greatly unsettled in the wake of the decision in *Gunther v. Lin,* 144 Cal.App.4th 223, 50 Cal.Rptr.3d 317 (Ct.App.2006).*Gunther* specifically rejected the Ninth Circuit's holding in *Lentini v. Calif. Center for the Arts,* 370 F.3d 837 (2004), which allowed for the award of damages under the Unruh Act regardless of whether a Plaintiff can prove intentional discrimination.

The Court has already discussed above how Plaintiffs' claims for injunctive relief are not found to be moot at this point. Thus, Defendants' first argument for declining supplemental jurisdiction, the substantial predominance of state law claims, is inapplicable. *See* 28 U.S.C. § 1367(c)(2). Turning to the other 3 possible reasons identified in § 1367(c) for declining supplemental jurisdiction, the Court finds each of these unavailing as well.

*3 The *Gunther* decision does present a situation in which the pendent state law claims raise a novel or complex issue of state law. However, the Court must still determine whether the exercise of its discretion to decline supplemental jurisdiction would comport with the underlying objective of "

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2007 WL 1989635 (S.D.Cal.), 35 NDLR P 68  
**(Cite as: Slip Copy)**

Page 3

'most sensibly accommodating' the values of 'economy, convenience, fairness, and comity.' " *Executive Software North America, Inc. v. United States District Court for the Central District of California,* 24 F.3d 1545, 1557 (9th Cir.1994) (citations omitted). Here, the Court's exercise of supplemental jurisdiction would best advance economy, convenience, fairness, and comity. At this early stage, the state and federal claims are so intertwined that it makes little sense to decline supplemental jurisdiction. To do so would create the danger of courts rushing to judgment, increased litigation costs, and wasted judicial resources.

In addition, while § 1367(c)(3) references the dismissal of all federal claims as a reason to decline exercising supplemental jurisdiction over pendent state law claims, this Court has denied Defendants' motion to dismiss the federal claims at this juncture. If, at a future date, the ADA claims are resolved, Defendants may make another motion to dismiss the state law claims. *See Schneider v. TRW, Inc.,* 938 F.2d 986, 993 (9th Cir.1991) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)) ("[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims.")

Finally, the Court rejects Defendants' argument that this case presents "exceptional circumstances" in which "compelling reasons" exist for declining jurisdiction. 28 U.S.C. § 1367(c)(4). For now, this Court's jurisdiction is properly invoked to remedy alleged violations of the ADA. Therefore, Defendants' claim that "this case is no longer about access-just money," which is only available for the state law claims, is simply unavailing.

Accordingly, the Court **DENIES** Defendants' request to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims without prejudice to their ability to renew this request in the event that the circumstances of this Court's jurisdiction should change.

*III. Conclusion*

For the reasons expressed above, the Court **DENIES** Defendants' motion without prejudice [Doc. # 17].

**IT IS SO ORDERED.**

S.D.Cal.,2007.  
Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc.  
Slip Copy, 2007 WL 1989635 (S.D.Cal.), 35 NDLR P 68

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.