1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2    JNadolenco@mayerbrown.com
   BRONWYN F. POLLOCK (SBN 210912)
3    BPollock@mayerbrown.com
   350 South Grand Avenue, 25th Floor
4  Los Angeles, CA 90071-1503
   Telephone:  (213) 229-9500
5  Facsimile:  (213) 625-0248

6
   Attorneys For Defendant
7  COURTYARD HOLDINGS, LP

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10
   OUTERBRIDGE ACCESS                    CASE NO. 07 CV 2129 BTM (AJB)
11 ASSOCIATION, SUING ON
   BEHALF OF DIANE CROSS; and            **ANSWER OF DEFENDANT**
12 DIANE CROSS, An Individual,           **COURTYARD HOLDINGS, LP TO**
                                         **PLAINTIFFS' FIRST AMENDED**
13              Plaintiffs,              **COMPLAINT**

14        v.                             **Honorable Barry T. Moskowitz**

15 MARIE CALLENDER'S PIE
   SHOPS, INC. d.b.a. MARIE
16 CALLENDER'S #254;
   COURTYARD HOLDINGS, LP;
17 AND DOES 1 THROUGH 10,
   Inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

1     Defendant Courtyard Holdings, LP ("Courtyard") hereby answers the First

2   Amended Class Action Complaint (the "Complaint") of Plaintiffs Outerbridge

3   Access Association, Suing on Behalf of Diane Cross, and Diane Cross (jointly,

4   "Plaintiffs") as follows:

5                              **PRELIMINARY STATEMENT**

6         The Complaint contains allegations concerning parties other than Courtyard.

7   Unless otherwise specifically indicated, Courtyard denies knowledge or

8   information sufficient to form a belief as to the truth of any of the allegations

9   concerning the conduct or knowledge of any party other than the Courtyard.

10                                    **ANSWER**

11                              **INTRODUCTION**[1]

12        1.     Courtyard admits that Plaintiffs purport to sue on behalf of

13  Outerbridge Access Association and its members and Diane Cross.  Courtyard

14  denies that it has discriminated against individuals with disabilities.  Courtyard is

15  without sufficient knowledge or information to form a belief as to the truth of the

16  remaining allegations in Paragraph 1 of the Complaint, and on that basis denies

17  those allegations.

18                         **JURISDICTION AND VENUE**

19        2.     The allegations contained in Paragraph 2 of the Complaint are legal

20  conclusions to which a response is not required.  To the extent Paragraph 2 of the

21  Complaint alleges facts, Courtyard denies the allegations.

22                         **SUPPLEMENTAL JURISDICTION**

23        3.     The allegations contained in Paragraph 3 of the Complaint are legal

24  conclusions to which a response is not required.  To the extent Paragraph 3 of the

25  Complaint alleges facts, Courtyard denies the allegations.

26  _____

27  [1]    The headings and subheadings contained herein are taken verbatim from Plaintiffs'
    Complaint.  To the extent such headings constitute allegations of wrongdoing against Courtyard,
28  they are denied.

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)
28771354.1

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.    Courtyard admits that it is the owner and lessor of certain real property located at 11122 and 11134 Rancho Carmel Drive, San Diego, California 92128 and that its tenants at the property include Marie Callender Pie Shops, Inc. and Pacific Bagels, LLC.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and on that basis denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.    Courtyard admits that Plaintiffs' Complaint states that it uses the words Plaintiff, Plaintiffs, Plaintiff's Member and Plaintiff's Members to refer to Outerbridge Access Association, suing on behalf of Diane Cross and Diane Cross, an Individual.

6.    Courtyard denies that it is or was a subsidiary, parent entity, employer, employee, or agent of Marie Callender's Pie Shops, Inc. d.b.a. Marie Callender's #254, Pacific Bagels, LLC d.b.a. Brueggars Bagels, or any other defendant.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and on that basis denies those allegations.

7.    Courtyard admits that it is the owner and lessor of certain real property located at 11122 and 11134 Rancho Carmel Drive, San Diego, California 92128 and that its tenants at the property include Marie Callender Pie Shops, Inc. and Pacific Bagels, LLC.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and on that basis denies the remaining allegations contained in Paragraph 7 of the Complaint.

1    **STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P.**

2    **23(b) AS TO ALL DEFENDANTS**

3          8.     Courtyard is without sufficient knowledge or information to form a

4    belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that

5    basis denies those allegations.  To the extent the allegations contained in Paragraph

6    8 of the Complaint are legal conclusions, no response is required.

7          9.     Courtyard admits that it is the owner and lessor of certain real

8    property located at 11122 and 11134 Rancho Carmel Drive, San Diego, California

9    92128 and that its tenants at the property include Marie Callender Pie Shops, Inc.

10   and Pacific Bagels, LLC.  Courtyard is without sufficient knowledge or

11   information to form a belief as to the truth of the remaining allegations in

12   Paragraph 9 of the Complaint, and on that basis denies those allegations.

13        10.    Courtyard is without sufficient knowledge or information to form a

14   belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on

15   that basis denies those allegations.  To the extent the allegations contained in

16   Paragraph 10 of the Complaint are legal conclusions, no response is required.

17        11.    Courtyard is without sufficient knowledge or information to form a

18   belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on

19   that basis denies those allegations.  To the extent the allegations contained in

20   Paragraph 11 of the Complaint are legal conclusions, no response is required.

21   **CONCISE SET OF FACTS**

22        12.    Courtyard is without sufficient knowledge or information to form a

23   belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on

24   that basis denies those allegations.

25        13.    Courtyard admits that it is the owner and lessor of certain real

26   property located at 11122 and 11134 Rancho Carmel Drive, San Diego, California

27   92128 and that its tenants at the property include Marie Callender Pie Shops, Inc.

28

28771354.1

and Pacific Bagels, LLC.  Courtyard is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies those allegations.

14.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies those allegations.

15.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 15 of the Complaint are legal conclusions, no response is required.

16.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies those allegations.

17.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies those allegations.

18.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 18 of the Complaint are legal conclusions, no response is required.

19.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies those allegations.

20.    Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies those allegations.

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO PLAINTIFFS' FIRST AMENDED COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28771354.1

1        21.    Courtyard is without sufficient knowledge or information to form a

2    belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on

3    that basis denies those allegations.

4        22.    Courtyard is without sufficient knowledge or information to form a

5    belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on

6    that basis denies those allegations.

7        23.    Courtyard is without sufficient knowledge or information to form a

8    belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on

9    that basis denies those allegations.  To the extent the allegations contained in

10   Paragraph 23 of the Complaint are legal conclusions, no response is required.

11       24.    Courtyard is without sufficient knowledge or information to form a

12   belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on

13   that basis denies those allegations.

14       25.    Courtyard is without sufficient knowledge or information to form a

15   belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on

16   that basis denies those allegations.  To the extent the allegations contained in

17   Paragraph 25 of the Complaint are legal conclusions, no response is required.

18       26.    Courtyard is without sufficient knowledge or information to form a

19   belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on

20   that basis denies those allegations.

21       **<u>NOTICE</u>**

22       27.    The allegations contained in Paragraph 27 of the Complaint are legal

23   conclusions to which a response is not required.  To the extent Paragraph 27 of the

24   Complaint alleges facts, Courtyard denies the allegations.

25

26

27

28

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28771354.1

## WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT

28.     No allegations are made in Paragraph 28 of the Complaint; to the extent that allegations were implied, Courtyard denies all allegations.

29.     Courtyard denies the allegations contained in Paragraph 29 of the Complaint.

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS – **Claims Under the Americans with Disabilities Act of 1990**

CLAIM I AGAINST ALL DEFENDANTS:  **Denial Of Full And Equal Access**

30.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 30 of the Complaint are legal conclusions, no response is required.

31.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 31 of the Complaint are legal conclusions, no response is required.

CLAIM II AGAINST ALL DEFENDANTS:  **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

32.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies those allegations.  To the extent the allegations contained in Paragraph 32 of the Complaint are legal conclusions, no response is required.

33.     Courtyard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on

1  that basis denies those allegations.  To the extent the allegations contained in
2  Paragraph 33 of the Complaint are legal conclusions, no response is required.

3        34.     Courtyard is without sufficient knowledge or information to form a
4  belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on
5  that basis denies those allegations.  To the extent the allegations contained in
6  Paragraph 34 of the Complaint are legal conclusions, no response is required.

7        35.     Courtyard is without sufficient knowledge or information to form a
8  belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on
9  that basis denies those allegations.  To the extent the allegations contained in
10  Paragraph 35 of the Complaint are legal conclusions, no response is required.

11  CLAIM III AGAINST ALL DEFENDANTS:  **Failure To Remove Architectural**
12  **Barriers**

13        36.     Courtyard is without sufficient knowledge or information to form a
14  belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on
15  that basis denies those allegations.  To the extent the allegations contained in
16  Paragraph 36 of the Complaint are legal conclusions, no response is required.

17  CLAIM IV AGAINST ALL DEFENDANTS:  **Failure To Modify Practices,**
18  **Policies And Procedures**

19        37.     Courtyard is without sufficient knowledge or information to form a
20  belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on
21  that basis denies those allegations.  To the extent the allegations contained in
22  Paragraph 37 of the Complaint are legal conclusions, no response is required.

23        38.     Courtyard is without sufficient knowledge or information to form a
24  belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on
25  that basis denies those allegations.  To the extent the allegations contained in
26  Paragraph 38 of the Complaint are legal conclusions, no response is required.

27
28

28771354.1

1  39.    Courtyard admits that Plaintiffs pray for the relief requested but
2  denies that Plaintiffs are entitled to any relief, and otherwise denies the allegations
3  in Paragraph 39 of the Complaint.

4  SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS—**CLAIMS**
5  **UNDER CALIFORNIA ACCESSIBILITY LAWS**
6  CLAIM I:  **Denial Of Full And Equal Access**

7  40.    Courtyard is without sufficient knowledge or information to form a
8  belief as to the truth of the allegations in Paragraph 40 of the Complaint, and on
9  that basis denies those allegations.  To the extent the allegations contained in
10  Paragraph 40 of the Complaint are legal conclusions, no response is required.

11  41.    Courtyard is without sufficient knowledge or information to form a
12  belief as to the truth of the allegations in Paragraph 41 of the Complaint, and on
13  that basis denies those allegations.  To the extent the allegations contained in
14  Paragraph 41 of the Complaint are legal conclusions, no response is required.

15  CLAIM II:  **Failure to Modify Practices, Policies And Procedures**

16  42.    Courtyard is without sufficient knowledge or information to form a
17  belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on
18  that basis denies those allegations.  To the extent the allegations contained in
19  Paragraph 42 of the Complaint are legal conclusions, no response is required.

20  CLAIM III:  **Violation Of The Unruh Act**

21  43.    Courtyard is without sufficient knowledge or information to form a
22  belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on
23  that basis denies those allegations.  To the extent the allegations contained in
24  Paragraph 43 of the Complaint are legal conclusions, no response is required.

25  44.    Courtyard is without sufficient knowledge or information to form a
26  belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on

27
28

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)
28771354.1

1    that basis denies those allegations.  To the extent the allegations contained in

2    Paragraph 44 of the Complaint are legal conclusions, no response is required.

3         45.    Courtyard admits that Plaintiffs pray for the relief requested but

4    denies Plaintiffs are entitled to any relief, and otherwise denies the allegations in

5    Paragraph 45 of the Complaint.

6    **Treble Damages Pursuant To Claims I, II, III Under The California**

7    **Accessibility Laws**

8         46.    Courtyard is without sufficient knowledge or information to form a

9    belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on

10   that basis denies those allegations.  To the extent the allegations contained in

11   Paragraph 46 of the Complaint are legal conclusions, no response is required.

12   Courtyard further denies that Plaintiffs are entitled to an award of treble damages.

13        47.    Courtyard denies the allegations contained in Paragraph 47 of the

14   Complaint.

15        48.    Courtyard admits that Plaintiffs pray for the relief requested but

16   denies Plaintiffs are entitled to any relief, and otherwise denies the allegations in

17   Paragraph 48 of the Complaint.

18        49.    Courtyard admits that Plaintiffs pray for the relief requested but

19   denies Plaintiffs are entitled to any relief, and otherwise denies the allegations in

20   Paragraph 49 of the Complaint.

21   **DEMAND FOR JUDGMENT FOR RELIEF:**

22        1.    Courtyard admits that Plaintiffs seek the requested relief and denies

23   that Plaintiffs are entitled to any such relief.

24        2.    To the extent not expressly admitted above, Courtyard denies each

25   and every allegation contained in the Complaint.

26   / / /

27   / / /

28

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiffs' allegations or conceding the burden of proof on any issue found to be an element of any of Plaintiffs' causes of action rather than an element of any affirmative defense, Courtyard alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.      Each cause of action asserted in the Complaint fails to allege facts sufficient to state a cause of action against Courtyard.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs have waived any and all claims that they may have or may have had against Courtyard.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs failed to properly mitigate the damages they seek and are thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on Plaintiffs' part.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs voluntarily, with full knowledge of the matters referred to in the Complaint assumed any and all of the risks, hazards, and perils of the circumstances referred to in the Complaint and therefore assumed the risk of any injuries or damages sustained by Plaintiffs, if any at all.

ANSWER OF DEFENDANT COURTYARD HOLDINGS, LP TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; CASE NO. 07 CV 2129 BTM (AJB)

28771354.1

1

## EIGHTH AFFIRMATIVE DEFENSE

8.    The incident(s) alleged by Plaintiffs were caused by the negligence and/or fault of other persons, corporations and/or entities and/or non-parties to this action, whether named or not named as parties, and Courtyard's liability, if any, should be reduced accordingly or eliminated.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

10.    On information and belief, this action is barred by the doctrines of res judicata and collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Courtyard's alleged actions, if done at all, are justified and/or privileged since, at all relevant times herein, Courtyard acted in accordance with its corporate and administrative policies.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Courtyard's alleged actions, if done at all, are justified and/or privileged since, at all relevant times herein, Courtyard acted in accordance with the applicable laws, including, without limitation, the applicable laws of the United States of America and of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Courtyard avers as an affirmative defense that it intends to rely upon such other defenses as may become legally available hereafter or become apparent during discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such defenses.

/ / /

/ / /

-12-

1

## **<u>PRAYER</u>**

2        WHEREFORE Courtyard prays as follows:

3        1.    That Plaintiffs take nothing by reason of their Complaint, and that

4    judgment be entered for Courtyard;

5        2.    That Courtyard be awarded reasonable attorneys' fees, expenses and

6    costs;

7        3.    For other such relief as the Court deems proper.

8    Dated:  February 4, 2008                MAYER BROWN LLP
                                             JOHN NADOLENCO
9                                            BRONWYN F. POLLOCK

10

11                                           By:  s/ Bronwyn F. Pollock
                                                  Bronwyn F. Pollock
12                                           Attorneys for Defendant COURTYARD
                                             HOLDINGS, LP
13                                           E-mail:  BPollock@mayerbrown.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

28771354.1